IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM A. MORGAN, JR., P.C., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SUSAN WISWELL, )<br>ANGELA MURPHY, )<br>JOHN DOES(S) 1-10, )<br>)<br>Defendants. )<br>) | CIVIL ACTION NO. _____ |

## [PROPOSED] TEMPORARY RESTRAINING ORDER

This Court has considered the Verified Complaint, Motion for Temporary Restraining Order and Preliminary Injunction, and supporting brief filed by Plaintiff William A. Morgan, Jr., P.C. ("Morgan") against defendants Susan Wiswell ("Wiswell"), Angela Murphy ("Murphy"), and John Doe(s) 1-10 (the "John Doe Defendants") (collectively "Defendants").

The Court finds as follows:

1. Morgan is likely to succeed on the merits of at least Counts One, Two Three, and Six of its Complaint.

2. Morgan will suffer irreparable injury if the Court does not enjoin Defendants from accessing or attempting to access Morgan's computer network, electronic mail ("email") system, correspondence or other business information; making false statements about Morgan; sending resumes to or arranging interviews with Morgan under false pretenses; using any of Morgan's confidential information for any purpose; or engaging in any other unlawful attempts to harass or cause injury to Morgan.

3.  The irreparable injury to Morgan from denying a temporary restraining order outweighs any injury to Defendants that would be caused by granting a temporary restraining order.

4.  The entry of a temporary restraining order will serve the public interest.

It is therefore ORDERED that Defendants are temporarily enjoined from:

(a) engaging in computer fraud and abuse;

(b) intercepting or otherwise accessing communications or correspondence to or from Morgan and/or its employees;

(c) accessing or attempting to access Morgan's computer network, email system, correspondence, or other business or client information, or otherwise engaging in unauthorized or unlawful acts (including the acts set forth in Morgan's Complaint) that affect Morgan's computer network, email system, correspondence, business and client records or information, its business operations, or its relationships with its existing and prospective clients;

(d) conspiring or otherwise agreeing to participate in an unlawful act, or in a lawful act in an unlawful manner, to harass or injure Morgan;

(e) misappropriating Morgan's trade secrets or other proprietary information or materials;

(f) trespassing on Morgan's personal property;

(g) using any trade practice, including the acts set forth in Morgan's Complaint, that tends to compete unfairly with or to injure Morgan, its business, and/or the goodwill related to its business;

    (h)    engaging in any acts, including the acts set forth in Morgan's Complaint, that improperly interfere with the business relations of Morgan, including making any false statements about Morgan or the circumstances surrounding the termination of Wiswell's and/or Murphy's employment with Morgan, or the other acts set forth in Morgan's Complaint; and

    (i)    engaging in any acts, including the acts set forth in Morgan's Complaint, that breach Wiswell's and/or Murphy's fiduciary duty to Morgan.

It is further ORDERED that a hearing shall be conducted at ____.m. on August ___, 2005 regarding Morgan's request for a preliminary injunction.

Plaintiff shall not be required to post a bond.

This temporary restraining order shall be effective immediately and shall continue in full force and effect until further order of this Court, or until it expires by operation of law ten (10) days after today.

SIGNED at _____.m. on August ____, 2005.


                                                                 _____
                                                                 United States District Judge