## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

WILLIAM A. MORGAN, JR., P.C.,     )
                              )
          Plaintiff,      )     CIVIL ACTION NO. _____
                              )
          v.               )
                              )
SUSAN WISWELL,             )
ANGELA MURPHY,          )
JOHN DOES(S) 1-10,         )
                              )
          Defendants.     )

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS
## MOTION TO PRESERVE EVIDENCE AND FOR EXPEDITED DISCOVERY

**I.**    **Plaintiff Needs a Preservation Order and Expedited Discovery**

Plaintiff William A. Morgan, Jr., PC ("Plaintiff") respectfully moves this Court for an order to preserve evidence and granting expedited discovery, as set forth in more detail below.

Plaintiff files concurrently with this motion a Complaint alleging violation of the Computer Fraud and Abuse Act and the Electronic Communication and Privacy Act, among other claims, and a Motion for Temporary Restraining Order to prevent Defendants from continuing to access or attempting to access Plaintiff's computer system without authorization, intercepting and/or attempting to intercept Plaintiff's email, and possessing, using, disclosing, or acting upon Plaintiff's email or other proprietary electronic information. A preservation order is necessary to prevent Defendants' destruction or attempts to destroy evidence supporting Plaintiff's claims. Expedited discovery is needed to allow Plaintiff to gather evidence to supplement its motion and for the preliminary injunction hearing that will eventually follow.

Plaintiff respectfully submits that it is critical that discovery is conducted prior to the preliminary injunction hearing to determine the full extent of Defendants' unlawful activities,

and thus establish the scope of Plaintiff's right to preliminary injunctive relief in this action.
Plaintiff has been irreparably harmed by Defendants' actions. As shown in Plaintiff's Motion for
Temporary Restraining Order, Plaintiff is likely to succeed on its claims against Defendants.
The expedited discovery sought by this motion will further prove Defendants' unlawful access or
attempted access, copying, transmission, interception, and use of Plaintiff's proprietary and
confidential communications and other information, and will serve to mitigate any further
damage to Plaintiff. Without expedited discovery, it is also likely that evidence of Defendants'
unlawful activities, which is highly likely to be found on Defendants' computers, will be
destroyed. For these reasons, Plaintiff is entitled to expedited discovery in this matter. *See In re
Fannie Mae Derivative Litigation*, 227 F.R.D. 142, 142-43 (D.D.C. 2005) (describing the two
standards the court applies in granting expedited discovery).

It is well recognized that courts have the power to order expedited discovery where a
party has moved for preliminary injunction or where there is imminent danger of irreparable
harm to the party if discovery does not move forward immediately. Fed. R. Civ. P. 33(a), 34(b);
*see In re Fannie Mae Derivative Litigation*, 227 F.R.D. at 143 (noting that evidence of
irreparable harm or a pending preliminary injunction are among the factors to be considered by
the court for expedited discovery requests); *Ellsworth Assoc., Inc. v. United States of Am.*, 917 F.
Supp. 841, 844 (D.D.C. 1996) ("Expedited discovery is particularly appropriate when a plaintiff
seeks injunctive relief because of the expedited nature of injunctive proceedings.").

## II.    Direct Discovery of Defendants is Needed

Plaintiff therefore requests that pursuant to Fed. R. Civ. P. 34(a) Defendants Murphy and
Wiswell be ordered to permit Plaintiff's computer forensic expert to inspect and make mirror

images[1] of Defendants' and Defendant Wiswell's husband's computer hard drives, other

computer memory devices, and server transaction histories within twenty-four (24) hours of any

order granting this motion, and to respond fully and completely to the following production

requests within three (3) days of any order granting this motion:

### **Discovery Requests**:

1.  Plaintiff's computer forensics expert shall be permitted to inspect and make an electronic image of Susan Wiswell's entire personal computer hard drive(s) or other computer memory devices controlled and used by Susan Wiswell from May 1, 2005 to the present.

