# EXHIBIT 8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM A. MORGAN, JR., P.C., ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. _____ |
| ) | |
| v. ) | |
| ) | |
| SUSAN WISWELL, ) | |
| ANGELA MURPHY, ) | |
| JOHN DOES(S) 1-10, ) | |
| ) | |
| Defendants. ) | |

**PROTECTIVE ORDER BETWEEN PLAINTIFF AND
HILDEBRAND, LIMPARIS & ASSOCIATE, CPAs, PC**

Plaintiff William A. Morgan, Jr., PC ("Morgan") stipulates that Hildebrand, Limparis & Associate, CPAs, PC ("Hildebrand") possesses information that is confidential and proprietary. Plaintiff wishes to assure Hildebrand that its confidential and proprietary information shall not be used for any purpose other than this action, shall not be made public, and shall not be disseminated beyond the extent necessary for this action.

Accordingly, the following procedure shall be adopted for the protection of Hildebrand's confidential information produced pursuant to Morgan's expedited discovery requests and the Court's ____, 2005 subpoena.

**DEFINITIONS**

1. CONFIDENTIAL INFORMATION means any document or thing, as defined by Rule 34 of the Federal Rules of Civil Procedure (hereinafter collectively referred to as "Documents"), considered by any party in good faith as confidential because it contains a trade secret or other information considered by such party to be confidential.

**DESIGNATION AND MARKING OF INFORMATION**

2. It is contemplated that Hildebrand shall allow Morgan's experts to inspect Hildebrand's computers, servers, and other computer memory devices which may contain CONFIDENTIAL INFORMATION as well as non-confidential information. To protect any and all CONFIDENTIAL INFORMATION contained in Documents produced by Hildebrand, Morgan shall assume that all Documents produced for inspection are designated by Hildebrand as CONFIDENTIAL INFORMATION of Hildebrand and shall treat all such Documents as CONFIDENTIAL INFORMATION.

3. Subject to Local Rule 5.1, all Documents designated as CONFIDENTIAL INFORMATION that are included with or the contents disclosed in any paper filed with the Court, shall be filed in sealed envelopes with a cover page affixed to the outside of each envelope. The case caption shall appear on the cover page, with the following notice:

**FILED UNDER COURT SEAL**
**CONFIDENTIAL INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**
**THIS ENVELOPE IS NOT TO BE OPENED NOR ITS**
**CONTENTS DISPLAYED, COPIED, OR REVEALED,**
**EXCEPT BY COURT ORDER OR AGREEMENT OF THE PARTIES**

4. The judge's copy of the document must be prepared and filed in the same manner.

### ACCESS TO CONFIDENTIAL INFORMATION

5. All Hildebrand Documents designated as CONFIDENTIAL INFORMATION in this action shall be maintained according to this Protective Order and used solely in connection with this action.

6. Access to Hildebrand's CONFIDENTIAL INFORMATION shall be restricted to the following persons:

    (a)    Outside counsel of record for Morgan or Hildebrand and employees of such attorneys who are working on this litigation.

    (b)    Court personnel, including stenographic reporters engaged in proceedings incidental to the preparation for trial and/or trial of this action, including deposition reporters and their transcribers, and videographers.

    (c)    Authors, addressees, recipients, and persons with prior knowledge of CONFIDENTIAL INFORMATION who have not received such information in violation of any confidentiality or other agreement.

    (d)    Independent experts or consultants retained to assist the attorneys of record and who agree in writing to be bound by the terms of this Order. No such expert or consultant may be given access to CONFIDENTIAL INFORMATION until the conditions set forth in Paragraph 7 are met.

    (e)    Any other person(s) designated by Order of the Court, after notice to all parties herein.

    (f)    Any other person(s) designated jointly by the parties.

    (g)    Susan Wiswell, in any deposition under seal.

7. No CONFIDENTIAL INFORMATION may be disclosed to any person under Paragraphs 6(d) or 6(f) of this Order until each of the following preconditions is met:

    (a)    The proposed person shall be provided with a copy of this Order.

    (b)    The proposed person shall be advised that he/she is bound by this Order.

    (c)    The proposed person shall sign a document in the form of EXHIBIT A to this Order. If the person to which Hildebrand or Morgan wishes to disclose CONFIDENTIAL INFORMATION of the other party is a legal entity, EXHIBIT A must be signed by a person authorized to bind such entity, and such person, by signing EXHIBIT A, agrees and promises to advise its personnel of the obligations imposed by this Protective Order and their obligation to comply with such obligations.

