**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| WILLIAM A. MORGAN, JR., P.C. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 05-cv-1561 |
| | ) | |
| SUSAN WISWELL, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANT SUSAN WISWELL'S ANSWER AND COUNTERCLAIM**

Pursuant to Fed. R. Civ. Proc. 7 to 15, defendant and counterclaim plaintiff Susan Wiswell ("Wiswell) hereby answers the Complaint filed by plaintiff and counterclaim defendant William A. Morgan, Jr., P.C. ("Morgan"), responding to plaintiff's allegations in the Complaint and raising the defenses and counterclaim set forth below:

**I. RESPONSES TO THE SPECIFIC ALLEGATIONS IN THE COMPLAINT**

**A.    Nature of the Action**

1. Defendant admits that Morgan held itself out as a professional accounting firm, but denies any knowledge as to the status and good standing of Morgan.

2. Defendant admits that she and Murphy are former employees of Morgan. Defendant Wiswell is without sufficient knowledge or information to form a belief as to the truth of the remaining averments made in paragraph 2 of the Complaint and thus these allegations are denied.

3. Defendant denies the allegations set forth in paragraph 3 of the Complaint.

4. Defendant denies the allegations set forth in paragraph 4 of the Complaint.

5. Defendant denies the allegations set forth in paragraph 5 of the Complaint.

**B.    Jurisdiction and Venue**

6. Defendant Wiswell is without sufficient knowledge or information to form a belief as to the truth of the averments made in paragraph 6 of the Complaint and thus these allegations are denied. Since objections to subject matter jurisdiction can and must be raised at any time, she will supplement her response to this allegation if she later learns that subject matter jurisdiction in this Court is inappropriate.

7. Defendant admits the allegations in paragraph 10 of the Complaint.

**C.  The Parties**

8. Defendant Wiswell is without sufficient knowledge or information to form a belief as to the truth of the averments made in paragraph 8 of the Complaint and thus these allegations are denied.

9. Defendant admits the allegations in paragraph 9 of the Complaint.

10. Defendant admits the allegations in paragraph 10 of the Complaint.

11. Defendant Wiswell is without sufficient knowledge or information to form a belief as to the truth of the averments made in paragraph 11 of the Complaint and thus these allegations are denied.

**MORGAN'S BUSINESS OPERATIONS**

12. Defendant admits the allegations in paragraph 12 of the Complaint.

13. Defendant admits that Morgan uses an e-mail system. However, she is without sufficient knowledge or information to form a belief as to the truth of the technical aspects of the software, described in ¶13; accordingly those allegations are denied. Defendant also admits that Morgan had policies and procedures for its employees but denies plaintiff's description, characterization and interpretation of the policy. Defendant denies all other allegations contained in Paragraph 13 of the Complaint which are not specifically admitted herein.

14. Defendant admits that Morgan uses passwords for its computers, but denies that the passwords used by Morgan were kept secret. She is without sufficient knowledge or information to form a belief as to the truth of the technical aspects of the software; accordingly those allegations are denied. Defendant denies all other allegations contained in Paragraph 14 of the Complaint which are not specifically admitted herein.

15. Defendant is without sufficient information or knowledge to admit to form a belief as to the truth of the averments made in Paragraph 15, and thus these allegations are denied.

16. Defendant admits that she was given Ms. Wingate's password by Ms. Wingate and authorized by Ms. Wingate to use it. Defendant is without sufficient knowledge or information to form a belief as to the remaining averments made in paragraph 16 of the Complaint and thus these allegations are denied.

17. Defendant admits the allegations in paragraph 17 of the Complaint except that she does not have sufficient information or knowledge to form a belief as to when she was hired.

18. Defendant admits the allegations in paragraph 18 of the Complaint.

19. Defendant admits that she cleaned out her personal effects from her office on June 2, 2005 and left a letter on Mr. Morgan's chair. Defendant denies plaintiff's characterization and interpretation of the referenced letter. Defendant also denies that she quit without advance warning; in fact, defendant was constructively terminated by plaintiff. Defendant is without sufficient information or knowledge to form a belief as to when Mr. Morgan discovered the letter. Defendant denies all other allegations contained in Paragraph 19 of the Complaint which are not specifically admitted herein.

