## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM A. MORGAN, JR., P.C. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 05-CV-1561 JR |
| ) | |
| SUSAN WISWELL, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

### DEFENDANT ANGELA MURPHY'S MOTION TO REVISE PRELIMINARY INJUNCTION AND SCHEDULING ORDER

Defendant/Counterclaim Plaintiff, Angela Murphy, by her undersigned counsel, hereby moves to revise the Preliminary Injunction and Scheduling Order entered by this Court on August 25, 2005 and in support thereof, states as follows:

1. On or about August 22, 2005, counsel for Plaintiff, William A. Morgan, Jr., P.C. filed a [Proposed] Preliminary Injunction and Scheduling Order ("Order") following the Honorable James Robertson's status conference with the parties in open court on August 17, 2005. Plaintiff's counsel did not copy undersigned counsel on this proposed Order. Undersigned counsel did not receive a copy of it until after this Court entered the Order on August 25, 2005 as submitted by Plaintiff's counsel.

2. In paragraph (d) of the Order, Plaintiff included language far broader than that stipulated to by Defendant' Wiswell's counsel at the August 17 status conference. Specifically, Plaintiff's counsel, John Hornick, stated he had two areas in which he would like to expand the temporary restraining order that had been entered on August 3, 2005. Transcript of Status Conference Before the Honorable James Robertson United States District Judge, August 17, 2005,

("Transcript 8/17/05") pp. 12-13, a copy of which is attached hereto and incorporated herein as an exhibit. One area pertained to interference with computer systems other than Plaintiff's. Mr. Hornick explained "[t]he other point was using or disclosing any of Morgan's confidential business information. That's not covered by the current TRO, and we're concerned that any information that was obtained could be being used or could be being disclosed in some way." Transcript 8/17/05, p. 13. The Court inquired of Roger Simmons, counsel for Defendant, Susan Wiswell, whether he had any objection to that point. Mr. Simmons responded that he did not. Transcript 8/17/05, p. 13.

       3.       Undersigned counsel was not consulted on this point, but undersigned counsel similarly had no objection to the inclusion of language enjoining the Defendants from using or disclosing any of Morgan's confidential business information. The Order drafted by Plaintiff's counsel; however, goes beyond enjoining the use of confidential business information. It provides that Defendants are preliminarily enjoined from "(d) using or disclosing any of Morgan's confidential or client information (including, without limitation, email passwords, computer network passwords, or other passwords) for any purpose."

       4.       Beyond the examples provided "without limitation," the Order does not define "confidential or client information." Arguably client information includes names, phone numbers, and addresses and, of course, such information would not be either confidential or in any way protectable, because such client information might be found in the phone book, on the internet or otherwise be publically available.

       5.       Moreover, Defendant Murphy never entered into a non-compete or non-solicitation agreement with Plaintiff. To the best of Defendant Murphy's knowledge, such agreements were never used by Plaintiff. Accordingly, Plaintiff has no legal right to enjoin

Defendants from using client contact information that is not confidential, trade secret data. Defendant Murphy possesses no confidential information or trade secrets of Plaintiff. None of the allegations of the Complaint claim or intimate that Defendant Murphy has attempted to use or disclose Plaintiff's "confidential" information.

6. Defendant Murphy's concern about the semantics of the Order arises, in part, from a June 21, 2005 letter from Plaintiff's President, William A. Morgan to Defendant Murphy. In that letter, Mr. Morgan states: "I urge you to have no further contact whatsoever with any of the firm's clients." With an Order enjoining Defendant Murphy from using any "client information," Plaintiff arguably could contend that Defendant Murphy is in violation of the Order if she has any contact with Plaintiff's clients. Such an interpretation would be overbroad and beyond the concern discussed at the August 17, 2005 status conference. Accordingly, the Order should be revised to delete the reference to "client information." The words "confidential business information" are sufficient to protect Plaintiff without being overreaching.

7. Additionally, in the first paragraph of the Order, Plaintiff included in the premise behind the Order the suggestion that there was a hearing and a Court finding that Plaintiff had shown an immediate threat of irreparable injury justifying a preliminary injunction, whereas in fact, the parties simply stipulated to the entry of a preliminary injunction. The prefatory language of the Order should be revised to accurately reflect the events preceding the entry of the Order.

8. Pursuant to LCvR 7(m) of the Local Rules of the United States District Court for the District of Columbia, undersigned counsel spoke to Roger Simmons, Esquire, counsel for Defendant, Susan Wiswell and John F. Hornick, Esquire, counsel for Plaintiff, William A. Morgan, Jr., by telephone on September 26, 2005 and September 27, 2005, respectively regarding undersigned

counsel's intention to file this Motion. Mr. Simmons advised that his client did not oppose the Motion. Mr. Hornick responded to undersigned counsel by e-mail on September 29, 2005 and advised that his client opposes the Motion because they "view the current order as clear" and "do not believe any changes are needed."

WHEREFORE, for all of the foregoing reasons, Defendant Murphy moves this Court to revise the Preliminary Injunction and Scheduling Order entered by this Court on August 25, 2005 as provided above and to enter the proposed Revised Preliminary Injunction and Scheduling Order filed herewith.

Respectfully Submitted

/s/
Janice B. Rockwell, Esquire
U.S. District Court for the District of Columbia
Bar No. MD04814
121-A North Court Street
Frederick, MD 21705
Phone: (301) 631-0900
Fax: (301) 631-0997

Attorney for Defendant/Counterclaim Plaintiff,
Angela Murphy

## STATEMENT OF POINTS AND AUTHORITIES

1. Fed. R. Civ. Proc. 7(b)

2. LCvR 7(m)

/s/
Janice B. Rockwell, Esquire

## CERTIFICATE OF SERVICE

I HEREBY certify that on September 29, 2005, the following persons were served by the CM/ECF software: John F. Hornick, Esquire and Timothy A. Lemper, Esquire, Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P., 901 New York Avenue, N.W., Washington D.C. 20001-4413, attorneys for Plaintiff; Manesh K. Rath, Esquire, Keller and Heckman, LLP, 1001 G Street, N.W., Suite 500 West, Washington, D.C. 20001, attorney for Plaintiff; and Roger C. Simmons, Esquire and Victor E. Cretella, III, Esquire, 603B West Patrick Street, Frederick, MD 21705, attorneys for Defendant/Counterclaim Plaintiff, Susan Wiswell.

/s/
Janice B. Rockwell, Esquire

T:\Documents\word perfect\Server\WPDOCS\CLIENTS\MURPHY\DC District Court\Motion to Revise Preliminary Injunction and Scheduling Order 9-27-05.wpd