IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM A. MORGAN, JR., P.C., )<br>            )<br>Plaintiff, )<br>            )<br>v.          )<br>            )<br>SUSAN WISWELL, *et al.*, )<br>            )<br>Defendants. )<br>            ) | CIVIL ACTION NO. 05-CV-1561 JR |

**PLAINTIFF'S OPPOSITION TO DEFENDANT MURPHY'S
MOTION TO REVISE PRELIMINARY INJUNCTION**

Plaintiff William A. Morgan, Jr., P.C. ("Morgan") opposes the motion by Defendant Angela Murphy ("Murphy") to amend this Court's preliminary injunction order. As detailed below, Murphy's motion to amend is time-barred by Fed. R. Civ. P. 59(e), and relief from the preliminary injunction is not warranted under Fed. R. Civ. P. 60.

**I.    MURPHY'S MOTION IS TIME-BARRED BY RULE 59(E)**

Under Rule 59(e), any motion to alter or amend a judgment must be filed no later than 10 days after entry of the judgment. Fed. R. Civ. P. 59(e). A preliminary injunction order is a judgment within the meaning of Rule 59(e). Alton & Southern Ry. v. Brotherhood of Maintenance of Way Emples., 899 F. Supp. 646, 648 (D.D.C. 1995).

Strict compliance with Rule 59(e) is required. Derrington-Bey v. D.C. Dep't of Corrections, 39 F.3d 1224, 1225 (D.C. Cir. 1994). The 10 days allowed by Rule 59(e) begin to run when the clerk enters the court's judgment in the civil docket. Id.; Center for Nuclear Responsibility v. U.S. Nuclear Regulatory Comm., 781 F.2d 935, 941 (D.C. Cir. 1986); Zyko v. DOD, 180 F. Supp. 2d 89, 91 (D.D.C. 2001). District courts do not have the discretion to enlarge the Rule 59(e) period. Derrington-Bey, 39 F.3d at 1225; Center for Nuclear Responsibility, 781 F.2d at 941; Zyko, 180 F. Supp. 2d at 91.

Murphy's motion to amend the preliminary injunction was not timely filed under Rule 59(e). This Court's Order granting the proposed preliminary injunction was entered into the docket on August 25, 2005.[1] Murphy's motion to amend the injunction was not filed until September 29, 2005, well after the 10 days allowed by Rule 59(e). Murphy's motion therefore is time-barred under Rule 59(e) and should be denied.

## II.    THERE ARE NO EXCEPTIONAL CIRCUMSTANCES THAT WARRANT GRANTING MURPHY RELIEF FROM THE PRELIMINARY INJUNCTION

Even if Murphy's untimely motion under Rule 59(e) were construed as a motion for relief under Rule 60(b), it still fails to meet the high burden of showing that such relief is warranted.[2] Relief under Rule 60(b) is "only sparingly used" in cases where "extraordinary circumstances" justify granting relief from an order. Empresa Electrica del Ecuador, Inc. v. Republic of Ecuador, 191 F.R.D. 323, 324 (D.D.C. 2000) (citations omitted); see also Ackermann v. U.S., 340 U.S. 193, 202 (1950); Twelve John Does v. District of Columbia, 841 F.2d 1133, 1140 (D.C. Cir. 1988); Good Luck Nursing Home, Inc. v. Harris, 636 F.2d 572, 577 (D.C. Cir. 1980); Goland v. CIA, 607 F.2d 339, 373 (D.C. Cir. 1978).

The order submitted by Morgan and entered by the Court is entirely consistent with the expansion of the temporary restraining order requested by Morgan's counsel during the August 17, 2005 hearing. Moreover, to the extent Murphy has information about Morgan's business, she learned it through her position of trust as Morgan's employee. Such information includes information about Morgan's clients. There is nothing clearly erroneous or manifestly unjust about enjoining Murphy from using Morgan's client information, even if she did not sign a non-

---

[1] The reason that Murphy's counsel did not receive a copy of the proposed order submitted to the Court on August 22 is that she did not sign up for Electronic Case Filing (ECF), or engage local counsel to do so, until on or about September 12, 2005.

