**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| WILLIAM A. MORGAN, JR., P.C. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 05-cv-1561 |
| | ) |
| SUSAN WISWELL, et al., | ) |
| | ) |
| Defendants. | ) |

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT MURPHY'S MOTION TO REVISE PRELIMINARY INJUNCTION**

Defendant Angela Murphy ("Murphy") replies to the Opposition filed by Plaintiff William A. Morgan, Jr., P.C. ("Morgan") to Murphy's Motion to Revise Preliminary Injunction and Scheduling Order ("Opposition"). For the reasons more fully explained below, Morgan's arguments are without merit.

**I.   Murphy's Motion Pertains to an Interlocutory Ruling and is Not Governed by Rule 59(e)**

This Court's Preliminary Injunction and Scheduling Order entered on August 25, 2005 ("Order") is an interlocutory order which is not subject to the ten day time period for amending judgments specified in Fed. R. Civ. P. 59(b). Of the cases cited by Morgan, only *Alton & Southern Railway Co. v. Brotherhood of Maintenance of Way Employees,* 899 F. Supp. 646 (D.D.C. 1995) involved a preliminary injunction. Contrary to Morgan's representation, the court did not rule on the issue of whether a preliminary injunction is a judgment within the meaning of Rule 59(e). Rather the court stated: "Because the Court's preliminary injunction is an appealable order, the parties appear to agree that the injunction is a judgment within the meaning of Rule 59(e)." *Id.* at 648. Thus,

the court did not consider this issue but merely noted the parties' procedural presentation of the motion.

In fact, preliminary injunctions are interlocutory orders in that they adjudicate "fewer than all the claims or the rights and liabilities of fewer than all the parties . . ." Fed. Rule Civ. P. 54(b). Rule 54(b) continues that such an order "shall not terminate the action as to any of the claims or parties, and **the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.**" *Id.* (emphasis added). Appeals are not normally permissible from interlocutory orders, but a statutory exception at 28 U.S.C. § 1292 explicitly authorizes an appeal from interlocutory orders granting injunctive relief. Such appeals may be taken without first obtaining the express determination and direction contemplated by Rule 54(b) whereby the court may direct the entry of a final judgment as to fewer than all the claims or parties when it finds there is no just reason for delay. *Mow v. Republic of China,* 201 F.2d 195, 197 (D.C. Cir. 1952).

However, "[a]bsent an appeal, a district court has complete power over its interlocutory orders." *Decatur Liquors, Inc. v. District of Columbia*, 2005 U.S. Lexis 4246 at pp. 5-6 (D.D.C. March 16, 2005) (citing *Ideal Toy Corp. v. Sayco Doll Corp.*, 302 F.2d 623, 625 (2d Cir 1962)). In *Decatur,* the defendants filed a motion to dissolve the district court's preliminary injunction and soon thereafter filed an appeal of the same preliminary injunction. The court held that the defendants' appeal divested the district court of control over that aspect of the case, but it stated that it is normally within the discretion of the district court to dissolve an injunction. *Id.* at p.6. Pursuant to Rule 54(b), a preliminary injunction is subject to revision at any time before the court's entry of a judgment adjudicating all the claims, rights and liabilities of all the parties.

**II.     Murphy's Requested Revision to the Order's Verbiage is Warranted**

Murphy does not seek the dissolution of, or even relief from, this Court's preliminary injunction order of August 25, 2005 ("Order"). Murphy seeks a clarification in the verbiage of the Order that will accomplish the parties' original intent. As explained in Murphy's Motion, the Order was supposed to reflect the parties' **consented** extension of the August 3, 2005 temporary restraining order. Morgan states in footnote 1 of its Opposition that it did not copy undersigned counsel on the Order because undersigned counsel had not yet signed up for Electronic Case Filing ("ECF"). Aside from the fact that Morgan's counsel could have faxed or mailed a copy, this response ignores the point. ECF only copies counsel after a document has been filed. In every jurisdiction in which undersigned counsel has practiced in the past eighteen years, opposing counsel have exchanged drafts of proposed consent orders before presenting such orders to the court. Morgan's counsel did not present a draft of the proposed consent order either to undersigned counsel or Defendant Susan Wiswell's counsel prior to filing it with the Court.[1] It would be fair and would not harm Morgan to allow a minor revision of the Order's verbiage to accomplish what the parties intended at the August 17, 2005 status conference.

