**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

WILLIAM A. MORGAN, JR., P.C.,     )    CIVIL ACTION NO. 1:05CV01561

           Plaintiff,        )

     v.                )    JUDGE ROBERTSON

SUSAN WISWELL, et al.,       )

           Defendants.    )

| | |
|---|---|
| WILLIAM A. MORGAN, JR., P.C., | ) CIVIL ACTION NO. 1:05CV01561 |
| Plaintiff, | ) |
| v. | ) JUDGE ROBERTSON |
| SUSAN WISWELL, et al., | ) **MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR ORDER COMPELLING DISCOVERY AND AWARDING SANCTIONS** |
| Defendants. | ) |

# EXHIBIT 3

From: "Timothy Lemper" <timothy.lemper@finnegan.com>
To: <rsimmons@gordonsimmons.com>; <jan@rockwelllaw.com>
Cc: "John Hornick" <John.Hornick@finnegan.com>
Sent: Monday, August 08, 2005 7:00 PM
Subject: William A. Morgan v. Wiswell, Murphy, et al.


Counsel,

We write to inquire when we can expect your responses to the draft
protective order (attached) and the discovery requests on pages 3-5 of
Morgan's Memorandum in Support of Its Motion to Preserve Evidence and for
Expedited Discovery. Both documents were served on your respective clients
last week. We expect "high speed" and "very expedited" discovery, in
accordance with Judge Robertson's statements to the parties at the TRO
hearing.

Timothy A. Lemper, Esq.
Finnegan, Henderson, Farabow,
  Garrett & Dunner, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
Telephone: 202.408.4419 (direct)
Facsimile:   202.408.4400
E-mail: timothy.lemper@finnegan.com

NOTICE:  This e-mail is sent by a law firm and may contain
information that is confidential, protected, or privileged.
If you are not the intended recipient, please delete the
e-mail and any attachments and notify us by e-mail or
phone immediately.  Thank you.

>>> "Janice Rockwell" <jan@rockwelllaw.com> 08/09/05 06:46PM >>>
Dear Timothy,

As I stated when we spoke by telephone last week, my client, Angela Murphy
was not involved in the matters you allege.  That you have included her in
this lawsuit without having any evidence of wrongdoing is reproachable.
She
will be vigorously defending your client's claims and pursuing all
appropriate claims against your firm and William A. Morgan, Jr., P.C.  You
can expect to receive a more formal statement of her claims by the end of
this week.

Janice Rockwell
Janice B. Rockwell, LLC
121-A N. Court St.
Frederick, MD 21701
301-631-0900 Tel
301-631-0997 Fax
jan@rockwelllaw.com

NOTICE:  The information contained in this e-mail message and any
attachments is confidential and may be attorney-client privileged.
Unauthorized use, disclosure, or copying is strictly prohibited.  If you
received this message in error, please notify Janice B. Rockwell, LLC
immediately by return e-mail or by calling the above telephone number, and
destroy all copies of this message and any attachments.

-----Original Message-----
From:    Timothy Lemper [SMTP:timothy.lemper@finnegan.com]
Sent:    Tuesday, August 09, 2005 7:25 PM
To:    rsimmons@gordonsimmons.com; jan@rockwelllaw.com
Cc:    John Hornick
Subject:    Re: William A. Morgan v. Wiswell, Murphy, et al.

Ms. Rockwell,

You have made your client's position clear.  Obviously, we disagree with
your contention that there is no evidence of wrongdoing by Ms. Murphy, or
that Morgan's conduct is in any way unjustified, let alone "reproachable."
Please direct Ms. Murphy's answer to the complaint and any counterclaims
against Morgan to John Hornick and/or myself at the address below.

Unless we hear differently from you, we assume that your client intends to
respond -- and will respond -- to Morgan's discovery requests prior to the
August 17 hearing with Judge Robertson.  To the extent your client will be
producing or seeking confidential documents, we assume you will provide
your comments on the draft protective order we previously sent you, or will

provide a copy of the protective order signed on your client's behalf.

Finally, as I indicated in our prior conversation, you should direct any
settlement discussions to John Hornick.

We look forward to your response.

Timothy A. Lemper, Esq.
Finnegan, Henderson, Farabow,
  Garrett & Dunner, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
Telephone: 202.408.4419 (direct)
Facsimile:    202.408.4400
E-mail: timothy.lemper@finnegan.com

NOTICE:  This e-mail is sent by a law firm and may contain
information that is confidential, protected, or privileged.
If you are not the intended recipient, please delete the
e-mail and any attachments and notify us by e-mail or
phone immediately.  Thank you.

-----Original Message-----
From:   Timothy Lemper [SMTP:timothy.lemper@finnegan.com]
Sent:   Wednesday, August 10, 2005 10:33 AM
To:     rsimmons@gordonsimmons.com
Cc:     John Hornick; Windows/saylor/debbie@gordonsimmons.com;
jan@rockwelllaw.com
Subject:        RE: William A. Morgan v. Wiswell, Murphy, et al.

Mr. Simmons,

The process server states that the summons was delivered to you affixed by
rubber band to the outside of the package containing the pleadings. He has
signed a sworn affidavit to that effect.

In case you did not receive it, I am attaching another copy of the summons
to this email. Please advise me whether you will accept this as service on
your client's behalf. If not, we will have a copy formally served this
afternoon.


Please also let me know when I can expect your response to the draft
protective order.

Timothy A. Lemper, Esq.
Finnegan, Henderson, Farabow,
  Garrett & Dunner, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
Telephone: 202.408.4419 (direct)
Facsimile:   202.408.4400
E-mail: timothy.lemper@finnegan.com

NOTICE: This e-mail is sent by a law firm and may contain
information that is confidential, protected, or privileged.
If you are not the intended recipient, please delete the
e-mail and any attachments and notify us by e-mail or
phone immediately. Thank you.




>>> Roger Simmons <rsimmons@gordonsimmons.com> 08/10/05 10:04AM >>>
Dear Mr. Lemper:

        I keep reading your demands, but have yet to see your summons. When do
you expect to deliver it (see my emails to Mr. Hornick)?

                                            Roger C. Simmons

>>> Roger Simmons <rsimmons@gordonsimmons.com> 08/10/05 11:30AM >>>
Mr. Lemper:

I did not see any summons with the Friday packet, as I told Mr. Hornick in my email of Monday; but you certainly may fax me a copy of that summons and we will call it service.

Next question; what is the rush?  In reading the substantive commands of the TRO, there does not appear to be anything objectionable in it to my client.  If I were to agree to continue the TRO in the form of a preliminary injunction without the need of a bond, could we all agree to dispense with the scheduling and conduct of a preliminary injunction?

I had originally planned to be out this entire week on a family vacation, but a sudden family emergency forced me to cancel that week out of here and caused me to spend yesterday outside the catherization ward of St. Jpseph's Hospital in Towson, Maryland yesterday.  The rest of this week is bad for me while the recuperation process is underway--I will not be here full time the rest of the week.  I have not had a chance to explore your proposed protective order and my experience with such items is that they have to be carefully vetted in order to work properly.  Rush discovery is not fair to my client under these circumstances.  Frankly, you haven't even served a proper document request with definitions and instructions yet.  Nor have you been entirely square with my client.  The court did not order a firm "immediate" document production date as you misinformed her (as is shown by the court reporter's transcript).   Moreover, with my expressed willingness to agree to the desired relief in the TRO, what is the need for this rush?  Haven't the complained of actions ceased?

Is there a reason Mr. Hornick is not available this week?  Why didn't he answer my Monday email?  He misled me when we talked on Friday when he said the Court disalllowed the request for mirroring of one another's computer memories.  That actually was not what the Court said and I will amend or add to my client's document requests a category eliciting your client's computer mirror images shortly.

Sincerely,

Roger Simmons

**From:**    John Hornick
**To:**    "rsimmons@gordonsimmons.com".Internet.DOMGWIA
**Date:**    8/10/05 5:36PM
**Subject:**    RE: William A. Morgan v. Wiswell, Murphy, et al.

Dear Roger:

I am sorry to hear of your family emergency and that you had to cancel your vacation. I hope it all works itself out.

As I said in the email I sent you on August 5, 2005 6:17pm (resent at 6:40pm), I was in depositions yesterday and Monday of this week.

Regarding your statement that we have not served a proper production request, it is our position that our discovery requests are properly set forth in the memorandum in support of our motion for expedited discovery. The judge did not order us to prepare and serve separate discovery requests and he ordered the parties to engage in high-speed expedited discovery, based on the documents before him.

