IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM A. MORGAN, JR., P.C., ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SUSAN WISWELL, et al., ) <br> Defendants. ) <br> ) | CIVIL ACTION NO. 1:05CV01561 <br><br> JUDGE ROBERTSON <br><br> **MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR ORDER COMPELLING DISCOVERY AND AWARDING SANCTIONS** |

# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM A. MORGAN, JR., P.C. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 05-cv-1561 |
| ) | |
| SUSAN WISWELL, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## DEFENDANT'S SUSAN WISWELL'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S DOCUMENT REQUESTS

Pursuant to Rule 34, defendant and counterclaim plaintiff Susan Wiswell ("Wiswell") hereby objects and responds to plaintiff and counterclaim defendant William A. Morgan, Jr., P.C.'s ("Morgan") document requests.

### GENERAL OBJECTIONS

A.  Defendant objects to plaintiff's document requests to the extent the requests seek information protected from discovery pursuant to the attorney-client privilege, work product doctrine, or other privileges. Defendant hereby invokes these privileges and refuses to produce any document subject to these privileges. Inadvertent production and/or identification of privileged or otherwise protected information or documents shall not constitute a waiver of any applicable privilege or immunity.

B.  Defendant reserves all objections to the admissibility at trial (or other evidentiary hearing) of any information contained in these requests.

C.  Defendant objects to these document requests to the extent that they conflict with the D.C. Rules.

D.  Defendant Wiswell objects to plaintiff's request for production of documents to

the extent the requests are unreasonable broad, vague, ambiguous, and unduly burdensome. Defendant further objects to the extent the requests seek documents not relevant to this case and documents that do not appear to be reasonably calculated to lead to discovery of admissible evidence.

E. Defendant Wiswell objects to plaintiff's request for production of documents to the extent the requests seek confidential and/or proprietary business. Confidential and/or proprietary business information will only be produced subject to the terms of an acceptable Protective Order.

F. Defendant Wiswell objects to the use of documents produced pursuant to these requests for purposes beyond the scope of the above-styled litigation.

G. Defendant Wiswell reserves the right to object to each request to the extent that it does not define the documents sought with sufficient particularity.

**Document Request No. 1:** Plaintiff's computer forensics expert shall be permitted to inspect and make an electronic image of Susan Wiswell's entire personal computer hard drive(s) or other computer memory devices controlled and used by Susan Wiswell from May 1, 2005, to the present.

RESPONSE No. 1: Defendant is unaware of any responsive personal computer hard drives which she can make available to plaintiff. If she obtains possession (or becomes aware that she has possession) of responsive tangible things, she shall supplement this response.

**Document Request No. 2:** Plaintiff's computer forensics expert shall be permitted to inspect and make an electronic image of Angela Murphy's entire personal computer hard drive(s) or other computer memory devices controlled and used by Angela Murphy from May 1, 2005, to the present.

RESPONSE No. 2: Defendant is unaware whether Angela Murphy has any responsive personal computer hard drives in her possession, custody or control. Furthermore, even if Ms.

Murphy owns such a computer, Ms. Wiswell cannot produce it because she does not have possession, custody or control of such tangible things. If defendant obtains possession, custody or control of Ms. Murphy's personal computer hard drives, she shall supplement this response.

**Document Request No. 3:** Plaintiff's computer forensics expert shall be permitted to inspect and make an electronic image of Donald Wiswell's entire personal computer hard drive(s) or other computer memory devices controlled and used by Donald Wiswell from May 1, 2005, to the present.

RESPONSE No 3: Defendant Wiswell cannot produce Donald Wiswell's personal computer hard drives as she does not have possession, custody or control of such tangible things. If defendant obtains possession, custody or control of Mr. Wiswell's personal computer hard drives, she shall supplement this response.

**Document Request No. 4:** Plaintiff's computer forensics expert shall be permitted to inspect and make an electronic image of the server transaction history of Susan Wiswell's personal computer system(s) from May 1, 2005, to the present.

