**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| WILLIAM A. MORGAN, JR., P.C., | ) | CIVIL ACTION NO. 1:05CV01561 |
| Plaintiff, | ) | |
| | ) | JUDGE ROBERTSON |
| v. | ) | |
| | ) | **MEMORANDUM IN SUPPORT OF** |
| SUSAN WISWELL, et al., | ) | **PLAINTIFF'S MOTION FOR ORDER** |
| Defendants. | ) | **COMPELLING DISCOVERY AND** |
| | ) | **AWARDING SANCTIONS** |

# EXHIBIT 7

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

WILLIAM A. MORGAN, JR., P.C.    )
                                        )
          Plaintiff,         )
                                        )
          v.                 )     Case No.: 05-CV-1561  JR
                                        )
SUSAN WISWELL, *et al.*,        )
                                        )
          Defendants.       )
_____)

### RESPONSE TO PLAINTIFF, WILLIAM A. MORGAN, JR., P.C.'S DISCOVERY REQUESTS TO DEFENDANT, ANGELA MURPHY

Pursuant to Fed. R. Civ. Proc. 34, Defendant and Counterclaim Plaintiff, Angela Murphy ("Murphy") by her attorney, Janice B. Rockwell, responds to Plaintiff, William A. Morgan, Jr., P.C.'s ("Morgan") Discovery Requests to Defendant, Angela Murphy contained within Plaintiff's Memorandum in Support of its Motion to Preserve Evidence and for Expedited Discovery.

### GENERAL OBJECTIONS

1.     Murphy objects to each and every request to the extent that it calls for the production of documents which are subject to the attorney-client privilege, attorney work product doctrine, spousal privilege, accountant-client privilege, or any other applicable privilege. Plaintiff hereby invokes these privileges and refuses to produce any document subject to these privileges. Inadvertent production and/or identification of privileged or otherwise protected information or documents shall not constitute a waiver of any applicable privilege or immunity.

2.     Murphy objects to Morgan's Discovery Requests in that they fail to comply with Fed. R. Civ. Proc. 34. Specifically, they do not designate, by definition or otherwise, the types of documents requested as required by Rule 34(a). Further, in contravention of Fed. R. Civ. Proc.

34(b), Plaintiff served the discovery requests prior to the time specified in Rule 26(d) which requires the parties to "confer to consider the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, to make or arrange for the disclosures required by Rule 26(a)(1) and to develop a proposed discovery plan that indicates the parties' views and proposals concerning" the subjects, form and timing of the discovery plan.

      3.     Murphy objects to producing any document pursuant to any Request which is overbroad or seeks the production of documents not relevant to the subject matter of the pending litigation or which do not appear to be reasonably calculated to lead to discovery of admissible evidence.

      4.     Murphy objects to producing any documents which contain confidential business information or confidential financial information without the entry of an appropriate protective order limiting the use of such documents and access to such documents to appropriate persons.

## RESPONSES

RESPONSE TO REQUEST NO. 1    This request is not applicable to Defendant Murphy.

RESPONSE TO REQUEST NO. 2    This request is a subject of pending negotiations between counsel for the parties. Defendant Murphy objects to this request as being overbroad and irrelevant.

RESPONSE TO REQUEST NO. 3    This request is not applicable to Defendant Murphy.

RESPONSE TO REQUEST NO. 4    This request is not applicable to Defendant Murphy.

RESPONSE TO REQUEST NO. 5    This request is a subject of pending negotiations between counsel for the parties. Defendant Murphy objects to this request as being overbroad and irrelevant. Further, Defendant is unaware of any responsive personal computer systems which she can make available to Plaintiff. If she obtains possession (or becomes aware that she has possession) of

2

responsive tangible things, she shall supplement this response.

RESPONSE TO REQUEST NO. 6    This request is not applicable to Defendant Murphy.

RESPONSE TO REQUEST NO. 7    This request is not applicable to Defendant Murphy.

RESPONSE TO REQUEST NO. 8    This request is not applicable to Defendant Murphy.

RESPONSE TO REQUEST NO. 9    This request is not applicable to Defendant Murphy.

RESPONSE TO REQUEST NO. 10    Defendant Murphy has no documents that satisfy this request.

RESPONSE TO REQUEST NO. 11    Defendant Murphy has no documents that satisfy this request.

RESPONSE TO REQUEST NO. 12    Defendant Murphy has no documents that satisfy this request.

RESPONSE TO REQUEST NO. 13    To the extent Defendant Murphy has possession, custody or control of responsive documents, they are attached hereto or have been sent to Plaintiff's counsel by e-mail.

RESPONSE TO REQUEST NO. 14    This request is not applicable to Defendant Murphy.

RESPONSE TO REQUEST NO. 15    This request is not applicable to Defendant Murphy.

RESPONSE TO REQUEST NO. 16    Defendant Murphy has no documents that satisfy this request.

RESPONSE TO REQUEST NO. 17    Defendant Murphy has no documents that satisfy the first part of this request.  The second part of this request is not applicable to Defendant Murphy.

RESPONSE TO REQUEST NO. 18    This request is not applicable to Defendant Murphy.

RESPONSE TO REQUEST NO. 19    To the extent Defendant Murphy has possession, custody or control of responsive documents, they are attached hereto.

RESPONSE TO REQUEST NO. 20    Defendant Murphy has no documents that satisfy this request.

RESPONSE TO REQUEST NO. 21    Defendant Murphy has no documents that satisfy this request.

RESPONSE TO REQUEST NO. 22    Defendant Murphy has no documents that satisfy this request.

3

<u>RESPONSE TO REQUEST NO. 23</u>  Defendant Murphy objects to this request as being overbroad and irrelevant.  Subject to, and without waiving this objection, Defendant Murphy will produce the documents requested from May 1, 2005 to August 3, 2005.

Respectfully Submitted,

Janice B. Rockwell, Esquire
D.C. Bar No. MD04814
121-A North Court Street
Frederick, MD 21705
Phone: (301) 631-0900
Fax: (301) 631-0997
Attorney for Defendant, Angela Murphy

## CERTIFICATE OF SERVICE

I HEREBY certify that on September 12, 2005, a copy of the foregoing was sent via first class mail, postage prepaid and by facsimile to John Hornick, Esquire,  Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P., 901 New York Avenue, N.W., Washington, D.C. 20001-4413, Attorney for Plaintiff, William A. Morgan, Jr., P.C.; Manesh K. Rath, Esquire, Keller and Heckman LLP, 1001 G Street, N.W., Suite 500 West, Washington, D.C. 20001, Attorney for Plaintiff, William A. Morgan, Jr., P.C.; and to Roger C. Simmons, Esquire and Victor E. Cretella, III, Esquire,  Gordon & Simmons, LLC, 603B West Patrick Street, Frederick, MD 21705, Attorneys for Defendant, Susan Wiswell.

Janice B. Rockwell

C:\Documents\word perfect\Server\WPDOCS\CLIENTS\MURPHY\Response to Plaintiff's Discovery Requests 9-12-05.wpd

4