IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM A. MORGAN, JR., P.C., ) | CIVIL ACTION NO. 1:05CV01561 |
| Plaintiff, ) | |
| ) | JUDGE ROBERTSON |
| v. ) | |
| ) | **MEMORANDUM IN SUPPORT OF** |
| SUSAN WISWELL, et al., ) | **PLAINTIFF'S MOTION FOR ORDER** |
| Defendants. ) | **COMPELLING DISCOVERY AND** |
| ) | **AWARDING SANCTIONS** |

# EXHIBIT 9

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM A. MORGAN, JR., P.C. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 05-CV-1561 JR |
| ) | |
| SUSAN WISWELL, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## FIRST SUPPLEMENTAL RESPONSE TO PLAINTIFF, WILLIAM A. MORGAN, JR., P.C.'S DISCOVERY REQUESTS TO DEFENDANT, ANGELA MURPHY

Pursuant to Fed. R. Civ. Proc. 34, Defendant and Counterclaim Plaintiff, Angela Murphy ("Murphy") by her attorney, Janice B. Rockwell, serves this First Supplemental Response to Plaintiff, William A. Morgan, Jr., P.C.'s ("Morgan") Discovery Requests to Defendant, Angela Murphy contained within Plaintiff's Memorandum in Support of its Motion to Preserve Evidence and for Expedited Discovery.

### GENERAL OBJECTIONS

1. Murphy objects to each and every request to the extent that it calls for the production of documents which are subject to the attorney-client privilege, attorney work product doctrine, spousal privilege, accountant-client privilege, or any other applicable privilege. Plaintiff hereby invokes these privileges and refuses to produce any document subject to these privileges. Inadvertent production and/or identification of privileged or otherwise protected information or documents shall not constitute a waiver of any applicable privilege or immunity.

2. Murphy objects to Morgan's Discovery Requests in that they fail to comply with Fed. R. Civ. Proc. 34. Specifically, they do not designate, by definition or otherwise, the types of

documents requested as required by Rule 34(a). Further, in contravention of Fed. R. Civ. Proc. 34(b), Plaintiff served the discovery requests prior to the time specified in Rule 26(d) which requires the parties to "confer to consider the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, to make or arrange for the disclosures required by Rule 26(a)(1) and to develop a proposed discovery plan that indicates the parties' views and proposals concerning" the subjects, form and timing of the discovery plan.

3. Murphy objects to producing any document pursuant to any Request which is overbroad or seeks the production of documents not relevant to the subject matter of the pending litigation or which do not appear to be reasonably calculated to lead to discovery of admissible evidence.

4. Murphy objects to producing any documents which contain confidential business information or confidential financial information without the entry of an appropriate protective order limiting the use of such documents and access to such documents to appropriate persons.

## SUPPLEMENTAL RESPONSES

**DOCUMENT REQUEST NO. 1**   Plaintiff's computer forensics expert shall be permitted to inspect and make an electronic image of Susan Wiswell's entire personal computer hard drive(s) or other computer memory devices controlled and used by Susan Wiswell from May 1, 2005, to the present.

RESPONSE TO REQUEST NO. 1   This request is not applicable to Defendant Murphy.

**DOCUMENT REQUEST NO. 2**   Plaintiff's computer forensics expert shall be permitted to inspect and make an electronic image of Angela Murphy's entire personal computer hard drive(s) or other computer memory devices controlled and used by Angela Murphy from May 1, 2005, to the present.

RESPONSE TO REQUEST NO. 2   This request is a subject of pending negotiations between counsel for the parties. Defendant Murphy objects to this request as being overbroad and irrelevant.

**DOCUMENT REQUEST NO. 3**   Plaintiff's computer forensics expert shall be permitted to inspect and make an electronic image of Donald Wiswell's entire personal computer hard drive(s) or other

computer memory devices controlled and used by Donald Wiswell from May 1, 2005, to the present.

**RESPONSE TO REQUEST NO. 3**   This request is not applicable to Defendant Murphy.

**DOCUMENT REQUEST NO. 4**   Plaintiff's computer forensics expert shall be permitted to inspect and make an electronic image of the server transaction history of Susan Wiswell's personal computer system(s) from May 1, 2005, to the present.

