IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM A. MORGAN, JR., P.C., ) | CIVIL ACTION NO. 1:05CV01561 |
| Plaintiff, ) | |
| ) | JUDGE ROBERTSON |
| v. ) | |
| ) | **MEMORANDUM IN SUPPORT OF** |
| SUSAN WISWELL, et al., ) | **PLAINTIFF'S MOTION FOR ORDER** |
| ) | **COMPELLING DISCOVERY AND** |
| Defendants. ) | **AWARDING SANCTIONS** |
| ) | |

# EXHIBIT 10

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM A. MORGAN, JR., P.C. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 05-CV-1561 JR |
| | ) |
| SUSAN WISWELL, et al., | ) |
| | ) |
| Defendants. | ) |

**SECOND SUPPLEMENTAL RESPONSE TO PLAINTIFF, WILLIAM A. MORGAN, JR., P.C.'S DISCOVERY REQUESTS TO DEFENDANT, ANGELA MURPHY**

Pursuant to Fed. R. Civ. Proc. 34, Defendant and Counterclaim Plaintiff, Angela Murphy ("Murphy") by her attorney, Janice B. Rockwell, serves this Second Supplemental Response to Plaintiff, William A. Morgan, Jr., P.C.'s ("Morgan") Discovery Requests to Defendant, Angela Murphy contained within Plaintiff's Memorandum in Support of its Motion to Preserve Evidence and for Expedited Discovery.

**GENERAL OBJECTIONS**

1. Murphy objects to each and every request to the extent that it calls for the production of documents which are subject to the attorney-client privilege, attorney work product doctrine, spousal privilege, accountant-client privilege, or any other applicable privilege. Plaintiff hereby invokes these privileges and refuses to produce any document subject to these privileges. Inadvertent production and/or identification of privileged or otherwise protected information or documents shall not constitute a waiver of any applicable privilege or immunity.

2. Murphy objects to Morgan's Discovery Requests in that they fail to comply with Fed. R. Civ. Proc. 34. Specifically, they do not designate, by definition or otherwise, the types of

documents requested as required by Rule 34(a). Further, in contravention of Fed. R. Civ. Proc. 34(b), Plaintiff served the discovery requests prior to the time specified in Rule 26(d) which requires the parties to "confer to consider the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, to make or arrange for the disclosures required by Rule 26(a)(1) and to develop a proposed discovery plan that indicates the parties' views and proposals concerning" the subjects, form and timing of the discovery plan.

3.   Murphy objects to producing [illegible] overbroad or seeks the production of documents not relevant to the subject matter of the pending litigation or which do not appear to be reasonably calculated to lead to discovery of admissible evidence.

4.   Murphy objects to producing any documents which contain confidential business information or confidential financial information without the entry of an appropriate protective order limiting the use of such documents and access to such documents to appropriate persons.

## SUPPLEMENTAL RESPONSES

**DOCUMENT REQUEST NO. 2**   Plaintiff's computer forensics expert shall be permitted to inspect and make an electronic image of Angela Murphy's entire personal computer hard drive(s) or other computer memory devices controlled and used by Angela Murphy from May 1, 2005, to the present.

RESPONSE TO REQUEST NO. 2   This request is a subject of pending negotiations between counsel for the parties. Defendant Murphy objects to this request as being overbroad and irrelevant.

SUPPLEMENTAL RESPONSE TO REQUEST NO. 2   Defendant Murphy objects to this request on the following grounds:

(1)   the request is overbroad and unduly burdensome in that it seeks the entire contents of Defendant Murphy's personal computer which has been in service far longer than May 1, 2005 to the present and which contains an overwhelming amount of information that is not pertinent

2

Case 1:05-cv-01561-JR    Document 24-12    Filed 10/28/2005    Page 4 of 6

to this action;

(2) the request calls for highly confidential information, which includes Defendant Murphy's personal finance records, spousal and other personal communications, web sites visited by Defendant Murphy and a plethora of other personal information;

(3) the request purports to impose an obligation on Defendant Murphy to make available information belonging to non-parties, such as Defendant Murphy's husband, that is not within Defendant Murphy's control;