2.  Plaintiff's computer forensics expert shall be permitted to inspect and make an electronic image of Angela Murphy's entire personal computer hard drive(s) or other computer memory devices controlled and used by Angela Murphy from May 1, 2005 to the present.

3.  Plaintiff's computer forensics expert shall be permitted to inspect and make an electronic image of Donald Wiswell's entire personal computer hard drive(s) or other computer memory devices controlled and used by Donald Wiswell from May 1, 2005 to the present.

4.  Plaintiff's computer forensics expert shall be permitted to inspect and make electronic images of the server transaction history for Susan Wiswell's personal computer system(s) from May 1, 2005 to the present.

5.  Plaintiff's computer forensics expert shall be permitted to inspect and make electronic images of the server transaction history for Angela Murphy's personal computer system(s) from May 1, 2005 to the present.

6.  Plaintiff's computer forensics expert shall be permitted to inspect and make electronic images of the server

---

[1] "A 'mirror image' is a copy of a hard drive, created by either installing a second hard drive on the computer and running a disk cloning program, or by removing the hard drive from the computer temporarily and cloning it on another computer. This gives a data recovery expert more time to analyze the data and to minimize the amount of time that the computer is placed out of commission, as well as to avoid damage or modification of the original disk." Adam I. Cohen & David J. Lender, *Electronic Discovery: Law and Practice* § 10.02[A], at 10-5 n. 17 (Supp. 2005).

transaction history for Donald Wiswell's personal computer system(s) from May 1, 2005 to the present.

7. Plaintiff's computer forensics expert shall be permitted to inspect and make an electronic image of the entire email account, including but not limited to the Inbox, Sent files, and folders associated with the email address johnjohnson_1974@yahoo.com.

8. Plaintiff's computer forensics expert shall be permitted to inspect and make an electronic image of the entire email account, including but not limited to the Inbox, Sent files, and folders associated with the email address notmuchman_01@yahoo.com.

9. Copies of all of Plaintiff's ingoing and outgoing emails intercepted by Susan Wiswell.

10. Copies of all of Plaintiff's ingoing and outgoing emails intercepted by Angela Murphy.

11. Copies of all of Plaintiff's ingoing and outgoing emails intercepted by or forwarded to johnjohnson_1974@yahoo.com.

12. Copies of all of Plaintiff's ingoing and outgoing emails intercepted by or forwarded to notmuchman_01@yahoo.com.

13. Copies of all documents and things authored or created by or for Plaintiff or Plaintiff's clients in Angela Murphy's possession, custody, or control.

14. Copies of all documents and things authored or created by or for Plaintiff or Plaintiff's clients in Susan Wiswell's possession, custody, or control.

15. Copies of all documents and things, including email, sent to any of Plaintiff's clients without Plaintiff's authorization by Susan Wiswell from May 1, 2005 to the present.

16. Copies of all documents and things, including email, sent to any of Plaintiff's clients without Plaintiff's authorization by Angela Murphy from May 1, 2005 to the present.

17. Copies of all documents and things authored or created by or for Plaintiff or Plaintiff's clients and provided to Hildebrand, Limparis & Associates, CPA's, PC, or downloaded, placed or stored on Hildebrand, Limparis & Associates, CPA's, PC's email or computer systems by Susan Wiswell from June 1, 2005 to the present.

18. Copies of all documents and things authored or created by Susan Wiswell and provided to Plaintiff, including but not limited to fake resumes, from June 1, 2005 to the present.

19. Copies of all documents and things authored or created by Angela Murphy and provided to Plaintiff, including but not limited to fake resumes, from June 1, 2005 to the present.

20. Copies of all documents and things referring or relating to Tara Benedict.

21. Copies of all documents and things referring or relating to Dave Waskiewicz.

22. Copies of all documents and things referring or relating to Kendra Fellows.

23. Copies of all written communications and documents, including email, between any of Susan Wiswell, Angela Murphy, Donald Wiswell, and/or any John Doe relating to Plaintiff, Plaintiff's clients, the creation of fake resumes, the interception, copying, or transmission of Plaintiff's electronic communications and/or documents, and successful and unsuccessful attempts to log on to Plaintiff's email and/or other computer systems, from May 1, 2005 to the present.