## CHALLENGES TO CONFIDENTIAL DESIGNATIONS

8. The receipt by Morgan of Hildebrand's CONFIDENTIAL INFORMATION shall not be construed as an agreement by Morgan that such information is in fact confidential to the producing party, and shall not operate as a waiver of the receiving party's right to challenge any such designation.

9. The information shall be treated as CONFIDENTIAL INFORMATION until the dispute is resolved, either by an express written agreement between Morgan and Hildebrand or by order of the Court.

10. Morgan shall not be obligated to challenge the propriety or correctness of the designation of information as CONFIDENTIAL INFORMATION, and a failure to do so shall not preclude a subsequent challenge to such designation. The burden of proof with respect to the propriety or correctness of the designation of information as CONFIDENTIAL INFORMATION should such designation be challenged shall rest upon Morgan.

## DECLARATIONS OF NON-CONFIDENTIALITY

11. Any CONFIDENTIAL INFORMATION may be declared by the Court non-confidential as to Hildebrand (and therefore not subject to this Protective Order), upon motion of Morgan, to the extent that Morgan proves to the Court's satisfaction that such Documents contain:

   (a) information which at the time of disclosure was available to the public;

   (b) information which after disclosure to Morgan becomes available to the public through no act or failure to act by or on behalf of Morgan, including the persons identified in paragraphs 6 and 7 hereof; and

   (c) information which as to Morgan was as a matter of written record (i) already known to Morgan, (ii) independently developed by Morgan, or (iii) received after disclosure in this action from a third party having the right to make such disclosure.

## PRIVILEGED INFORMATION

12. If Hildebrand unintentionally discloses to Morgan information that is privileged or otherwise immune from discovery, Hildebrand shall promptly upon discovery of such disclosure so advise Morgan in writing and request that the information be returned. Morgan shall not assert that such disclosure waived any such privilege or immunity. Morgan shall return such information and all copies thereof within ten (10) calendar days after the earliest time of (a) discovery by Hildebrand of the disclosure, or (b) receiving a written request from Hildebrand. By returning such information to Hildebrand, Morgan shall not waive its right to challenge, by motion to the Court, Hildebrand's assertion of such privilege or immunity.

## POST-LITIGATION OBLIGATIONS

13. Within thirty (30) calendar days after the completion of the litigation and all appeals, Morgan shall return or destroy all Documents and all copies, abstracts, extracts, excerpts, and summaries of such Documents, except that trial counsel for each party may retain one copy of all such documents, as well as copies of Documents designated as CONFIDENTIAL INFORMATION (and abstracts, extracts, excerpts, and summaries of such Documents) incorporated into counsel's working files.

## OTHER

14. Nothing in this Protective Order shall preclude Morgan or Hildebrand from seeking and obtaining, by motion to the Court, additional protection with respect to the confidentiality or non-confidentiality of Documents, or relief from this Protective Order with respect to particular CONFIDENTIAL INFORMATION.

15. Nothing in this Protective Order, and no CONFIDENTIAL INFORMATION designation, shall prevent counsel from advising their respective clients in any way relating to this action, provided that counsel does not expressly disclose to its client any CONFIDENTIAL INFORMATION.

## **ORDER**

**IT IS SO ORDERED.**

Dated:_____

_____
UNITED STATES DISTRICT COURT JUDGE

## EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM A. MORGAN, JR., P.C., ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. _____ |
| ) | |
| v. ) | |
| ) | |
| SUSAN WISWELL, ) | |
| ANGELA MURPHY, ) | |
| JOHN DOES(S) 1-10, ) | |
| ) | |
| Defendants. ) | |

## AGREEMENT TO ABIDE BY PROTECTIVE ORDER

STATE OF _____

COUNTY OF _____

I, _____, being duly sworn, state that:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I am a citizen of _____.

5. I have been provided a copy of the Protective Order regarding CONFIDENTIAL INFORMATION (Protective Order) in this case signed by Judge _____ of the United States District Court for the District of Columbia.

6. I have carefully read and understand the provisions of the Protective Order.

7. I will comply with all of the provisions of the Protective Order.

8. I will hold in confidence and not disclose to anyone not authorized under the Protective Order any documents or other materials containing CONFIDENTIAL INFORMATION,

as well as any abstracts, extracts, excerpts, and summaries thereof containing CONFIDENTIAL INFORMATION, prepared by or disclosed to me.

9. I will return to counsel for the party by whom I am designated, employed, or retained all documents or other materials in my possession containing CONFIDENTIAL INFORMATION, as well as all abstracts, extracts, excerpts, and summaries thereof, and copies thereof.

10. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this case, as to which this undertaking is an integral part.

11. I certify under penalty of perjury that the foregoing is true and correct.

Executed on _____.

_____
Signature