20. Defendant Wiswell is without sufficient knowledge or information to form a

belief as to the truth of the averments made in paragraph 20 of the Complaint and thus these allegations are denied.

21.     Defendant Wiswell is without sufficient knowledge or information to form a belief as to the truth of the averments made in paragraph 21 of the Complaint and thus these allegations are denied.

**C.    Defendants' Wrongful Acts**   Defendant denies that the allegations identified under the heading "Defendants' Wrongful Acts" were wrongful.

22.     Defendant admits the allegations in paragraph 22 of the Complaint.

23.     Defendant denies the allegations in paragraph 23 of the Complaint

24.     Defendant denies the allegations in paragraph 24 of the Complaint

25.     Defendant Wiswell is without sufficient knowledge or information to form a belief as to the truth of the averments made in paragraph 25 of the Complaint and thus these allegations are denied.

26.     Defendant Wiswell is without sufficient knowledge or information to form a belief as to the truth of the averments made in paragraph 26 of the Complaint and thus these allegations are denied.

27.     Defendant Wiswell is without sufficient knowledge or information to form a belief as to the truth of the averments made in paragraph 27 of the Complaint and thus these allegations are denied.

28.     Defendant Wiswell is without sufficient knowledge or information to form a belief as to the truth of the averments made in paragraph 28 of the Complaint and thus these allegations are denied.

29. Defendant Wiswell is without sufficient knowledge or information to form a belief as to the allegations in paragraph 29.

30. Defendant Wiswell is without sufficient knowledge or information to form a belief as to the truth of the averments regarding Ms. Wingate. Defendant denies that she was unauthorized to access Morgan's accounts. **Susan would admit that she read e-mails including the one referenced in this paragraph.** .

31. Defendant denies the allegations set forth in paragraph 31 of the Complaint to the extent it accuses her of deleting e-mails from job applicants; she also denies that she was unauthorized to access Ms. Wingate's account. Defendant Wiswell is without sufficient knowledge or information to form a belief as to the truth of the remaining averments made in paragraph 31 of the Complaint and thus these allegations are denied.

32. Defendant denies the allegations set forth in paragraph 3**3** of the Complaint.

33. Defendant Wiswell is without sufficient knowledge or information to form a belief as to the truth of the averments made in paragraph 33 of the Complaint and thus these allegations are denied.

34. Defendant denies that she tried to hack into Morgan's e-mail system, e.g. by using a password cracker. Defendant Wiswell is without sufficient knowledge or information to form a belief as to the truth of the remaining averments made in paragraph 34 of the Complaint and thus these allegations are denied.

35. Defendant denies that her access to Morgan's computer systems would be unauthorized. Defendant Wiswell is without sufficient knowledge or information to form a belief as to the truth of the remaining averments made in paragraph 35 of the Complaint and thus

these allegations are denied.

36. Defendant denies the allegations set forth in paragraph 36 of the Complaint.

37. Defendant Wiswell is without sufficient knowledge or information to form a belief as to the truth of the averments made in paragraph 37 of the Complaint and thus these allegations are denied.

38. Defendant admits that she sent resumes to Morgan using the name Tara Benedict and that the resume attached to the Declaration of Alex Rosenbaum is a copy of that resumes. Defendant denies all other allegations contained in Paragraph 38 of the Complaint, including the characterization of those resumes, which are not specifically admitted herein.

39. Defendant Wiswell is without sufficient knowledge or information to form a belief as to the truth of the averments made in paragraph 39 of the Complaint and thus these allegations are denied.

40. Defendant Wiswell is without sufficient knowledge or information to form a belief as to the truth of the averments made in paragraph 40 of the Complaint and thus these allegations are denied.

41. Defendant denies the allegations set forth in paragraph 41 of the Complaint.

**COUNT I**

42. Defendant incorporates each and every allegation set forth in this Answer and Counterclaim as if set forth herein.

43. Defendant Wiswell is without sufficient knowledge or information to form a belief as to the truth of the averments made in paragraph 43 of the Complaint and thus these allegations are denied.