compete agreement and even if, *arguendo*, the information she has is not confidential.  In fashioning injunctive relief against a party who has transgressed the governing legal standards, a court of equity is free to proscribe activities that, standing alone, would have been unassailable. Chevron Chemical Co. v. Voluntary Purchasing Groups, Inc., 659 F.2d 695, 705 (5th Cir. 1981); see also United States v. Loew's, Inc., 371 U.S. 38, 53 (1962) ("[O]therwise permissible practices connected with the acts found to be illegal must sometimes be enjoined."); Philip Morris USA, Inc. v. Otamedia Ltd., 331 F. Supp. 2d 228, 246 (S.D.N.Y. 2004) ("The Court has authority to enjoin actions otherwise lawful when such action is deemed necessary to correct the evil effects of unlawful conduct.").

Under the circumstances, it is entirely appropriate to enjoin Murphy from using Morgan's client information, even if some of the information is not confidential and she did not sign a non-compete agreement, because such information was obtained illegally and in violation of Murphy's fiduciary duty.  See North Atl. Instruments, Inc. v. Haber, 188 F.3d 38, 47 (2d Cir. 1999) (holding that "the court may in a proper case enjoin solicitation [of a former employer's clients], not necessarily as a violation of a trade secret, but as an egregious breach of trust and confidence while in plaintiffs' service," and granting a preliminary injunction prohibiting a former employee from contacting customers with whom the employee had developed personal contacts); Velo-Bind, Inc. v. Scheck, 485 F. Supp. 102, 109 (S.D.N.Y. 1979) (holding that an employee's use of former employer's client information constituted a breach of fiduciary duty and "may be enjoined, even absent a specific covenant not to compete"); accord Morgan Stanley DW Inc. v. Rothe, 150 F. Supp. 2d 67, 79 (D.D.C. 2001) (finding that entry of a preliminary injunction would serve the public's interest in "preventing unfair competition" and discouraging

---

2  Rule 59(e) requires Murphy to show "clear error" or "manifest injustice" to justify amending the injunction.  But "the bar stands even higher" under Rule 60(b), requiring Murphy to show extraordinary circumstances that justify

3

"unethical business behavior").

In contrast to the evidence and case law supporting the preliminary injunction, Murphy has failed to show any "extraordinary circumstances" that would justify granting her relief from the injunction. She does not even identify what information she wants to use or why she wants to use it.[3] But the reason is clear: Murphy wants to solicit Morgan's clients. (See Motion to Revise ¶¶ 5-6) (arguing that "Murphy never entered into a non-compete or non-solicitation agreement," and that the preliminary injunction prevents Murphy from contacting Morgan's clients). Murphy's desire to use Morgan's client information to solicit its clients is not an "extraordinary" circumstance warranting relief under Rule 60(b), especially pending adjudication of Morgan's claims that Murphy conspired to obtain information illegally from Morgan's computers, made false statements to Morgan's clients, and engaged in acts of unfair competition. Thus, even if Murphy's motion to revise the preliminary injunction is treated as a motion for relief from that Order, Murphy's motion should be denied.

Finally, any enforcement of the preliminary injunction order will be by the Court, not Morgan. Consequently, Murphy's concerns that Morgan will somehow overreach in enforcing the order are unjustified.

## III.  CONCLUSION

For the foregoing reasons, Defendant Angela Murphy's motion to revise this Court's Preliminary Injunction Order should be denied.

---

granting relief from the injunction. Uberoi v. EEOC, 271 F. Supp. 2d 1, 2 (D.D.C. 2002).

[3] Murphy and Wiswell have refused to comply with Morgan's request to inspect and copy the hard drives of their personal computers. Consequently, Morgan has not been able to discover what information they have accessed.

Date:  October 13, 2005 Respectfully submitted,

/s/ Stacey King
John F. Hornick, Esq. (D.C. Bar No. 384701)
Stacy H. King, Esq. (D.C. Bar No. 473007)
Timothy A. Lemper, Esq. (admission pending)
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
901 New York Ave., N.W.
Washington, D.C.  20001-4413
(202) 408-4000

*Attorneys for Plaintiff*
*William A. Morgan, Jr., P.C.*