Ironically, Morgan contends that Murphy does not have to be concerned about its

---

[1] Morgan's counsels' failure to share a draft with opposing counsel is consistent with their approach in this case. Two days before Morgan's counsel filed their Opposition, undersigned counsel advised Morgan's counsel that her e-mail was not working due to a computer hard drive crash and requested that Morgan's counsel communicate with her by fax until further notice. When Morgan filed the Opposition two days later, undersigned counsel did not receive the Court's e-mail notice of the filing. Morgan's counsel did not extend the courtesy of advising undersigned counsel that they filed an Opposition, or even that they intended to, although the same day they filed, they twice faxed undersigned counsel requesting alternative dates for the court's status conference which they could not attend due to a conflict. Undersigned counsel agreed to reschedule the status conference. To be clear, undersigned counsel does not maintain that her computer problems in any way excuse her obligation to keep abreast of the filings in this matter.

overreaching because the Court, not Morgan, enforces the preliminary injunction order. Morgan's overreaching is exactly Murphy's concern. Morgan has provided Murphy every reason to be concerned about its overreaching. Morgan's failure to first contact Murphy about the bold accusations it alleged, Morgan's filing of this lawsuit against Murphy despite having no evidence of wrongdoing by Murphy, Morgan's continued maintenance of this lawsuit against Murphy despite Murphy's denial of the alleged wrongdoing and despite Morgan's commission of numerous wrongdoings itself as detailed in Murphy's Counterclaim have all caused Murphy great concern that if she even speaks to a Morgan client, Morgan will allege a violation of the preliminary injunction order and seek sanctions or other court enforcement. While Murphy does not believe that the preliminary injunction enjoins her from any and all communication with Morgan's clients, Murphy should not have to incur the expense to prove this point in court in response to a motion filed by Morgan.

Morgan argues that it is appropriate to enjoin Murphy from using client information even if it is not confidential and even if Murphy did not sign a non-compete agreement because "such information was obtained illegally and in violation of Murphy's fiduciary duty." Opposition p. 3. Again, Morgan overlooks the fact that this preliminary injunction was entered by consent. Murphy vehemently denies that she ever obtained any client information illegally or in violation of her fiduciary duty. As no evidentiary hearing was held on the preliminary injunction, no evidence was ever presented to support Morgan's bald allegation.[2]

---

[2] In support of its argument, Morgan represented the court in *North Atlantic Instruments, Inc. v. Haber,* 188 F.3d 38, 47 (2d Cir. 1999) as holding that an employee was enjoined from contacting customers due to an egregious breach of trust and confidence while in plaintiff's service. In fact, the court held that it need not decide this question because "the District Court's finding that North Atlantic's list of client contacts was a trade secret stands on its own." *Id.*

Morgan's counsel obtained the transcript of the August 17, 2005 status conference and was able to ascertain the parties' exact agreements regarding the entry of a preliminary injunction order. Murphy seeks to revise the language of the preliminary injunction order only to conform to the parties' agreement.

### III. Conclusion

For the reasons stated in Murphy's Motion to Revise Preliminary Injunction and those stated herein, this Court should grant Murphy's Motion.

Respectfully Submitted

/s/_____
Janice B. Rockwell, Esquire
U.S. District Court for the District of Columbia
Bar No. MD04814
121-A North Court Street
Frederick, MD 21705
Phone: (301) 631-0900
Fax: (301) 631-0997

Attorney for Defendant,
Angela Murphy

### CERTIFICATE OF SERVICE

I HEREBY certify that on October 25, 2005, the following persons were served by the CM/ECF software: John F. Hornick, Esquire and Timothy A. Lemper, Esquire, Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P., 901 New York Avenue, N.W., Washington D.C. 20001-4413, attorneys for Plaintiff; Manesh K. Rath, Esquire, Keller and Heckman, LLP, 1001 G Street, N.W., Suite 500 West, Washington, D.C. 20001, attorney for Plaintiff; and Roger C.

Simmons, Esquire and Victor E. Cretella, III, Esquire, 603B West Patrick Street, Frederick, MD 21705, attorneys for Defendant/Counterclaim Plaintiff, Susan Wiswell.

        /s/_____
        Janice B. Rockwell, Esquire

F:\Documents\word perfect\Server\WPDOCS\CLIENTS\MURPHY\DC District Court\Reply to Opposition to Murphy's Motion to Revise Prelim Inj 10-25-05.wpd