Regarding your statement that "Nor have you been entirely square with my client. The court did not order a firm "immediate" document production date as you misinformed her (as is shown by the court reporter's transcript)." You are correct that the Court did not order a firm expedited discovery deadline and we did not have to tell your client what the Judge said during the hearing because she acknowledged participating in the hearing by phone. However, the Judge made it clear that discovery should proceed on a very expedited basis and that the August 17 conference with the Court may be the preliminary injunction hearing if such discovery is far enough along.

You also said I "misled [you] when we talked on Friday when [I] said the Court disallowed the request for mirroring of one another's computer memories. That actually was not what the Court said." I told you (on Thursday, I believe) that the Judge said the Defendants can respond to this part of our motion for expedited discovery. The Court did not have before it any such request from Defendants.

Regarding your proposal to enter a voluntary preliminary injunction, without bond, we will consider it and get back to you. However, quick answers to the following questions will help us to consider your proposal:

1.    in addition to the terms of the TRO and nonspoliation order set forth in the Court's order, will your client agree to the entry of a preliminary injunction, without bond, covering the substantive points set forth in our proposed preliminary injunction order submitted to the Court, and to refrain from interfering with Plaintiff's use of any password protected systems, such as monster.com?;

2.    will you agree to a date certain for providing documents responsive to our request nos. 9-23 and drop any objections to the form and service of our discovery requests (as set forth in the memorandum in support of our motion for expedited discovery) (we have proposed exchanging documents tomorrow, August 11, but we would entertain a reasonable later date, depending on your answers to these questions)?;

3.    will you agree to withdraw your discovery request nos. 1, 3, 4, 6-10?;

4.    when will you respond to our motion for expedited discovery with respect to request nos. 1-8?

5.    will you agree to a deposition of your client on a date certain, soon after the document exchange contemplated by item no. 2 above?

We look forward to your response.

Sincerely,

John


John F. Hornick
Finnegan, Henderson, Farabow,
Garrett & Dunner, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001

Phone (direct): (202) 408-4076
Phone (main):  (202) 408-4000
Fax: (202) 408-4400
E-Mail: john.hornick@finnegan.com
Firm Web site: www.finnegan.com

NOTICE: This e-mail is from a law firm and may contain information that is confidential, protected, or
privileged. If you are not the intended recipient, please delete the e-mail and any attachments and notify
us immediately. Thank you.

>>> Roger Simmons <rsimmons@gordonsimmons.com> 08/11/05 03:54PM >>>

Dear John:

Thank you for the courteous comment--for which there is no folllow through in your letter, i.e., your demands are over the top in their burdensomeness and one-sidedness. Let me be clear, I will need the normal time to investigate and respond to your charges against my client. I am taking up Judge Roberts's invitation to "slow things down" noted at page 21 of the transcript. While I undertake to do this, I have agreed to extend the protections in the TRO to enable all of us to proceed in an orderly fashion. As you acknowledged and explained to Judge Roberts, it takes time to do an investigation and prepare one's case, see page 3 of the transcript. I am certainly willing to agree to extend the reasonable commands of Judge Roberts's preservation order (which should be applicable to all parties) and to represent that nothing like (or even remotely resembling) the allegations you have made in your motion and complaint and related documents will occur on my watch. I have so stated.

I am not willing to let you be the only one who has access to facts to make his case or otherwise proceed here. Nor am I willing to allow you to ignore the Federal Rules and proceed as though there were no rights whatsoever for my client in this case. You need to serve proper discovery requests and allow me the right to understand what you are requesting so I may make reasonable responses or abjections as may be appropriate. You need to agree to provide the material that I am requesting on the same schedule and with the same degree of cooperation that we are called upon to give you. Why are you asking me to withdraw discovery requests? Why would you seek to hide the full facts if you are so sure you are right? Why did you tell me that Judge Roberts precluded our clients access to mirror images of each others computer memories when you knew otherwise?

With respect to my client's deposition schedule, it is my preference that document discovery be completed first. We will be asking for our own depositions of your client's principals at or about the same time as you seek the deposition or Ms. Wiswell. And it has been my experience that all depositions are assisted by the completion of documentary discovery.

If you will cut out the unnecessary, overbroad reach of many aspects of the preliminary injunction order that you have proposed, I will be glad to respond to individual items and indicate whether they are agreeable. For example, I will agree to an order inhibiting my client from "interfering with Plaintiff's use of any password protected systems, such as monster.com."

Roger C. Simmons

CC:        "jan@rockwelllaw.com".Internet.DOMGWIA;  Benesh, Susan;  Lemper, Timothy

**From:**      John Hornick
**To:**        "rsimmons@gordonsimmons.com".Internet.DOMGWIA
**Date:**      8/12/05 6:12PM
**Subject:**   Re: Discovery

PLEASE REPLY ALL TO THIS EMAIL

Dear Roger:

        Your 8/11/05 email states that you intend "to slow things down." You have quoted Judge Robertson grossly out of context. On page 15 of the transcript the Judge said "I would expect that the parties would engage in some fairly high speed discovery here in order to find out what's going on." On page 17, in response to Ms. Rockwell's question about whether the August 17 conference will be a preliminary injunction hearing, the Judge said "I don't know what's going to happen then. It depends on how far along you are in your discovery . . . It could theoretically be a hearing on a motion for preliminary injunction . . ." Also on page 17, the Judge said "I encourage all parties to develop the case as much as they can in the next two weeks." On page 21, the Judge said to Ms. Rockwell and Mr. Wiswell that "it is certainly in your interests to cooperate with plaintiff's counsel in getting discovery very quickly. I mean, if you want to come in here and blow this whole case out of the water in 10 days, then it's in your interests to cooperate with discovery. If you can't blow it out of the water in 10 days, then you may want to slow things down. I'm expecting cooperation in very speedy discovery. . . I'm going to require you-all to work together and try to get discovery done on a very expedited basis." Thus, the Court made it crystal clear that discovery should proceed on an expedited basis and that the parties should cooperate in this regard. Moreover, the Court's reference to slowing the case down was clearly in the context of Defendants' inability to show that Plaintiff's case is baseless. Thus, we take your statement as an admission that our client's claims are on target.

        Before you appeared, we asked your client to cooperate and provide immediate discovery. Since your appearance, we have asked the same of you, several times. To date, you have refused to provide any discovery. At the same time, you have demanded discovery from us on an expedited basis. Accordingly, in accordance with the Court's instructions, we are prepared to produce a substantial amount of documents to you on Monday, August 15, 2005. Because the documents are confidential in nature, we will need your agreement to maintain the documents on an attorneys'-eyes-only basis until we agree on the terms of a protective order. We agree to maintain any confidential documents you produce on the same basis. When can we expect to receive the documents and things sought by Request Nos. 9-23 set forth in the memorandum in support of our motion for expedited discovery, which to date remains unopposed? The sooner we exchange documents, the sooner we can both schedule depositions. Also, when can we expect your comments on the proposed protective order?

        Regarding the imaging of hard drives issue, I see no point in continuing to disagree about what I allegedly told you. We are prepared to arrange a mutual imaging of hard drives next week. Your expert will be permitted to image Bill Morgan's, Merritt Wingate's, Susan Wiswell's, and Angela Murphy's hard drives, and Plaintiff's email server, simultaneously with our expert's imaging of Ms. Wiswell's hard drives and other electronic memory devices, and those of Hildebrand used by Ms. Wiswell, at a mutually convenient time that minimizes inconveniences to our respective clients. We are prepared to schedule this imaging anytime next week.

        You have proposed extending the TRO voluntarily, but we may or may not be able to agree on the terms of a voluntary injunction. Until such time as we have reached an agreement on such an injunction, we expect you to comply with the Court's instructions regarding expedited discovery, and we will provide expedited discovery to you as well, subject to objections we plan to serve on Monday August 15, 2005.

        We look forward to your response.

        Sincerely,

John

John F. Hornick
Finnegan, Henderson, Farabow,
Garrett & Dunner, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001

Phone (direct): (202) 408-4076
Phone (main):  (202) 408-4000
Fax: (202) 408-4400
E-Mail: john.hornick@finnegan.com
Firm Web site: www.finnegan.com

NOTICE: This e-mail is from a law firm and may contain information that is confidential, protected, or
privileged. If you are not the intended recipient, please delete the e-mail and any attachments and notify
us immediately. Thank you.

**From:**       John Hornick
**To:**         "rsimmons@gordonsimmons.com".Internet.DOMGWIA
**Date:**       8/15/05 3:28PM
**Subject:**    Re: Discovery

PLEASE REPLY ALL TO THIS EMAIL

Dear Roger:

Further to our August 12, 2005 6:12pm email set forth below, we have received no response from you. We have documents ready to produce to you, as soon as we receive your agreement to maintain them on an attorneys'-eyes-only basis until we agree on the terms of a protective order.