RESPONSE No. 4: Defendant is unaware of any responsive personal computer systems which she can make available to plaintiff. If she obtains possession (or becomes aware that she has possession) of responsive tangible things, she shall supplement this response.

**Document Request No. 5:.** Plaintiff's computer forensics expert shall be permitted to inspect and make an electronic image of the server transaction history of Angela Murphy's personal computer system(s) from May 1, 2005, to the present.

RESPONSE No. 5: Defendant is unaware whether Angela Murphy has any responsive personal computer systems in her possession, custody or control. Furthermore, even if Ms. Murphy owns such a computer, Ms. Wiswell cannot produce it because she does not have possession, custody or control of such tangible things. If defendant Wiswell obtains possession, custody or control of Ms. Murphy's personal computer hard drives, she shall supplement this response.

**Document Request No. 6:** Plaintiff's computer forensics expert shall be permitted to inspect and make an electronic image of the server transaction history of Donald Wiswell's personal computer system(s) from May 1, 2005, to the present.

RESPONSE No. 6: Defendant Wiswell cannot produce Donald Wiswell's personal computer systems as she does not have possession, custody or control of such tangible things. If defendant obtains possession, custody or control of Donald Wiswell's personal computer systems, she shall supplement this response.

**Document Request No. 7:** Plaintiff's computer forensics expert shall be permitted to inspect and make an electronic image of the entire email account, including but not limited to the Inbox, Sent files, and folders associated with the email address johnjohnson_1974@yahoo.com.

RESPONSE No. 7: Defendant Wiswell does not have control over this account and thus cannot make it available to plaintiff.

**Document Request No. 8:** Plaintiff's computer forensics expert shall be permitted to inspect and make an electronic image of the entire email account, including but not limited to the Inbox, Sent files, and folders associated with the email address notmuchman_01@yahoo.com.

RESPONSE No. 8: Defendant Wiswell shall make this account available to plaintiff at a time and place, and pursuant to conditions mutually agreeable to the parties.

**Document Request No. 9:** Copies of all Plaintiff's ingoing and outgoing e-mails intercepted by Susan Wiswell.

RESPONSE No. 9: Plaintiff objects to this document request because the word intercepted is ambiguous. Assuming that plaintiff intended the same meaning as that used in 18 U.S.C. § 2510, defendant further objects to this request because it assumes that plaintiff has admitted an ultimate issue of plaintiff's case when in fact it has been denied.

**Document Request No. 10:** Copies of all Plaintiff's ingoing and outgoing emails intercepted by Angela Murphy.

RESPONSE No. 10: Defendant Wiswell does not have possession, custody or control

over any documents, if any, which were intercepted by Angela Murphy and thus no documents can be produced.

**Document Request No. 11:** Copies of Plaintiff's ingoing and outgoing e-mails intercepted by or forwarded to johnjohnson_1974@yahoo.com.

RESPONSE No. 11: Defendant Wiswell does not have control over this account and thus cannot make it available to plaintiff.

**Document Request No. 12:** Copies of Plaintiff's ingoing and outgoing emails intercepted by or forwarded to notmuchman_01@yahoo.com.

RESPONSE No. 12: To the extent defendant Wiswell has possession, custody or control of responsive documents, they are attached hereto.

**Document Request No. 13:** Copies of all documents and things authored or created by or for Plaintiff or Plaintiff's clients in Angela Murphy's possession, custody or control.

RESPONSE No. 13: Defendant Wiswell does not have possession, custody or control over any documents which are in the possession of Angela Murphy and thus no documents can be produced.

**Document Request No. 14:** Copies of all documents and things authored or created by or for Plaintiff or Plaintiff's clients in Susan Wiswells' possession, custody or control.

RESPONSE No. 14: To the extent defendant Wiswell has possession, custody or control of responsive documents, they are attached hereto.