**RESPONSE TO REQUEST NO. 4**   This request is not applicable to Defendant Murphy.

**DOCUMENT REQUEST NO. 5**   Plaintiff's computer forensics expert shall be permitted to inspect and make an electronic image of the server transaction history of Angela Murphy's personal computer system(s) from May 1, 2005, to the present.

**RESPONSE TO REQUEST NO. 5**   This request is a subject of pending negotiations between counsel for the parties. Defendant Murphy objects to this request as being overbroad and irrelevant. Further, Defendant is unaware of any responsive personal computer systems which she can make available to Plaintiff. If she obtains possession (or becomes aware that she has possession) of responsive tangible things, she shall supplement this response.

**DOCUMENT REQUEST NO. 6**   Plaintiff's computer forensics expert shall be permitted to inspect and make an electronic image of the server transaction history of Donald Wiswell's personal computer system(s) from May 1, 2005, to the present.

**RESPONSE TO REQUEST NO. 6**   This request is not applicable to Defendant Murphy.

**DOCUMENT REQUEST NO. 7**   Plaintiff's computer forensics expert shall be permitted to inspect and make an electronic image of the entire email account, including but not limited to the Inbox, Sent files, and folders associated with the email address johnjohnson_1974@yahoo.com.

**RESPONSE TO REQUEST NO. 7**   This request is not applicable to Defendant Murphy.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 7**   Defendant Murphy does not have possession, custody or control over this account and thus cannot make it available to Plaintiff.

**DOCUMENT REQUEST NO. 8**   Plaintiff's computer forensics expert shall be permitted to inspect and make an electronic image of the entire email account, including but not limited to the Inbox, Sent files, and folders associated with the email address notmuchman_01@yahoo.com.

RESPONSE TO REQUEST NO. 8   This request is not applicable to Defendant Murphy.

SUPPLEMENTAL RESPONSE TO REQUEST NO. 8   Defendant Murphy does not have possession, custody or control over this account and thus cannot make it available to Plaintiff.

**DOCUMENT REQUEST NO. 9**   Copies of all Plaintiff's ingoing and outgoing e-mails intercepted by Susan Wiswell.

RESPONSE TO REQUEST NO. 9   This request is not applicable to Defendant Murphy.

SUPPLEMENTAL RESPONSE TO REQUEST NO. 9   Defendant Murphy has no documents that satisfy this request.

**DOCUMENT REQUEST NO. 10**   Copies of all Plaintiff's ingoing and outgoing emails intercepted by Angela Murphy.

RESPONSE TO REQUEST NO. 10   Defendant Murphy has no documents that satisfy this request.

**DOCUMENT REQUEST NO. 11**   Copies of Plaintiff's ingoing and outgoing e-mails intercepted by or forwarded to johnjohnson_1974@yahoo.com.

RESPONSE TO REQUEST NO. 11   Defendant Murphy has no documents that satisfy this request.

**DOCUMENT REQUEST NO. 12**   Copies of Plaintiff's ingoing and outgoing emails intercepted by or forwarded to notmuchman_01@yahoo.com.

RESPONSE TO REQUEST NO. 12   Defendant Murphy has no documents that satisfy this request.

**DOCUMENT REQUEST NO. 13**   Copies of all documents and things authored or created by or for Plaintiff or Plaintiff's clients in Angela Murphy's possession, custody or control.

RESPONSE TO REQUEST NO. 13   To the extent Defendant Murphy has possession, custody or control of responsive documents, they are attached hereto or have been sent to Plaintiff's counsel by e-mail.

**DOCUMENT REQUEST NO. 14**   Copies of all documents and things authored or created by or for Plaintiff or Plaintiff's clients in Susan Wiswells' possession, custody or control.

RESPONSE TO REQUEST NO. 14   This request is not applicable to Defendant Murphy.

**DOCUMENT REQUEST NO. 15**   Copies of all documents and things, including email, sent to any of Plaintiff's clients without Plaintiff's authorization by Susan Wiswell from May 1, 2005, to the present.

RESPONSE TO REQUEST NO. 15   This request is not applicable to Defendant Murphy.

SUPPLEMENTAL RESPONSE TO REQUEST NO. 15   Defendant Murphy has no documents that satisfy this request.

**DOCUMENT REQUEST NO. 16**   Copies of all documents and things, including email, sent to any of Plaintiff's clients without Plaintiff's authorization by Angela Murphy from May 1, 2005, to the present.