(4) the request calls for documents and information that is irrelevant or is not reasonably calculated to lead to the discovery of admissible evidence;

(5) the request seeks information and documents that are already in Plaintiff's possession or are readily accessible to Plaintiff;

(6) inspecting and imaging Defendant Murphy's computer hard drives or other memory devices is unnecessary and inappropriate because all relevant documents that may be found on or recovered from such devices have already been produced, and there is no evidence that inspecting and/or imaging such drives or devices would result in the production of any additional relevant, responsive documents;

(7) inspecting and imaging Defendant Murphy's computer hard drives or other memory devices is unnecessary and inappropriate concerning Plaintiff's allegation that Defendant Murphy could have deleted or altered documents on Plaintiff's computers because such actions could only be proven through information contained on Plaintiff's computers; the Defendants' computers would not contain such information;

(8) the request seeks documents, information or things that are otherwise protected from

disclosure;

(9) the request seeks documents, information, or things falling within the scope of the attorney-client and/or work product privileges, or documents, information or things containing the mental impressions, conclusions, opinions or legal theories of Defendant Murphy's attorneys or other representatives concerning the pending action;

(10) the request is unreasonably cumulative or duplicative in that Defendant Murphy has already produced, in response to Plaintiff's other requests, the information sought; and

(11) the Plaintiff has had and will have ample opportunity by discovery in this action to obtain the information sought by means far less intrusive and overbroad than that sought by this request.

**DOCUMENT REQUEST NO. 5**    Plaintiff's computer forensics expert shall be permitted to inspect and make an electronic image of the server transaction history of Angela Murphy's personal computer system(s) from May 1, 2005, to the present.

RESPONSE TO REQUEST NO. 5    This request is a subject of pending negotiations between counsel for the parties. Defendant Murphy objects to this request as being overbroad and irrelevant. Further, Defendant is unaware of any responsive personal computer systems which she can make available to Plaintiff. If she obtains possession (or becomes aware that she has possession) of responsive tangible things, she shall supplement this response.

SUPPLEMENTAL RESPONSE TO REQUEST NO. 5    Defendant Murphy objects to this request on the following grounds:

(a) the request is vague and unclear in that no definition is provided for "personal computer system(s)" and "server transaction history";

(b) Defendant Murphy has no "personal computer system(s)" as she understands the term and thus has no server transaction history; and

4

(c)  if by "personal computer system(s)," Plaintiff simply means Defendant Murphy's personal computer, this request is duplicative and Defendant Murphy incorporates the same objections she stated above in response to Request No. 2.

Respectfully Submitted,

/s/ Janice B. Rockwell

Janice B. Rockwell, Esquire
U.S. District Court for D.C.
Bar No. MD04814
121-A North Court Street
Frederick, MD 21705
Phone: (301) 631-0900
Fax: (301) 631-0997

Attorney for Defendant, Angela Murphy

## CERTIFICATE OF SERVICE

I HEREBY certify that on September 29, 2005, a copy of the foregoing was sent via first class mail, postage prepaid to John F. Hornick, Esquire and Timothy A. Lemper, Esquire, Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P., 901 New York Avenue, N.W., Washington, D.C. 20001-4413, Attorneys for Plaintiff, William A. Morgan, Jr., P.C.; to Manesh K. Rath, Esquire and George Brent Mickum, IV, Esquire, Keller and Heckman LLP, 1001 G Street, N.W., Suite 500 West, Washington, D.C. 20001, Attorneys for Plaintiff, William A. Morgan, Jr., P.C.; and to Roger C. Simmons, Esquire and Victor E. Cretella, III, Esquire, Gordon & Simmons, LLC, 603B West Patrick Street, Frederick, MD 21705, Attorneys for Defendant, Susan Wiswell.

/s/ Janice B. Rockwell

Janice B. Rockwell, Esquire

C:\Documents\word perfect\Server\WPDOCS\CLIENTS\MURPHY\DC District Court\Second Supplemental Response to Plaintiff's Discovery Requests 9-29-05.wpd