The definitions used in the above discovery are the same as those set forth in the Complaint and Motion for Temporary Restraining Order. The term 'interception' includes all incoming and outgoing communications and documents routed from or to Plaintiff's computer servers and/or email accounts by Defendants.

These discovery requests are clear, concise, and narrowly tailored to provide specific information needed for the preliminary injunction motion. The discovery of all information

contained on Defendants' computer hard drives and email accounts is relevant in this case because Plaintiff's electronic communications, and potentially other electronic information, such as client files, were intercepted by and routed to Defendants through several different email accounts. "It is black letter law that computerized data is discoverable if relevant." *Anti-Monopoly, Inc. v. Hasbro, Inc.*, 94 Civ. 2121, 1995 U.S. Dist. 16355, *4 (S.D.N.Y. Nov. 3, 1995). This is particularly true in cases such as this, where the allegedly unlawful activities, such as the improper interception of and access to electronic communications and documents, took place on a computer. *See LEXIS-NEXIS v. Beer*, 41 F. Supp. 2d 950, 953 (D. Minn. 1999) (expedited discovery ordered to make mirror image copy of computer hard drive in trade secrets case).

After Plaintiff obtains the hard drive mirror images and other documents sought by this motion, Plaintiff wishes to depose Defendants on an expedited basis.

To ensure the integrity of the mirror images, Plaintiff asks this Court to allow Plaintiff's expert to inspect and make the electronic image of Defendants' computers and memory devices. Plaintiff's expert will not only image the hard drives and memory devices, but should also be able to recover relevant deleted emails and documents. By allowing Plaintiff's expert to conduct the imaging of Defendants' computers and memory devices the Court will save the parties, and this Court, time and money in determining whether or not all files were captured during the initial imaging. In *Simon Prop. Group L.P. v. mySimon, Inc.*, 194 F.R.D. 639, 640 (S.D. Ind. 2000), the plaintiff moved to compel four of the defendant's employees to make home and work computers, computer servers, and electronic recording devices available for inspection for the purpose of recovering deleted files. The court first found that "computer records, including records that have been 'deleted,' are documents discoverable under Fed. R. Civ. P. 34." *Id*. The

court granted the plaintiffs' request and allowed the plaintiff to select an expert (which the court then appointed as its own expert) to make a "mirror image" of the hard drives and undertake the task (at Plaintiff's expense) of attempting to recover the deleted files. *Id*. at 641.

Similarly, in *Antioch Co. v. Scrapbook Borders, Inc.,* 210 F.R.D. 645, 650-51 (D. Minn. 2002), a copyright infringement case, the plaintiff moved to compel the production of computer equipment so that a court-appointed computer forensics expert could recover deleted data. Attempting to compel immediate discovery, the plaintiff presented a computer forensics expert's affidavit in support of the theory that deleted data is retained on a hard drive, but constantly overwritten by new data. Finding that "the Defendants may have relevant information" on their computer that could be lost through normal usage, the court concluded that "Antioch should be able to attempt to resurrect data which has been deleted from the Defendants' computer equipment, and therefore, we grant its Motion to Compel." *Id*. at 652.

Finally, in *Northwest Airlines, Inc. v. Local 2000, Int'l Bhd. of Teamsters*, 2000 U.S. Dist. LEXIS 22638, Civ. No. 00-08 (D. Minn. Feb. 2, 2000), the court appointed Plaintiff's expert as its own neutral information collector and ordered all of the named defendants (i.e., the union, more than twelve union officials, and two employees) to allow the expert to create mirror images of the hard drives of their office and home computers.