44. Defendant denies the allegations set forth in paragraph 44 of the Complaint.

45. Defendant denies the allegations set forth in paragraph 45 of the Complaint.

46. Defendant denies the allegations set forth in paragraph 46 of the Complaint.

47. Defendant denies the allegations set forth in paragraph 47 of the Complaint.

48. Defendant denies the allegations set forth in paragraph 48 of the Complaint.

49. Defendant denies the allegations set forth in paragraph 49 of the Complaint.

## COUNT II

50. Defendant incorporates each and every allegation set forth in this Answer and Counterclaim as if set forth herein.

51. Defendant denies the allegations set forth in paragraph 51 of the Complaint.

52. Defendant denies the allegations set forth in paragraph 52 of the Complaint.

53. Defendant denies the allegations set forth in paragraph 53 of the Complaint.

54. Defendant denies the allegations set forth in paragraph 54 of the Complaint.

## COUNT III

55. Defendant incorporates each and every allegation set forth in this Answer and Counterclaim as if set forth herein.

56. Defendant denies the allegations set forth in paragraph 56 of the Complaint.

57. Defendant denies the allegations set forth in paragraph 57 of the Complaint.

58. Defendant denies the allegations set forth in paragraph 58 of the Complaint.

59. Defendant denies the allegations set forth in paragraph 59 of the Complaint.

60. Defendant denies the allegations set forth in paragraph 60 of the Complaint.

61. Defendant denies the allegations set forth in paragraph 61 of the Complaint.

## COUNT IV

62. Defendant incorporates each and every allegation set forth in this Answer and

Counterclaim as if set forth herein.

63. Defendant denies the allegations set forth in paragraph 63 of the Complaint.

64. Defendant denies the allegations set forth in paragraph 64 of the Complaint.

65. Defendant denies the allegations set forth in paragraph 65 of the Complaint.

66. Defendant denies the allegations set forth in paragraph 66 of the Complaint.

## COUNT V

67. Defendant incorporates each and every allegation set forth in this Answer and Counterclaim as if set forth herein.

68. Defendant denies the allegations set forth in paragraph 68 of the Complaint.

69. Defendant denies the allegations set forth in paragraph 69 of the Complaint.

70. Defendant denies the allegations set forth in paragraph 70 of the Complaint.

71. Defendant denies the allegations set forth in paragraph 71 of the Complaint.

72. Defendant denies the allegations set forth in paragraph 72 of the Complaint.

## COUNT VI

73. Defendant incorporates each and every allegation set forth in this Answer and Counterclaim as if set forth herein.

74 Defendant denies the allegations set forth in paragraph 74 of the Complaint.

75. Defendant denies the allegations set forth in paragraph 75 of the Complaint.

76. Defendant denies the allegations set forth in paragraph 76 of the Complaint.

77. Defendant denies the allegations set forth in paragraph 77 of the Complaint.

78. Defendant denies the allegations set forth in paragraph 78 of the Complaint.

## COUNT VII

79. Defendant incorporates each and every allegation set forth in this Answer and

Counterclaim as if set forth herein.