When can we expect to receive documents from you?

We have also not received your comments on our proposed protective order.

Please respond to our August 12, 2005 6:12pm email.

Sincerely,

John

**From:**    Roger Simmons <rsimmons@gordonsimmons.com>
**To:**    'John Hornick' <John.Hornick@finnegan.com>
**Date:**    8/16/2005 5:17 PM
**Subject:**    RE: Discovery

---

Dear John:

I disagree with your interpretation of Judge Robertson's comments in the TRO hearing. Although he may have "encourag[d] all parties to develop the case as much as they can in the next two weeks," Tr. at 17, his purpose for expediting discovery was to avoid the imposition of the TRO on our client. Id. Since we are willing to stipulate to the imposition of the TRO, and have even agreed to expand it somewhar, the need for expedited discovery is moot. Furthermore, Judge Robertson specifically gave us time to respond to your motion. At page 19 of the transcript, Judge Robertson stated: "The part [of the motion] that demands discovery and copies of documents and deposition dates and inspection of hard drives and all that, I will give you an opportunity to respond to." I understand that this issue may be resolved at tomorrow's status conference, although I plan to ask the judge for an opportunity to submit a written opposition by the 19th if he in any way is considering the motion. However, I doubt that he would consider granting the motion in light of the fact that there is no need for expedited relief; indeed your claim that defendants somehow impaired your client database is built completely on speculation and conjecture. Compl. paragraph 36 (plaintiff acknowledging it had no idea whether any accounting information was deleted or stolen). Neither have you identified any impending damages.

Additionally, as Judge Robertson specifically noted at the hearing, defendants may want to slow discovery down if they "can't blow [your case] out of the water in 10 days." At this time, brcause of my personal and professional schedules, we will have to take the Judge up on this opportunity. This of course is not "an admission that [y]our client's claims are on target" as you preposterously suggest, it is simply a recognition that we did not have the opportunity to put our defense together on an expedited basis. I had a family emergency last week that took me out of the office for a substantial amount of time. I also have other cases and matters with deadlines to which I had to attend. Indeed, I have two state district court trials this week and I had a long scheduled conference in the District of Columbia today. It is also too expensive to hire the needed expert on an expedited basis. Accordingly, I see no reason to expedite discovery.

As for the exchange of documents, I cannot agree to do so on any "attorneys' eyes only" basis. Neither can I ever agree to a protective order which prevents me from reviewing documents with my client for the duration of the case; this obviously violates due process. Two judges have so held under D.C. law in a recent case I had in the Superior Court. Accordingly, I am not in a position to turn over any document or tangible things to you or accept your documents with such and inhibition on them. If you would like to propose a different protective order, I will consider the exchange of documents. Otherwise, I will have to delay the production of documents until after the Court enters an approrpiate order.

Sincerely,
Roger C. Simmons

**From:**    John Hornick
**To:**    "rsimmons@gordonsimmons.com".Internet.DOMGWIA;  jan@rockwelllaw.com
**Date:**    9/6/05 12:31PM
**Subject:**    RE: Discovery

Dear Roger and Janice:

We note that pursuant to the Court's instructions during the August 17, 2005 status conference, Wiswell's and Murphy's responses to Plaintiff's discovery requests (as set forth on pages 3-5 of Plaintiff's Memorandum in Support of Its Motion to Preserve Evidence and for Expedited Discovery) are due September 12, 2005 (for your convenience, we have attached a copy of the transcript, in the format received from the reporter).  We will also be serving responses to Wiswell's first production requests, and producing responsive documents (subject to our objections), on September 12, 2005.  Plaintiff's Request Nos. 1-8 involve the imaging of electronic memory and storage devices within the possession or control of your clients, which will be done by our expert.  This can be done at your offices, our office, the Defendants' homes, or some other mutually convenient location.  We wish to minimize the inconvenience of the imaging process.  Thus, let's discuss mutually convenient times and locations this week, so the imaging can be performed on or about September 12, 2005.

The Court also instructed us to work out the terms of a stipulated protective order ("SPO").  We provided a proposed SPO with our TRO motion papers.  Roger said he wanted to consider our draft carefully.  If you have any suggested changes to our draft, please let us know, or propose your own version and we will consider it.  Until we agree on the terms of an SPO, we will accept and hold the documents and things you produce on an attorneys' eyes only basis and we expect you to do the same with the documents and things we produce to you.

We look forward to exchanging discovery, working out mutually convenient times and locations for the imaging process, and working out the terms of an SPO.

Sincerely,

John

John F. Hornick
Finnegan, Henderson, Farabow,
Garrett & Dunner, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001

Phone (direct): (202) 408-4076
Phone (main):  (202) 408-4000
Fax: (202) 408-4400
E-Mail: john.hornick@finnegan.com
Firm Web site: www.finnegan.com

NOTICE: This e-mail is from a law firm and may contain information that is confidential, protected, or privileged. If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately. Thank you.

John F. Hornick
Finnegan, Henderson, Farabow,
Garrett & Dunner, L.L.P.
901 New York Avenue, N.W.

From:      John Hornick
To:        "rsimmons@gordonsimmons.com".Internet.DOMGWIA; jan@rockwelllaw.com
Date:     9/9/05 1:31PM
Subject:   RE: Discovery

Dear Roger and Janice:

We have not heard from you regarding our September 6, 2005 letter (set forth below), which we sent by email at 12:31 p.m. that day.  In particular, you have not responded to our request to discuss mutually convenient times and locations for the imaging of electronic memory devices to be performed by our expert on or about September 12, 2005.  We need to hear from you.

Absent your compliance with our discovery requests (as set forth on pages 3-5 of Plaintiff's Memorandum in Support of Its Motion to Preserve Evidence and for Expedited Discovery), we will be filing a motion next week.  The motion will be for sanctions under FRCP 37(b)(2) because the Court has already ordered discovery (see the [Proposed] Preliminary Injunction and Scheduling Order" filed 8/22/05 at 3:07 p.m., and the Court's 8/25/05 Order entered at 11:19 a.m. stating that "The provisions of the proposed order are approved and so ordered").

We also need your comments on the protective order we proposed, or propose your own version and we will consider it.  This is our second attempt, since August 17, to work out such terms, as the Court ordered.

Please consider this letter and our 9/6/05 email letter as our efforts to confer, in an effort to secure the discovery to which we are entitled without court action.

Sincerely,

John


JFH email 9/6/05 12:31pm:
Dear Roger and Janice:

We note that pursuant to the Court's instructions during the August 17, 2005 status conference, Wiswell's and Murphy's responses to Plaintiff's discovery requests (as set forth on pages 3-5 of Plaintiff's Memorandum in Support of Its Motion to Preserve Evidence and for Expedited Discovery) are due September 12, 2005 (for your convenience, we have attached a copy of the transcript, in the format received from the reporter).  We will also be serving responses to Wiswell's first production requests, and producing responsive documents (subject to our objections), on September 12, 2005.  Plaintiff's Request Nos. 1-8 involve the imaging of electronic memory and storage devices within the possession or control of your clients, which will be done by our expert.  This can be done at your offices, our office, the Defendants' homes, or some other mutually convenient location.  We wish to minimize the inconvenience of the imaging process.  Thus, let's discuss mutually convenient times and locations this week, so the imaging can be performed on or about September 12, 2005.

The Court also instructed us to work out the terms of a stipulated protective order ("SPO").  We provided a proposed SPO with our TRO motion papers.  Roger said he wanted to consider our draft carefully.  If you have any suggested changes to our draft, please let us know, or propose your own version and we will consider it.  Until we agree on the terms of an SPO, we will accept and hold the documents and things you produce on an attorneys' eyes only basis and we expect you to do the same with the documents and things we produce to you.

We look forward to exchanging discovery, working out mutually convenient times and locations for the imaging process, and working out the terms of an SPO.

Sincerely,

John

John F. Hornick
Finnegan, Henderson, Farabow,
Garrett & Dunner, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001

Phone (direct): (202) 408-4076
Phone (main): (202) 408-4000
Fax: (202) 408-4400
E-Mail: john.hornick@finnegan.com
Firm Web site: www.finnegan.com

NOTICE: This e-mail is from a law firm and may contain information that is confidential, protected, or privileged. If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately. Thank you.



FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

901 New York Avenue, NW ▪ Washington, DC 20001-4413 ▪ 202.408.4000 ▪ Fax 202.408.4400
www.finnegan.com

TIMOTHY A. LEMPER
202-408-4419
Timothy.Lemper@finnegan.com

September 14, 2005

Janice B. Rockwell, Esq.                                              **VIA FACSIMILE**
JANICE B. ROCKWELL, LLC
121-A North Court Street
Frederick, Maryland 21701-5415

Re:    <u>William A. Morgan, Jr., P.C. v. Wiswell and Murphy, *et al*.</u>

Dear Janice:

We have received Angela Murphy's response to the discovery requests set forth in Morgan's brief in support of its motion for expedited discovery. As detailed below, Ms. Murphy's responses are deficient in several respects.

First, with respect to Request Nos. 2 and 5, there are no "pending negotiations" between counsel for the parties regarding Morgan's request to inspect and electronically image Ms. Murphy's personal computer hard drive(s), servers(s), and other computer memory device(s). To the contrary, Morgan requested, and the Court on August 17 ordered, that Ms. Murphy make those items available for inspection and copying on September 12. Despite those facts and our repeated requests, you failed to provide—or even to discuss—a time and place for such inspection and copying to take place. Please let us know when such imaging can take place.

Second, with respect to Request Nos. 7 and 8, the requests are clearly applicable to Ms. Murphy if the <u>johnjohnson_1974@yahoo.com</u> or <u>notmuchman_01@yahoo.com</u> email accounts, are in her possession, custody, or control, or if she has possession, custody, or control of responsive documents. If your assertion that these requests are not applicable to Ms. Murphy is an assertion that these email accounts are not in Ms. Murphy's possession, custody, or control, or that she has no responsive documents in her possession, custody, or control, please provide a statement to that effect.

Third, Request Nos. 9, 15, and 18 are also clearly applicable to Ms. Murphy if she has in her possession, custody, or control any copies of emails that were intercepted by Ms. Wiswell, any documents or emails that were sent by Ms. Wiswell to Morgan's clients without Morgan's authorization, or any documents authored or created by Ms. Wiswell and provided to Morgan during the relevant time periods. If your assertion that these requests are not applicable to Ms. Murphy is an assertion that she has no such documents or emails in her possession, custody, or control, please provide a statement to that effect.

Fourth, with respect to Request Nos. 13 and 19, you indicated that to the extent Ms. Murphy had responsive documents, they would be attached to your response or sent to counsel

Janice Rockwell
Page 2

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

by email. Please indicate whether the lone document you sent to us by email on September 12 is responsive to both of these requests and constitutes the only responsive document in Ms. Murphy's possession, custody, or control. If not, please indicate to which of these requests Ms. Murphy has responsive documents that have not been produced, and produce them right away.

Fifth, with respect to Request No. 23, you indicated that Ms. Murphy would produce responsive documents from May 1, 2005 to August 3, 2005. However, we have not received any documents responsive to this request. Moreover, we requested the production of such documents from May 1, 2005 to the present, not just until August 3, 2005. Even after August 3, such communications and documents are relevant to the violations that have occurred and may still be ongoing. Given that fact, and in light of Ms. Murphy duty under Fed. R. Civ. P. 26(e) to supplement her responses, we object to your apparent refusal—without explanation—to produce clearly relevant communications and/or documents created or occurring after August 3, 2005.

Sixth, your objection to the requests on the grounds that they fail to comply with Rule 34 is both improper and moot. The timing of discovery set forth in Rule 26 is clearly inapplicable where, as here, a party seeks and is granted expedited discovery, as those rules recognize. See, e.g., Fed. R. Civ. P. 26(d)-(f) and 34(d) (recognizing exception to established deadlines where ordered by the court).

Finally, Local Civil Rule 26.2(d) requires that responses and objections to discovery requests "shall identify and quote each interrogatory or request in full immediately preceding the answer, response or objection thereto." Ms. Murphy's responses fail to restate the discovery requests to which she is responding. We therefore view Ms. Murphy's answers as non-responsive and you should amend them right away.

In light of these deficiencies, we ask that you supplement and correct Ms. Murphy's responses by Friday, September 16, 2005. This letter is our attempt to resolve these issue without court involvement. If Ms. Murphy fails to fulfill her discovery obligations, however, we will seek sanctions from the Court. Absent adequate answers to the questions set forth in this letter, we must assume that Ms. Murphy is withholding responsive documents in contravention of the Court's Order.

We look forward to your response.

Sincerely,

FINNEGAN, HENDERSON, FARABOW
GARRETT & DUNNER, L.L.P.

By: _____
Timothy A. Lemper

cc:    John F. Hornick, Esq.



901 New York Avenue, NW ▪ Washington, DC 20001-4413 ▪ 202.408.4000 ▪ Fax 202.408.4400
www.finnegan.com

**FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER** LLP

Timothy A. Lemper
202-408-4419
timothy.lemper@finnegan.com

September 15, 2005

Roger C. Simmons, Esq.                                    **VIA FACSIMILE**
Gordon & Simmons, LLC
603-B West Patrick Street
Frederick, Maryland 21705-0430

Re:   William A. Morgan, Jr., P.C. v. Wiswell and Murphy, et al.

Dear Roger:

We have received and reviewed Susan Wiswell's objections and response to the
discovery requests set forth in Morgan's brief in support of its motion for expedited discovery.
As detailed below, Ms. Wiswell's responses are deficient in several respects.

First, your objection to producing Donald Wiswell's computer hard drive, server, or other
computer memory devices on the grounds that they are not in Susan Wiswell's possession,
custody, or control is insupportable. The two are spouses, and the computer is presumably
located in the Wiswells' home. She clearly has access to and permission to use the computer. In
any event, in light of your objection, we are serving a subpoena on Donald Wiswell asking him
to make those items available for inspection and copying, as well as any documents or things he
may have that are related to William A. Morgan, Jr., P.C.

Second, nearly a quarter of the documents you produced (approximately 50 out of 200
pages) are incomplete copies where information has clearly been cut off. *See* Bates Nos. 113,
117-145, 157-177. Bates No. 141 is missing entirely, and only a small fraction of Bates No. 142
was copied. Important information is thus missing (for example, the printouts of the Inbox of the
suzwizzy@yahoo.com email account, Bates Nos. 117-122, 144-145, and 170-176, do not show
the dates of the email messages). Please provide complete copies of those documents.

Third, with respect to Request No. 9, we find no merit in your apparent refusal to produce
emails intercepted by Wiswell, based on your assertion that "intercepted" is ambiguous and—if
as defined in the ECPA—assumes that plaintiff has admitted an ultimate issue in this case. The
word "intercepted" is not defined in the request by reference to the statute, nor is it ambiguous.
"Intercept" is a common word meaning "to receive (a communication or signal directed
elsewhere) usually secretly." *Merriam-Webster's Dictionary of Law* (1996). Moreover, even if
the request assumes that the plaintiff, Morgan, has made an admission as to the ultimate issue of
whether Wiswell has violated the ECPA, such an "admission" would not be a basis for refusing
to produce documents responsive to this request. In any event, Wiswell clearly had no problem

Roger Simmons
Page 2

understanding and no objection to responding to Request No. 12, which asked for emails "intercepted" by or forwarded to the notmuchman_01@yahoo.com email account, which is clearly in Wiswell's possession, custody, or control.

Finally, with respect to Bates No. 9, a portion of the July 18 email exchange between Murphy and Wiswell is redacted. Please state the basis for that redaction.

In light of these deficiencies, we ask that you supplement and correct Ms. Wiswell's responses by Tuesday, September 20, 2005. This letter is our attempt to resolve these issue without court involvement. If Ms. Wiswell fails to fulfill her discovery obligations, however, we will seek sanctions from the Court. Absent adequate answers to the questions set forth in this letter, we must assume that Ms. Wiswell is withholding responsive documents in contravention of the Court's August 17 Order.

We look forward to your response.

Sincerely,

FINNEGAN, HENDERSON, FARABOW
GARRETT & DUNNER, LLP

By: _____
Timothy A. Lemper

TAL/tal

cc:   John F. Hornick, Esq.