**Document Request No. 15:** Copies of all documents and things, including email, sent to any of Plaintiff's clients without Plaintiff's authorization by Susan Wiswell from May 1, 2005, to the present.

RESPONSE No. 15: Defendant Wiswell does not have possession, custody or control over any documents which were sent to plaintiff's clients without plaintiff's authorization and thus, no such documents can be produced.

**Document Request No. 16:** Copies of all documents and things, including email, sent to any of Plaintiff's clients without Plaintiff's authorization by Angela Murphy from May 1, 2005, to the present.

RESPONSE No. 16: Defendant Wiswell does not have possession, custody or control over any documents which were sent to plaintiff's clients without plaintiff's authorization and thus, no such documents can be produced.

**Document Request No. 17:** Copies of all documents and things authored or created by or for Plaintiff or Plaintiff's clients and provided to Hildebrand, Limparis & Associates, CPA's, PC or downloaded, placed or stored on Hildebrand, Limparis & Associates, CPA's, PC's email or computer systems by Susan Wiswell from June 1, 2005, to the present.

RESPONSE No. 17: To the extent defendant Wiswell has possession, custody or control of responsive documents, they are attached hereto.

**Document Request No. 18:** Copies of all documents and things authored or created by Susan Wiswell and provided to Plaintiff, including but not limited to fake resumes, from June 1, 2005, to the present.

RESPONSE No. 18: To the extent defendant Wiswell has possession, custody or control of responsive documents, they are attached hereto.

**Document Request No. 19:** Copies of all documents and things authored or created by Angela Murphy and provided to Plaintiff, including but not limited to fake resumes, from June 1, 2005, to the present.

RESPONSE No. 19: Defendant Wiswell does not have possession, custody or control over any documents, if any, given by Angela Murphy to Plaintiff and thus no documents can be produced.

**Document Request No. 20:** Copies of all documents and things referring or relating to Tara Benedict.

RESPONSE No. 20: To the extent defendant Wiswell has possession, custody or control of responsive documents, they are attached hereto.

**Document Request No. 21:** Copies of all documents and things referring or relating to Dave Waskiewicz.

RESPONSE No. 21: To the extent defendant Wiswell has possession, custody or control of responsive documents, they are attached hereto.

**Document Request No. 22:** Copies of all documents and things referring or relating to Kendra Felllows.

RESPONSE No. 22: To the extent defendant Wiswell has possession, custody or control of responsive documents, they are attached hereto.

**Document Request No. 23:** Copies of all written communications and documents, including email, between any of Susan Wiswell, Angela Murphy, Donald Wiswell, and/or John Doe relating to Plaintiff, Plaintiff's clients, the creation of fake resumes, the interception, copying, or transmission of Plaintiff's electronic communications and /or documents, and successful and unsuccessful attempts to log on to Plaintiff's email and/or other computer systems, from May 1, 2005, to the present.

RESPONSE No. 23: To the extent defendant Wiswell has possession, custody or control of responsive documents, they are attached hereto.

Respectfully submitted,

_____
Roger C. Simmons, Esq.
D.C. Bar No. 12915
Victor E. Cretella, III. Esq.
D.C. Bar No. MD13459
Gordon & Simmons, LLC
603-B W. Patrick Street
Frederick, MD 21705
Phone: (301) 662-9122
Fax: (301) 698-0392
Attorney for Defendants

## CERTIFICATE OF SERVICE

I HEREBY certify that on September 12, 2005, a copy of the foregoing Defendant's Objections and Responses to Plaintiff's Document Requests was sent to the following via first class mail, prepaid postage: Janice Rockwell, Esq.: 121-A North Court Street, Frederick, MD 21701; and John Hornick, Esq.: Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P.: 901 New York Ave., N.W., Washington D.C. 20001-4413.

_____
Victor E. Cretella, III


Z:\wiswell\resp doc req2.dsc.wpd