RESPONSE TO REQUEST NO. 16   Defendant Murphy has no documents that satisfy this request.

**DOCUMENT REQUEST NO. 17**   Copies of all documents and things authored or created by or for Plaintiff or Plaintiff's clients and provided to Hildebrand, Limparis & Associates, CPA's, PC or downloaded, placed or stored on Hildebrand, Limparis & Associates, CPA's, PC's email or computer systems by Susan Wiswell from June 1, 2005, to the present.

RESPONSE TO REQUEST NO. 17   Defendant Murphy has no documents that satisfy the first part of this request. The second part of this request is not applicable to Defendant Murphy.

**DOCUMENT REQUEST NO. 18**   Copies of all documents and things authored or created by Susan Wiswell and provided to Plaintiff, including but not limited to fake resumes, from June 1, 2005, to the present.

RESPONSE TO REQUEST NO. 18   This request is not applicable to Defendant Murphy.

SUPPLEMENTAL RESPONSE TO REQUEST NO. 18   Defendant Murphy has no documents that satisfy this request.

**DOCUMENT REQUEST NO. 19**   Copies of all documents and things authored or created by Angela Murphy and provided to Plaintiff, including but not limited to fake resumes, from June 1, 2005, to the present.

RESPONSE TO REQUEST NO. 19   To the extent Defendant Murphy has possession, custody or control of responsive documents, they are attached hereto.

**DOCUMENT REQUEST NO. 20**   Copies of all documents and things referring or relating to Tara

5

Benedict.

RESPONSE TO REQUEST NO. 20  Defendant Murphy has no documents that satisfy this request.

**DOCUMENT REQUEST NO. 21**  Copies of all documents and things referring or relating to Dave Waskiewicz.

RESPONSE TO REQUEST NO. 21  Defendant Murphy has no documents that satisfy this request.

**DOCUMENT REQUEST NO. 22**  Copies of all documents and things referring or relating to Kendra Fellows.

RESPONSE TO REQUEST NO. 22  Defendant Murphy has no documents that satisfy this request.

**DOCUMENT REQUEST NO. 23**   Copies of all written communications and documents, including email, between any of Susan Wiswell, Angela Murphy, Donald Wiswell, and/or John Doe relating to Plaintiff, Plaintiff's clients, the creation of fake resumes, the interception, copying, or transmission of Plaintiff's electronic communications and/or documents, and successful and unsuccessful attempts to log on to Plaintiff's email and/or other computer systems, from May 1, 2005, to the present.

RESPONSE TO REQUEST NO. 23  Defendant Murphy objects to this request as being overbroad and irrelevant. Subject to, and without waiving this objection, Defendant Murphy will produce the documents requested from May 1, 2005 to August 3, 2005.

SUPPLEMENTAL RESPONSE TO REQUEST NO. 23    Defendant Murphy objects to this request as being overbroad and irrelevant. Subject to, and without waiving this objection, Defendant Murphy will produce the documents requested.

            Respectfully Submitted,

            _____
            Janice B. Rockwell, Esquire
            U.S. District Court for D.C. Bar No. MD04814
            121-A North Court Street
            Frederick, MD 21705
            Phone: (301) 631-0900
            Fax: (301) 631-0997

            Attorney for Defendant, Angela Murphy

## CERTIFICATE OF SERVICE

I HEREBY certify that on September 16, 2005, a copy of the foregoing was sent via first class mail, postage prepaid to Timothy A. Lemper and John F. Hornick, Esquire, Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P., 901 New York Avenue, N.W., Washington, D.C. 20001-4413, Attorneys for Plaintiff, William A. Morgan, Jr., P.C.; Manesh K. Rath, Esquire, Keller and Heckman LLP, 1001 G Street, N.W., Suite 500 West, Washington, D.C. 20001, Attorney for Plaintiff, William A. Morgan, Jr., P.C.; and to Roger C. Simmons, Esquire and Victor E. Cretella, III, Esquire, Gordon & Simmons, LLC, 603B West Patrick Street, Frederick, MD 21705, Attorneys for Defendant, Susan Wiswell.

_____
Janice B. Rockwell

C:\Documents\word perfect\Server\WPDOCS\CLIENTS\MURPHY\First Supplemental Response to Plaintiff's Discovery Requests 9-16-05.wpd