## III.    Discovery of Defendant Wiswell's Work Computer is Also Needed

Plaintiff also asks this Court to issue a subpoena granting Plaintiff's computer experts the right to inspect and make mirror images of Defendant Wiswell's hard drive and server logs at Defendant Wiswell's current place of employment.[2]

---

[2] Plaintiff is not requesting access to Defendant Murphy's employer's computer system and server at this time. Plaintiff may ask this Court for a subpoena of Defendant Murphy's employer's computer system at a later time.

Plaintiff has discovered that Defendant Wiswell has attempted to access Plaintiff's system from both her work and home computers. In addition, Defendant Wiswell has sent bogus resumes to Plaintiff from both her work and home computers. Attached as Exhibit 1 is a copy of an email sent from Defendant Wiswell to Plaintiff requesting reconciliation of some travel expenses. The IP address of the computer from which the email was sent is 67.20.56.211. Attached as Exhibit 2 is a copy of an email sent from one of the fake job applicants, Tara Benedict. The IP address of the computer from which the email was sent is also 67.20.56.211. The IP address 67.20.56.211 is owned by Internet Service Provider Adelphia Cable Communications and connected to Wiswell's home computer. (*See* Ver. Compl. ¶ 40—Ex. A, Rosenbaum Decl., ¶¶ 16(b), 17, 20.)

Similarly, attached as Exhibit 3 is a copy of another email sent from the same fake job applicant, Tara Benedict. The IP address of the computer from which the email was sent is 209.166.2.130. Attached as Exhibit 4 is a copy of an email sent from Defendant Wiswell to Plaintiff on June 27, 2005. The IP address of the computer from which the email was sent is also 209.166.2.130. Attached as Exhibit 5 is a listing of the company that uses the 209.166.2.130 IP address—Hildebrand, Limparis & Associate, CPAs, PC ("Hildebrand"). Attached as Exhibit 6 is a copy of Defendant Wiswell's biography as a CPA employed by Hildebrand. Finally, attached as Exhibit 7 is a copy of Plaintiff's Server Log showing that both IP addresses noted above are IP addresses used by the person who has and continues to attempt to gain access to Plaintiff's server. Plaintiff therefore also asks this Court to issue a subpoena permitting Plaintiff's computer forensics expert to inspect and make images of the hard drives used by Defendant Wiswell for email and storage of electronic documents at Hildebrand, as well as all server logs for such hard drives, and to recover any relevant deleted emails and documents.

As noted above, Plaintiff has a good faith basis for requesting images of the hard drives used by Defendant for email and storage of electronic documents at Hildebrand, and all server logs for such hard drives. Plaintiff has clear evidence that Defendant Wiswell has used both her home and work computers and servers for her unlawful access to and interception of Plaintiff's electronic communications. Plaintiff recognizes the sensitivity involved in obtaining access to Hildebrand's hard drives and server logs. As a result, Plaintiff attaches as Exhibit 8 a Protective Order that classifies all of Hildebrand's data as confidential and for attorneys' eyes only and setting forth the process Plaintiff must go through if a particular Hildebrand document needs to be revealed to Plaintiff. Assuming that this Court grants this motion, Plaintiff will contact Hildebrand and attempt to obtain its cooperation in obtaining images of the hard drives used by Defendant Wiswell for email and for storing electronic documents at Hildebrand, and all server logs for such hard drives.

Because of the expedited nature of this case, and the continuing irreparable harm to Plaintiff caused by Defendants' conduct, as detailed in Plaintiff's Motion for Temporary Restraining Order, Plaintiff respectfully requests that this Court order the expedited discovery requested above.

Dated:  August 2, 2005

Respectfully submitted,

_____
John F. Hornick, Esq. (D.C. Bar No. 384701)
Stacy H. King, Esq. (D.C. Bar No. 473007)
Timothy A. Lemper, Esq. (admission pending)
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
901 New York Ave., N.W.
Washington, D.C.  20001-4413
(202) 408-4000
Attorneys for Plaintiff
William A. Morgan, Jr., P.C.