80. Defendant denies the allegations set forth in paragraph 80 of the Complaint.

81. Defendant denies the allegations set forth in paragraph 81 of the Complaint.

82. Defendant denies the allegations set forth in paragraph 82 of the Complaint.

83. Defendant denies the allegations set forth in paragraph 83 of the Complaint.

84. Defendant denies the allegations set forth in paragraph 84 of the Complaint.

85. Defendant denies the allegations set forth in paragraph 85 of the Complaint.

86. Defendant denies the allegations set forth in paragraph 86 of the Complaint.

87. Defendant denies the allegations set forth in paragraph 87 of the Complaint.

## COUNT VIII

88. Defendant incorporates each and every allegation set forth in this Answer and Counterclaim as if set forth herein.

89. Defendant denies the allegations set forth in paragraph 89 of the Complaint.

90. Defendant denies the allegations set forth in paragraph 90 of the Complaint.

91. Defendant denies the allegations set forth in paragraph 91 of the Complaint.

92. Defendant denies the allegations set forth in paragraph 92 of the Complaint.

93. Defendant denies the allegations set forth in paragraph 93 of the Complaint.

94. Defendant denies the allegations set forth in paragraph 94 of the Complaint.

95. Defendant denies the allegations set forth in paragraph 95 of the Complaint.

## COUNT IX

96. Defendant incorporates each and every allegation set forth in this Answer and Counterclaim as if set forth herein.

97. Defendant denies the allegations set forth in paragraph 97 of the Complaint.

98. Defendant denies the allegations set forth in paragraph 98 of the Complaint.

99. Defendant denies the allegations set forth in paragraph 99 of the Complaint.

100 Defendant denies the allegations set forth in paragraph 100 of the Complaint.

## II. AFFIRMATIVE DEFENSES

### FIRST DEFENSE

101. The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

102. Plaintiff's claims are barred by statute of limitations and/or laches.

### THIRD DEFENSE

103. Plaintiff's claims are barred by set off, offset and/or recoupment.  See defendant's Counterclaim infra.

### FOURTH DEFENSE

104. To the extent any damages have been caused to plaintiff, the damage was caused by either the intentional and/or negligent conduct of plaintiffs and/or third parties.

### FIFTH DEFENSE

105. Plaintiff's claims are barred by contributory negligence.

### SIXTH DEFENSE

106. Plaintiff's claims are barred by voluntary assumption of the risk.

### SEVENTH DEFENSE

107. Plaintiff's claims are barred by its own breaches and anticipatory breaches of contract.

### EIGHT DEFENSE

108. Plaintiff's claims are barred by estoppel and/or waiver.

## NINTH DEFENSE

109. Plaintiff's claims are barred in whole or in part by accord and satisfaction and release.

## TENTH DEFENSE

110. Plaintiff's claims are barred by consent and/or license.

## ELEVENTH DEFENSE

111. Plaintiff's claims are barred by duress.

## TWELFTH DEFENSE

112. Plaintiff's claims are barred by their own fraud and/or illegality.

## THIRTEENTH DEFENSE

113. Defendant reserves the right to supplement its defenses.

WHEREFORE, having fully answered the Complaint and shown cause why the relief should be denied, defendant respectfully requests:

A. That this Honorable Court pass an Order dismissing this case and requiring plaintiff to pay all costs and attorneys' fees for this proceeding.

B. And for such other and further relief as the nature of its cause may require.

## III. COUNTERCLAIM

114. Counterclaim Defendant William A. Morgan, Jr., P.C. ("Morgan") is a professional corporation organized and existing under the laws of the District of Columbia with a principal place of business located at 4910 Massachusetts Ave., NW, #10, Washington, DC 20016.

115. Counterclaim Plaintiff Susan Wiswell resides at 4295 Hollow Court, Middletown,

Maryland.

116.    This court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, 1337, 1343 and 1367.

117.    Venue in this judicial district is proper under 28 U.S.C. § 1391?

118.    Morgan is a CPA firm providing accounting and tax services to individuals and business in the metropolitan DC area. William Morgan is President and Merritt Wingate is Vice President of Morgan.

119.    In the winter of 2001, Susan Wiswell began looking for a job as a certified public accountant. Since she was pregnant and already had two children, Ms. Wiswell sought a position which would allow her to spend time with her family. During her search, she saw an advertisement in the Washington Post for a Certified Public Accountant Position at Morgan, which appeared ideal for her situation. Specifically, the advertisement highlighted the fact that the work hours would be flexible for the position.

120.    After seeing this advertisement, Ms. Wiswell contacted Morgan and interviewed for the position with Ms. Wingate. At the interview, Ms. Wiswell emphasized that she could not work from 9:00 a.m. to 5:00 p.m., which were the normal business hours for Morgan, because traffic at those times would make her commute unbearable and take her away from her family for an unacceptable period of time; she also stated that she would like to work from home so that she could maximize her time with family. Morgan agreed to hire Ms. Wiswell and set her hours from 6:30 a.m. to 3:30 p.m. Monday to Friday. Morgan also agreed that if they were satisfied with the quality of her work after 30 days, Ms. Wiswell would be allowed to work from home on Tuesdays and Thursdays. One year later, Morgan noted that Ms. Wiswell had assumed more

responsibilities in her position and that she could no longer work from home. Ms. Wiswell agreed to this change so as long as she was allowed to come in and leave early. Ms. Wiswell essentially worked the same hours during her entire employment except at tax season when she worked well before the beginning and past the close of regular business hours.

121. Ms. Wiswell was hired at a salary of $47,000. After her first year of employment, her salary was increased to $52,000; in subsequent years, her salary was increased from $60,000 to $70,000 and finally to $77,000.