LAW OFFICES OF
# GORDON & SIMMONS, LLC

Roger C. Simmons+
Victor E. Cretella, III

Shawn P. Cavenee
Adam H. Oppenheim+
Brian M. Maul*

+ADMITTED ALSO IN DC
*ADMITTED ALSO IN NEW YORK

603-B West Patrick Street
P.O. Box 430
Frederick, Maryland 21705-0430

E-MAIL: Officemail@GordonSimmons.com
WEBSITE: www.gordonsimmons.com

Ralph Gordon
(1946 - 1999)

TELEPHONE
301-662-9122

FACSIMILE
301-698-0392

September 21, 2005

**VIA FACSIMILE AND FIRST
CLASS MAIL**

John F. Hornick, Esq.
Finnegan, Henderson, Farabow,
Garrett & Dunner, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001

Re:   <u>Morgan, P.C. v. Wiswell et al.</u>   OBJECTION TO SUBPOENA

Dear Mr. Hornick:

I am in receipt of your letter to Roger Simmons dated September 15, 2005. However, contrary to your suggestion otherwise, I disagree that my clients' responses were deficient. First, with respect to whether Susan Wiswell had sufficient custody, possession or control over her husband's computer to produce it to you, I presume that point has now been mooted by you subpoena to Donald Wiswell. Second, I have recopied the documents which you claim are incomplete. However, this seems to be a pointless exercise as the copies I originally gave you were as a complete as the copies I have. Please take note, that some of the documents produced by you were incomplete also. I will prepare a list for your review. Third, our basis for redacting Bates No. 9 is attorney client privilege.

Fourth, your comments as to Ms. Wiswell's response to request number 9 are also moot. As you know, you have alleged that Ms. Wiswell intercepted e-mails by using a rule to <u>forward</u> them from Morgan's account to her own account. Accordingly, your definition of interception is co-extensive with your definition of forwarded, at least for the purposes of this case. Although we dispute this definition, and thus objected to request number 9, we nevertheless responded to request number 12 because it sought both intercepted and forwarded documents. Thus, assuming your definition of intercepted is accepted to mean e-mail forwarded pursuant to a rule, our response to request number 9 would be exactly the same as the response we already gave to request number 12.

Sincerely,

Victor E. Cretella III
for Gordon & Simmons, LLC

enclosures: as stated
Z:\wiswell\hornick9-20-5(2).ltr.wpd



901 New York Avenue, NW ▪ Washington, DC 20001-4413 ▪ 202.408.4000 ▪ Fax 202.408.4400
www.finnegan.com

**FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP**

TIMOTHY A. LEMPER
202-408-4419
Timothy.Lemper@finnegan.com

September 22, 2005

Janice B. Rockwell, Esq.                                **VIA FACSIMILE AND EMAIL**
JANICE B. ROCKWELL, LLC
121-A North Court Street
Frederick, Maryland 21701-5415

Re:    William A. Morgan, Jr., P.C. v. Wiswell and Murphy, *et al.*

Dear Janice:

In our September 14 letter, we asked you to supplement and correct several deficiencies in Angela Murphy's responses to Morgan's discovery requests.

Among other things, we objected to your assertion that Morgan's requests to inspect and make an electronic image of Angela Murphy's personal computer hard drive, server, and other computer memory devices (Request Nos. 2 and 5) were "a subject of pending negotiations between counsel for the parties." As you are well aware and as we pointed out in our September 14 letter, there are no such pending negotiations. Although we wrote to you in advance of the due date for imaging such devices (on September 6 and 9, 2005), you have not responded to our request to arrange a time and place for such imaging.

In our September 14 letter, we asked you to supplement and correct these and other deficiencies in Ms. Murphy's responses by Friday, September 16, 2005, in order to avoid the necessity of involving the Court. We warned you then that we would seek an Order compelling discovery and awarding sanctions if Ms. Murphy failed to fulfill her discovery obligations.

Despite these facts, your September 16 letter did not resolve the deficiencies in Ms. Murphy's discovery responses, and the supplemental responses you served on behalf of Ms. Murphy merely repeated the incorrect assertion that our discovery requests are "a subject of pending negotiations between counsel for the parties." You have not made available, or indicated that you would make available, Ms. Murphy's personal computer hard drive, server, and other computer memory devices.

In light of these facts, we must insist that you immediately make Ms. Murphy's computer hard drive, server, and other computer memory devices available for inspection and electronic imaging, as requested in Morgan's initial discovery requests. In accordance with Judge Robertson's instructions at the August 17 hearing, we will treat such documents and things as

Janice Rockwell
Page 2

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

attorneys' eyes only and will disclose them only to our electronic expert until the Court enters a protective order.

This letter is our last attempt to resolve this issue without court involvement.

We look forward to your response.

Sincerely,

FINNEGAN, HENDERSON, FARABOW
GARRETT & DUNNER, L.L.P.

By: _____
     Timothy A. Lempe

cc:     John F. Hornick, Esq.

| | |
|---|---|
| From: | Lemper, Timothy |
| Sent: | Thursday, September 29, 2005 10:31 AM |
| To: | rockwelllaw.com.jan |
| Cc: | Hornick, John |
| Subject: | Morgan v. Wiswell and Murphy |

Attachments:          TEXT.htm



TEXT.htm (4 KB)

          Dear Janice,

On September 22, we sent you a letter asking that you immediately make Angela
Murphy's personal computer available for inspection and copying.

Since then, you have responded to the draft protective order and the proposed
Local Rule 16.3 report, and you have prepared a motion to modify the
preliminary injunction and called us about it, but you have not responded to
our letter and your client has not made her personal computer available for
inspection and copying.

Please let us know when you are available to meet and confer by telephone
regarding this matter, as a prerequisite to our motion for sanctions.

Sincerely,

Timothy A. Lemper, Esq.
Finnegan, Henderson, Farabow,
  Garrett & Dunner, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
Telephone: 202.408.4419 (direct)
Facsimile:    202.408.4400
E-mail: timothy.lemper@finnegan.com

NOTICE:  This e-mail is sent by a law firm and may contain
information that is confidential, protected, or privileged.
If you are not the intended recipient, please delete the
e-mail and any attachments and notify us by e-mail or
phone immediately.  Thank you.

>>> "Janice Rockwell" < jan@rockwelllaw.com > 09/23/05 10:19AM >>>

Dear Timothy,

I am out of the office today. I expect to respond to your letter early next
week.

Janice Rockwell
Janice B. Rockwell, LLC
121-A N. Court St.
Frederick, MD 21701
301-631-0900 Tel
301-631-0997 Fax
jan@rockwelllaw.com

>>> "Janice Rockwell" <jan@rockwelllaw.com> 09/29/05 10:44AM >>>

Timothy,

Yes, I know you are waiting for a response.  As to my motion, I had already drafted it when I received your letter.  I've been very busy and haven't been able to get to the supplemental response on your discovery requests as soon as I would have liked.  I will be sending you a supplemental response today.

Janice Rockwell
Janice B. Rockwell, LLC
121-A N. Court St.
Frederick, MD 21701
301-631-0900 Tel
301-631-0997 Fax
jan@rockwelllaw.com

NOTICE:  The information contained in this e-mail message and any attachments is confidential and may be attorney-client privileged.  Unauthorized use, disclosure, or copying is strictly prohibited.  If you received this message in error, please notify Janice B. Rockwell, LLC immediately by return e-mail or by calling the above telephone number, and destroy all copies of this message and any attachments.




FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

901 New York Avenue, NW ▪ Washington, DC 20001-4413 ▪ 202.408.4000 ▪ Fax 202.408.4400
www.finnegan.com

Timothy A. Lemper
202-408-4419
timothy.lemper@finnegan.com

September 29, 2005

Victor E. Cretella III, Esq.
Gordon & Simmons, LLC
603-B West Patrick Street
Frederick, Maryland 21705-0430

**VIA FACSIMILE AND
FIRST CLASS U.S. MAIL**

Re:    William A. Morgan, Jr., P.C. v. Wiswell and Murphy, *et al.*

Dear Victor:

We write in response to your September 21 letter.

Contrary to your assertions, Morgan's request to inspect and copy the Wiswells' personal computer is not moot, and will not be moot until Morgan is allowed to inspect and copy that computer's hard drive. Our client is entitled to that discovery under Fed. R. Civ. P. 34, and needs that discovery not only to support its claims in this case but to protect its business. You doubtless know that Ms. Wiswell's husband has also refused to produce the computer because his letter objecting to our subpoena copied verbatim portions of your firm's letter objecting to our subpoena of Ms. Wiswell's work computer.

Ms. Wiswell has no basis for refusing to make the computer available for inspection and copying. In addition to the points set forth in our September 15 letter, we have since learned that Ms. Wiswell has produced documents which were on that computer, and the documents themselves indicate that the Wiswells share the suzwizzy@yahoo.com email account. Clearly, Ms. Wiswell has possession, custody, or control of the computer.