122. During Ms. Wiswell's employment, men with equal or less qualifications than her were paid as much as $15,000 a year more than her. Despite the fact that males were paid more, their skills, efforts, responsibilities and working conditions were substantially similar to Ms. Wiswell.

123. While she worked there, Ms. Wiswell was not paid overtime despite working more than forty hours per week. However, Ms. Wiswell was not exempt from the payment of overtime wages.

124. On May 4, 2005, Mr. Morgan scheduled a meeting with Ms. Wiswell's for a yearly performance review. Before the meeting started, Ms. Wingate insinuated that Ms. Wiswell would be fired, asking her whether she had a box for her personal belongings. During his meeting with Ms. Wiswell, Mr. Morgan stated that "we need to get the office hours back to 9 to 5." In response, Wiswell stated that she could not do this and reminded him that when she was hired, she was specifically told that the hours would be flexible. Mr. Morgan acknowledged that Ms. Wiswell was correct, and then stated that he would have to discuss this with Ms. Wingate, noting that in the meantime she could continue working the previously agreed upon hours. Mr. Morgan advised Ms. Wiswell that he would get back to her.

125. After the review was finished, the relationship between Mr. Morgan and Ms. Wingate, and Ms. Wiswell cooled noticeably. Although they previously had a great rapport, e.g. going to lunch together many times a month, Mr. Morgan and Ms. Wingate stopped talking to Ms. Wiswell almost entirely.

126. On May 9, 2005, Morgan had its weekly employee meeting. At the end of the meeting, Mr. Morgan intimated that a number of employees were violating firm policy. Specifically, he said it had come to his attention that people were not adhering to the normal business hours of 9:00 to 5:00. Since Morgan's staff knew that Angela Murphy, Jennifer Leibold and Susan Wiswell arrived before 9:00 a.m., and left before 5:00 p.m., it was understood by them that these employees were the culprits. Since Wiswell had express permission to work the hours that she did, she was publicly humiliated by Mr. Morgan's false and defamatory statement that she had broken his rules.

127. After this meeting, Ms. Wiswell attempted to work from 9:00 a.m. to 5:00 p.m. However her commute time increased from under 3 hours per day to over 4 hours per day. As a result, she saw her children sometimes as little as 20 minutes a day. This of course made her miserable.

128. Adding to her disconsolateness, the atmosphere in the office became tense. Mr. Morgan and Ms. Wingate continued their silent treatment of Ms. Wiswell, essentially behaving as if Ms. Wiswell was a nonentity. Other coworkers limited their socializing with Ms. Wiswell, e.g. for tea and coffee breaks.

129. As a result of Morgan's inhumane treatment and constructive termination, Ms. Wiswell had no choice but to leave the employment.

**COUNT I**

**(Defamation)**

130    Defendant incorporates each and every allegation set forth in this Answer and Counterclaim as if set forth herein.

131.    Morgan falsely stated that Wiswell was violating firm policy/rules by arriving at work before 9:00 a.m. and leaving before 5:00 p.m.

132.    Morgan published this statement to his employees without privilege.

133.    Defendant knew that this statement was false when he made it based upon the explicit approval given to Ms. Wiswell to work the hours that she did.  Nevertheless, he made these statements with the malicious intent to cause Ms. Wiswell harm.

134.    As a result of this statement, Wiswell's reputation was harmed.  Other employees in the office reduced or stopped their interaction with Wiswell.  Wiswell also suffered emotional distress as a result of Morgan's efforts to publicly humiliate her.

WHEREFORE, counterclaim plaintiff Wiswell demands judgment against defendant Morgan in the amount of $100,000 compensatory damages and $300,000 punitive damages, plus interest, costs and attorneys fees.

**COUNT II**
**(Intentional Infliction of Emotional Distress)**

135.    Defendant incorporates each and every allegation set forth in this Answer and Counterclaim as if set forth herein.

136.    Morgan committed extreme and outrageous conduct by forcing Wiswell to change her work hours and then telling her coworkers that Wiswell had violated company policy/rules by arriving at work before 9:00 a.m. and leaving before 5:00 p.m.  By changing her work hours, Morgan increased Wiswell's commute time, depriving her of her opportunity to spend time with

her husband and children. This was devastating to Wiswell. Compounding this negative impact to Ms. Wiswell's mental state, Morgan took away Wiswell's support in the office by making her coworkers think she had violated firm policy/rules, which further isolated her.