Discovery of the computer's hard drive is also proper under Rule 34 and necessary under the circumstances. The documents produced by Ms. Wiswell confirm that the computer contains relevant evidence, and suggest that there is additional evidence on the computer that can only be accessed by imaging and inspecting its hard drive. We insist that you make the Wiswells' personal computer available immediately for inspection and copying of the hard drive.

In addition, as we detailed in our September 15 letter, approximately 50 of the 200 documents produced by Ms. Wiswell on September 12 are incomplete paper printouts of electronic documents, mostly email messages and screen shots of the Inbox of the Wiswells' yahoo email account. Those documents contain cut-off sentences, partial or missing dates, and incomplete paragraphs that self-evidently continue on following pages that were not produced. As such, the printouts were not complete copies of the electronic documents. Instead of

Washington, DC ▪ Atlanta, GA ▪ Cambridge, MA ▪ Palo Alto, CA ▪ Reston, VA ▪ Brussels ▪ Taipei ▪ Tokyo

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

Victor E. Cretella III
Page 2

providing complete printouts of the original electronic documents, however, you merely copied and served the same paper printouts that you served on September 12, which of course repeats the problem rather than correcting it.  Since those documents are dated after the entry of the Court's August 3 non-spoliation Order, your client should still have the original electronic documents, from which you can make and serve complete copies.

This letter is our final attempt to resolve these issue without involving the Court.  It is increasingly clear that Ms. Wiswell and her husband are intent on avoiding or delaying discovery of their computer as long as possible, most likely to avoid the disclosure of damaging and potentially incriminating evidence.  Please let us know when you are available tomorrow or Monday, October 3, to meet and confer regarding this matter.

Sincerely,

FINNEGAN, HENDERSON, FARABOW
GARRETT & DUNNER, LLP

By: _____
Timothy A. Lemper

cc:    John F. Hornick, Esq.
       Janice B. Rockwell, Esq. (via e-mail)

**From:**        Timothy Lemper
**To:**          "jan@rockwelllaw.com".Internet.DOMGWIA
**Date:**        9/30/05 11:43AM
**Subject:**     Re: Morgan v. Wiswell and Murphy

Dear Janice,

We have reviewed Ms. Murphy's second supplemental responses to Morgan's discovery requests. Unfortunately, they do not respond to the points we raised, and instead purport to raise new objections.

Please let us know if you are available today or tomorrow to meet and confer by telephone regarding this matter, as requested in our September 29 email (below).

Sincerely,


Timothy A. Lemper, Esq.
Finnegan, Henderson, Farabow,
  Garrett & Dunner, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
Telephone: 202.408.4419 (direct)
Facsimile:   202.408.4400
E-mail: timothy.lemper@finnegan.com

NOTICE:  This e-mail is sent by a law firm and may contain
information that is confidential, protected, or privileged.
If you are not the intended recipient, please delete the
e-mail and any attachments and notify us by e-mail or
phone immediately.  Thank you.

>>> "vcretella@gordonsimmons.com" <vcretella@gordonsimmons.com> 09/30/05 11:50AM >>>
Dear Mr. Lemper:  I am in receipt of your September 29, 2005 fax to me. With respect to your last point, I will try to get any documents which were cut off reprinted to the extent I can.

As for whether Ms. Wiswell has a duty to turn over the computer, your point is not well taken.  Assuming she even has permission to use the computer, that does not mean she has possession, custody or control over the computer.  Obviously your syllogism requires an unsustainable leap of logic.

Therefore, your remaining point as to whether you have a right to examine the hard drive are inapposite.  This issue will have to be addressed to Mr. Wiswell.  However, I would like to point out that your subpoena did not properly identify what type of access you wanted of the hard drive. Accordingly, it appears that Mr. Wiswell's objections will be sustainable.

As for ipse dixit accusation that "Ms. Wiswell and her husband are intent on avoiding or delaying discovery of their computer as long as possible [in order] to aviod the disclosure of damaging and potentially incriminating evidence", this is preposterous.  Why would you make such an inflammatory statement without any justification?

Victor Cretella


   << File: ATT00052.html >>


2

-----Original Message-----
From: Timothy Lemper [SMTP:timothy.lemper@finnegan.com]
Sent: Friday, September 30, 2005 11:49 AM
To: vcretella@gordonsimmons.com
Cc: John Hornick; jan@rockwelllaw.com
Subject: RE: Morgan v. Wiswell and Murphy

Mr. Cretella,

Please let us know when you are available today or Monday, October 3, to
meet and confer regarding this matter, as requested in our letter.

Sincerely,

Timothy A. Lemper, Esq.
Finnegan, Henderson, Farabow,
  Garrett & Dunner, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
Telephone: 202.408.4419 (direct)
Facsimile:    202.408.4400
E-mail: timothy.lemper@finnegan.com

NOTICE:  This e-mail is sent by a law firm and may contain
information that is confidential, protected, or privileged.
If you are not the intended recipient, please delete the
e-mail and any attachments and notify us by e-mail or
phone immediately.  Thank you.

>>> "vcretella@gordonsimmons.com" <vcretella@gordonsimmons.com> 09/30/05
05:04PM >>>
What is your reason for wanting to meet and confer?  What's on the agenda?
 Where do you want to meet?  Your letter is not clear.

Today and Monday do not work well for me.  I had a court appearance today.
 I have a prior engagement on Monday (I teach a class at the University of
Baltimore School of law).

Victor

**From:** Lemper, Timothy
**Sent:** Friday, September 30, 2005 5:21 PM
**To:** vcretella@gordonsimmons.com; gordonsimmons.com.rsimmons
**Cc:** Hornick, John; khlaw.com.rath; rockwelllaw.com.jan
**Subject:** RE: Morgan v. Wiswell and Murphy

Mr. Cretella,

The reason and "agenda" for our requested conference is, obviously, Ms. Wiswell's refusal to make the Wiswells' personal computer available for inspection and copying of the hard drive. Despite our best efforts, Ms. Wiswell has resisted such discovery for nearly two months now, and counsel for the parties have been unable to resolve the dispute as to the propriety of such discovery despite a lengthy exchange of correspondence.

We would like to discuss this matter by telephone (we do not actually have to meet in person) because we are hopeful that it might succeed in resolving the dispute where our letters have failed. We are also required to do so under Rule 37 before seeking relief from the Court, in the event our efforts fail.

As such, please let us know if either you or Mr. Simmons are free to discuss this matter on Monday.

I am copying Ms. Rockwell on this email because she has asked to be copied on all correspondence between counsel, and we have agreed to do so as a courtesy to her.

Sincerely,


Timothy A. Lemper, Esq.
Finnegan, Henderson, Farabow,
  Garrett & Dunner, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
Telephone: 202.408.4419 (direct)
Facsimile:   202.408.4400
E-mail: timothy.lemper@finnegan.com

NOTICE: This e-mail is sent by a law firm and may contain information that is confidential, protected, or privileged. If you are not the intended recipient, please delete the e-mail and any attachments and notify us by e-mail or phone immediately. Thank you.

be able to look at the content of any documents while there.

Eighth, before we submit documents in camera/ex parte, we should have a
period to try to work it out with you.

Victor Cretella
-----Original Message-----
From:   Timothy Lemper [SMTP:timothy.lemper@finnegan.com]
Sent:   Thursday, October 06, 2005 4:31 PM
To:     vcretella@gordonsimmons.com
Cc:     John Hornick; Pat Hart; rsimmons@gordonsimmons.com; jan@rockwelllaw.com
Subject:       RE: morgan/wiswell/murphy

Victor,

If you have a proposed protocol that would resolve Hildebrand's objections
to the subpoena, we are willing to consider it.

As for Morgan, discovery of Morgan's computer hard drives is not warranted
under the facts or the law.  See, for example, the cases discussed in
Morgan's motion for expedited discovery (which your did not oppose).
You've never explained why you think it is, other than to suggest that
such discovery should be reciprocal.  Mr. Simmons made the same argument at
the August 17 status conference (i.e., that discovery of hard drives should
be "a two-way thing"), an argument that Judge Robertson said "doesn't
compute."  Transcript of August 17 hearing, at p. 11.  To the contrary,
Judge Robertson indicated that he "can't foresee a scenario under which
[Morgan] would have to turn over an image of [its] hard drive."  Transcript
of August 17 hearing, at pp. 16-17.  We've previously explained why
discovery of Morgan's hard drives is not justified.

Regardless, this is a separate issue from the discovery of the Wiswells'
personal computer.  We have tried to resolve this issue for two months, to
no avail.  The proposed protocol for discovery of Ms. Murphy's and the
Wiswells' personal computer hard drives is our last attempt at resolving
the issue without involving the Court.  Please let us know by the end of
the day if you will stipulate to it.