137.    Morgan took these actions with the intent to cause Wiswell severe emotional distress. Indeed, he knew that spending time with her family was Wiswell's highest priority. Furthermore, he knew that Wiswell had taken the job with Morgan because of the opportunity to work flexible hours, which would allow her to maximize her family time. Moreover, he knew that changing her hours would not benefit the company at all. Nevertheless, he changed Wiswell's hours in a way which was calculated to punish Wiswell emotionally through public humiliation.

138.    Wiswell has in fact suffered severe emotional distress as a result of Morgan's actions. In fact she vomited after Mr. Morgan publicly humiliated her in front of her coworkers. She has also lost sleep and her appetite since Morgan's tortious conduct.

WHEREFORE, counterclaim plaintiff Wiswell demands judgment against defendant Morgan in the amount of $100,000 compensatory damages and $300,000 punitive damages, plus interest, costs and attorneys fees.

### COUNT III
### (Equal Pay Act Claim)

139.    Defendant incorporates each and every allegation set forth in this Answer and Counterclaim as if set forth herein.

140.    Morgan paid male employees more than females for work which was substantially similar in skill, effort, responsibility, and working conditions.

141.    Morgan's actions violate the Equal Pay Act, 29 U.S.C. § 206(d) and subjects it to

liability for back pay, attorneys' fees, pre and post judgment interest and liquidated damages.

142.  As a result of Morgan's actions, Wiswell has received less wages than she should have if she had not been the target of discrimination.

WHEREFORE, counterclaim plaintiff Wiswell demands judgment against defendant Morgan in the amount of $120,000.00, plus interest, costs and attorneys' fees.

## COUNT IV
### (Fair Labor Standards Act Claim)

143.  Defendant incorporates each and every allegation set forth in this Answer and Counterclaim as if set forth herein.

144.  Pursuant to 29 U.S.C. § 207, Morgan was obligated to pay Wiswell not less than one and one-half times the regular rate at which she was compensated for any time she worked over forty hours in any given work week.

145.  Despite the fact that Wiswell usually worked more than forty hours a week, Morgan did not pay her time and a half for any time worked by her in excess of forty hours and at times, did not pay her at all.

146.  As a result of this violation, Wiswell did not receive pay, including overtime pay, to which she was entitled. Furthermore, she is entitled to liquidated damages and attorneys fees pursuant to 29 U.S.C. §216.

147.  Attached hereto is Wiswell's consent to this suit.

WHEREFORE, counterclaim plaintiff Wiswell demands judgment against defendant Morgan in the amount of $100,000.00, plus interest, costs and attorneys' fees.

## COUNT V
### (Claim Under D.C. Code Ann. §32-1308)

148.  Defendant incorporates each and every allegation set forth in this Answer and

Counterclaim as if set forth herein.

149.    As her employer, Morgan was obligated to pay Wiswell wages.

150.    At this time, Morgan has not fully paid Wiswell for all wages earned by her during her employment.

151.    Morgan has a right to bring an action in this Court to recover these wages and her attorneys' fees for bringing this action pursuant to D.C. Code Ann. § 32-108

WHEREFORE, counterclaim plaintiff Wiswell demands judgment against defendant Morgan in the amount of $50,000.00, plus interest, costs and attorneys' fees.

Respectfully Submitted

_____/s/_____
Roger C. Simmons, Esq.
D.C. Bar No. 12915
Victor E. Cretella, III. Esq.
D.C. Bar No. MD13459
Gordon & Simmons, LLC
603-B W. Patrick Street
Frederick, MD 21705
Phone: (301) 662-9122
Fax: (301) 698-0392
Attorney for Defendants

## JURY DEMAND

Defendant/Counterclaim Plaintiff demands a jury trial for all issues so triable.

## CERTIFICATE OF SERVICE

I HEREBY certify that on August 29, 2005, a copy of the foregoing was sent to the following via first class mail, prepaid postage:

Janice Rockwell, Esq.: 121-A North Court Street, Frederick, MD 21701,

AND that the following person was served by the CM/ECF software:

John Hornick, Esq.: Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P.: 901 New York Ave., N.W., Washington D.C. 20001-4413.

_____/s/_____
Victor E. Cretella, III. Esq.

Z:\wiswell\answer and counterclaim.pld.wpd