Sincerely,

Timothy A. Lemper, Esq.
Finnegan, Henderson, Farabow,
  Garrett & Dunner, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
Telephone: 202.408.4419 (direct)
Facsimile:   202.408.4400
E-mail: timothy.lemper@finnegan.com

NOTICE:  This e-mail is sent by a law firm and may contain
information that is confidential, protected, or privileged.
If you are not the intended recipient, please delete the

3

e-mail and any attachments and notify us by e-mail or
phone immediately. Thank you.

>>> "vcretella@gordonsimmons.com" <vcretella@gordonsimmons.com> 10/06/05
01:57PM >>>
In its current form, probably not. we could probably utilize the framework
with some changes.

Victor Cretella

-----Original Message-----
From:   Timothy Lemper [SMTP:timothy.lemper@finnegan.com]
Sent:   Thursday, October 06, 2005 1:26 PM
To:     rsimmons@gordonsimmons.com; vcretella@gordonsimmons.com
Cc:     John Hornick; Pat Hart; jan@rockwelllaw.com
Subject:        Re: morgan/wiswell/murphy

Victor,

Would the protocol then also apply to our subpoena of Wiswell's work
computer(s) and the computer and email system(s) at the offices of your
client Hildebrand Limparis & Associates, CPA's, P.C.?

Timothy A. Lemper, Esq.
Finnegan, Henderson, Farabow,
  Garrett & Dunner, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
Telephone: 202.408.4419 (direct)
Facsimile:   202.408.4400
E-mail: timothy.lemper@finnegan.com

NOTICE: This e-mail is sent by a law firm and may contain
information that is confidential, protected, or privileged.
If you are not the intended recipient, please delete the
e-mail and any attachments and notify us by e-mail or
phone immediately. Thank you.

>>> "vcretella@gordonsimmons.com" <vcretella@gordonsimmons.com> 10/06/05
01:11PM >>>
Let me know whether you are willing to follow these procedures with respect
to our request to mirror your computers.

-----Original Message-----
From:   Timothy Lemper [SMTP:timothy.lemper@finnegan.com]
Sent:   Wednesday, October 05, 2005 11:04 AM
To:     rsimmons@gordonsimmons.com; vcretella@gordonsimmons.com;
jan@rockwelllaw.com
Cc:     John Hornick; rath@khlaw.com
Subject:        Re: Stipulated Order for Discovery of Computer
Hard    Drives10-5-2005.DOC

4

```
----- Original Message -----
From: "Timothy Lemper" <timothy.lemper@finnegan.com>
To: <rsimmons@gordonsimmons.com>; <vcretella@gordonsimmons.com>;
<jan@rockwelllaw.com>
Cc: "John Hornick" <John.Hornick@finnegan.com>; <rath@khlaw.com>
Sent: Wednesday, October 05, 2005 10:30 AM
Subject: Stipulated Order for Discovery of Computer Hard
Drives10-5-2005.DOC
```

Counsel,

As discussed during our conference call yesterday, we attach a stipulated order to govern the discovery of the computer hard drives of Ms. Murphy and the Wiswells.  This proposed order is also being sent by facsimile to Mr. Holtzinger.

Let us know by close of business tomorrow, October 6, if you will stipulate to the attached motion.

Sincerely,

Timothy A. Lemper, Esq.
Finnegan, Henderson, Farabow,
  Garrett & Dunner, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
Telephone: 202.408.4419 (direct)
Facsimile:    202.408.4400
E-mail: timothy.lemper@finnegan.com

NOTICE:  This e-mail is sent by a law firm and may contain information that is confidential, protected, or privileged. If you are not the intended recipient, please delete the e-mail and any attachments and notify us by e-mail or phone immediately.  Thank you.

From:          Timothy Lemper
To:            "jan@rockwelllaw.com".Internet.DOMGWIA;
"rsimmons@gordonsimmons.com".Internet.DOMGWIA;
"vcretella@gordonsimmons.com".Internet.DOMGWIA
Date:          10/5/05 10:55AM
Subject:       Re: Morgan v. Wiswell and Murphy et al.

Victor,

As reflected in the attachment, the stipulated order adopts the definition set forth in Rule 26 (i.e., any
matter that is relevant to the claim or defense of any party).  It also allows counsel for the parties to
withhold materials they claim are irrelevant, as we discussed.

Sincerely,


Timothy A. Lemper, Esq.
Finnegan, Henderson, Farabow,
  Garrett & Dunner, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
Telephone: 202.408.4419 (direct)
Facsimile:   202.408.4400
E-mail: timothy.lemper@finnegan.com

NOTICE:  This e-mail is sent by a law firm and may contain
information that is confidential, protected, or privileged.
If you are not the intended recipient, please delete the
e-mail and any attachments and notify us by e-mail or
phone immediately.  Thank you.




>>> "Janice Rockwell" <jan@rockwelllaw.com> 10/05/05 10:56AM >>>
Timothy,

I haven't read your proposed order carefully yet, but I too distinctly
remember you saying the attorneys would work out the parameters of what the
expert was to search for.  I assume you were intending to replace paragraph
4 either with a statement to that effect or the parameters that the
attorneys were able to work out.  Am I correct?

Janice Rockwell
Janice B. Rockwell, LLC
121-A N. Court St.
Frederick, MD 21701
301-631-0900 Tel
301-631-0997 Fax
jan@rockwelllaw.com




>>> "vcretella@gordonsimmons.com" <vcretella@gordonsimmons.com> 10/05/05 10:58AM >>>
Did I misunderstand you yesterday?  I thought you said that the parties
would work out together what parameters would be applied by your expert
with respect to searching the hard drive for information.

Victor Cretella

From: Timothy Lemper [SMTP:timothy.lemper@finnegan.com]
Sent: Wednesday, October 05, 2005 11:04 AM
To: rsimmons@gordonsimmons.com; vcretella@gordonsimmons.com;
jan@rockwelllaw.com
Cc: John Hornick; rath@khlaw.com
Subject: Re: Stipulated Order for Discovery of Computer
Hard Drives10-5-2005.DOC

Counsel,

The order submitted is the compromise we are proposing.  Let us know by
close of business tomorrow if you will stipulate to the order as drafted.
 If not, we will seek relief from the Court.

Sincerely,


Timothy A. Lemper, Esq.
Finnegan, Henderson, Farabow,
  Garrett & Dunner, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
Telephone: 202.408.4419 (direct)
Facsimile:   202.408.4400
E-mail: timothy.lemper@finnegan.com

NOTICE:  This e-mail is sent by a law firm and may contain
information that is confidential, protected, or privileged.
If you are not the intended recipient, please delete the
e-mail and any attachments and notify us by e-mail or
phone immediately.  Thank you.

>>> "vcretella@gordonsimmons.com" <vcretella@gordonsimmons.com> 10/06/05
01:57PM >>>
In its current form, probably not.  we could probably utilize the framework
with some changes.

Victor Cretella

-----Original Message-----
From:  Timothy Lemper [SMTP:timothy.lemper@finnegan.com]
Sent:   Thursday, October 06, 2005 1:26 PM
To:      rsimmons@gordonsimmons.com; vcretella@gordonsimmons.com
Cc:      John Hornick; Pat Hart; jan@rockwelllaw.com
Subject:        Re: morgan/wiswell/murphy

Victor,

Would the protocol then also apply to our subpoena of Wiswell's work
computer(s) and the computer and email system(s) at the offices of your
client Hildebrand Limparis & Associates, CPA's, P.C.?

Timothy A. Lemper, Esq.
Finnegan, Henderson, Farabow,
  Garrett & Dunner, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
Telephone: 202.408.4419 (direct)
Facsimile:   202.408.4400
E-mail: timothy.lemper@finnegan.com

>>> "vcretella@gordonsimmons.com" <vcretella@gordonsimmons.com> 10/06/05
01:11PM >>>
Let me know whether you are willing to follow these procedures with respect
to our request to mirror your computers.

From:    Timothy Lemper [SMTP:timothy.lemper@finnegan.com]
Sent:    Thursday, October 06, 2005 4:31 PM
To:      vcretella@gordonsimmons.com
Cc:      John Hornick; Pat Hart; rsimmons@gordonsimmons.com; jan@rockwelllaw.com
Subject:        RE: morgan/wiswell/murphy

Victor,

If you have a proposed protocol that would resolve Hildebrand's objections
to the subpoena, we are willing to consider it.

As for Morgan, discovery of Morgan's computer hard drives is not warranted
under the facts or the law. See, for example, the cases discussed in
Morgan's motion for expedited discovery (which your did not oppose).
 You've never explained why you think it is, other than to suggest that
such discovery should be reciprocal. Mr. Simmons made the same argument at
the August 17 status conference (i.e., that discovery of hard drives should
be "a two-way thing"), an argument that Judge Robertson said "doesn't
compute." Transcript of August 17 hearing, at p. 11. To the contrary,
Judge Robertson indicated that he "can't foresee a scenario under which
[Morgan] would have to turn over an image of [its] hard drive." Transcript
of August 17 hearing, at pp. 16-17. We've previously explained why
discovery of Morgan's hard drives is not justified.

Regardless, this is a separate issue from the discovery of the Wiswells'
personal computer. We have tried to resolve this issue for two months, to
no avail. The proposed protocol for discovery of Ms. Murphy's and the
Wiswells' personal computer hard drives is our last attempt at resolving
the issue without involving the Court. Please let us know by the end of
the day if you will stipulate to it.

Sincerely,

Timothy A. Lemper, Esq.
Finnegan, Henderson, Farabow,
  Garrett & Dunner, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
Telephone: 202.408.4419 (direct)
Facsimile:   202.408.4400
E-mail: timothy.lemper@finnegan.com

**From:**      Lemper, Timothy
**Sent:**      Thursday, October 06, 2005 7:08 PM
**To:**        jan@rockwelllaw.com; rsimmons@gordonsimmons.com; vcretella@gordonsimmons.com
**Cc:**        Hart, Pat; Hornick, John
**Subject:**   Re: morgan/wiswell/murphy

Janice,

I apologize that I apparently missed your 2:44 p.m. email below.  I assume my
4:31 email to him, which I copied you on, answered your question.

Sincerely,


Timothy A. Lemper, Esq.
Finnegan, Henderson, Farabow,
  Garrett & Dunner, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
Telephone: 202.408.4419 (direct)
Facsimile:   202.408.4400
E-mail: timothy.lemper@finnegan.com

NOTICE:  This e-mail is sent by a law firm and may contain
information that is confidential, protected, or privileged.
If you are not the intended recipient, please delete the
e-mail and any attachments and notify us by e-mail or
phone immediately.  Thank you.

>>> "Janice Rockwell" <jan@rockwelllaw.com> 10/06/05 02:44PM >>>
Timothy,

Did you answer Victor's question?  Would you be willing to follow your draft
stipulated order for discovery of computer hard drives for the Defendants'
discovery of Morgan's computers?

Janice Rockwell
Janice B. Rockwell, LLC
121-A N. Court St.
Frederick, MD 21701
301-631-0900 Tel
301-631-0997 Fax
jan@rockwelllaw.com

>>> "vcretella@gordonsimmons.com" <vcretella@gordonsimmons.com> 10/06/05
05:29PM >>>
First, we did not need to oppose your motion to expedite discovery because
the Court denied it.

Second, you apparently admitted on the phone in our last call that your
expert examined Morgan's hard drives when making his conclusions.
 Accordingly, our experts will need access to those computers to evaluate
his conclusions.

Third, Rule 34 allows us to examine your documents in any form.  It is not
grounds for objection that you have provided the materials in a different
form.  If this argument were acceptable, then your alleged need to image
HLA and Wiswell's computers would be unnecessary because we have produced
the documents already and (as you admitted yesterday) know from the
inspection of your own computer that further additional documents relating
to the alleged "trespass" will not be forthcoming.  You admitted  as such
yesterday when you stated that your real reason to inspect the computer now
was determine whether there is additional documentation of communications
between Murphy and Wiswell.  But that is an entirely unrelated to your
original reason for inspecting our computers, which was to find evidence
that our client used her computer to access Morgan's computers.  If we
cannot examine your computer to determine whether your document production
was sufficient, then I don't see how you can inspect our computer to
determine whether our document production was sufficient.  (For this reason
you are cut off from recovering any fees you incur imaging any computers.)

Fourth, I don't think it is appropriate that your client keep the image of
any computer it makes pursuant to the proposal made by you.  I think it
should be kept with a third party.  Your client should only be able to
access the image from the third party if we are present.

Fifth, we should have the right to examine any programs or parameters run
by your expert on the computer and/or image and be there when they are run.

Sixth, your expert should have a specific duty to maintain the
confidentiality of any documents which are not relevant to this dispute or
which are designated as confidential by defendant (at least until the
confidentiality is overruled.)

Seventh, if you are present when your expert runs his tests, you should not
be able to look at the content of any documents while there.

Eighth, before we submit documents in camera/ex parte, we should have a
period to try to work it out with you.

Victor Cretella

| | |
|---|---|
| From: | Lemper, Timothy |
| Sent: | Thursday, October 06, 2005 6:52 PM |
| To: | vcretella@gordonsimmons.com |
| Cc: | Benesh, Susan; Hornick, John; rockwelllaw.com.jan |
| Subject: | RE: morgan/wiswell/murphy |

Victor,

As a preliminary matter, I note that you have not been copying Ms. Rockwell on your emails. As you know, Ms. Rockwell has asked to be included on correspondence among counsel, and we have tried to honor our agreement to her to do so as a courtesy.

More importantly, with respect, the protocol already addresses the points you raise.

In your fourth point, you objected to Morgan keeping a copy of the imaged hard drives, but the protocol contains no such provision. To the contrary, it expressly provides that the expert will maintain custody of the copies in a secure fashion and will not disclose their contents. See Paragraph 3. The only materials Morgan will receive are those produced by you or ordered to be produced by the Court. In addition, the protocol provides that the expert will return and/or destroy all copies of the hard drive to you when the litigation terminates. See Paragraph 9.

In your sixth, you assert that the expert should have a duty to maintain the confidentiality of any documents which are not relevant to this dispute or which are designated as confidential by defendant. This point is covered by the provision restricting disclosure of the contents of the hard drives. See Paragraph 3. It is also covered by the provision in the draft protective order (to which no party has objected) that extends the confidentiality provisions to experts, and by the provision in the protocol that requires confidential documents to be held as *attorneys* eyes only* until the protective order is entered by the Court. See Paragraph 9.

In your seventh point, you object that we should not be able to look at the content of any documents if we are present when the expert runs his tests. Obviously, this would violate the expert's duty not to disclose the contents of the hard drives to Morgan, and is already covered by the protocol. See Paragraph 3.

We do not understand your eighth point. Since we will not see the documents to be provided in camera, there is nothing for the parties to work out. If those documents are produced, it will be by order of the Court, based on its finding that the documents are relevant to the case and/or are not privileged.

Finally, the protocol does not exclude you from being present when the expert runs the tests or from observing the programs or parameters he runs. We have no objection to your doing so, so long as it is understood that he will be under no obligation to delay inspecting the computers until you can find time in your schedule. That would only leave the door open for further delay. You will have to accommodate the expert's schedule.

As for your remaining points, they do not relate to the proposed protocol. I will respond to them shortly in a separate email.

Sincerely,

Timothy A. Lemper, Esq.
Finnegan, Henderson, Farabow,
  Garrett & Dunner, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
Telephone: 202.408.4419 (direct)
Facsimile:    202.408.4400
E-mail: timothy.lemper@finnegan.com

NOTICE:  This e-mail is sent by a law firm and may contain
information that is confidential, protected, or privileged.
If you are not the intended recipient, please delete the
e-mail and any attachments and notify us by e-mail or
phone immediately.  Thank you.

**From:**         Lemper, Timothy
**Sent:**         Thursday, October 06, 2005 8:42 PM
**To:**           gordonsimmons.com.vcretella; rockwelllaw.com.jan
**Cc:**           Hornick, John
**Subject:**      Morgan v. Wiswell and Murphy

Counsel,

The protocol we proposed to govern the discovery of Defendants' personal computers was our last attempt to resolve a dispute that has drug on for two months.  Despite our best efforts, we have been unable to resolve it.

Since you will not agree to the protocol we proposed as a compromise, we will seek an order from the Court compelling the discovery of Ms. Wiswell's and Ms. Murphy's computers, as well as sanctions for the additional expense our client has incurred as a result.

Sincerely,

Timothy A. Lemper, Esq.
Finnegan, Henderson, Farabow,
   Garrett & Dunner, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
Telephone: 202.408.4419 (direct)
Facsimile:    202.408.4400
E-mail: timothy.lemper@finnegan.com

NOTICE:  This e-mail is sent by a law firm and may contain information that is confidential, protected, or privileged. If you are not the intended recipient, please delete the e-mail and any attachments and notify us by e-mail or phone immediately.  Thank you.