## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

WILLIAM A. MORGAN, JR., P.C.,     )   CIVIL ACTION NO. 1:05CV01561

        Plaintiff,         )

        )   JUDGE ROBERTSON

     v.             )

SUSAN WISWELL, et al.,        )   **MEMORANDUM IN SUPPORT OF**

        )   **PLAINTIFF'S MOTION FOR ORDER**

        Defendants.      )   **COMPELLING DISCOVERY AND**

        )   **AWARDING SANCTIONS**

_____ )

# EXHIBIT 11

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WILLIAM A. MORGAN, JR., P.C., | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. 1:05CV01561 |
| v. | ) | |
| | ) | JUDGE ROBERTSON |
| SUSAN WISWELL, | ) | |
| ANGELA MURPHY, | ) | |
| JOHN DOES(S) 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

## STIPULATED ORDER FOR DISCOVERY OF COMPUTER HARD DRIVES

Plaintiff William A. Morgan, Jr., P.C. ("Morgan") seeks discovery of the personal computer hard drives of Defendant Angela Murphy, Defendant Susan Wiswell, and non-party Donald Wiswell (the latter by subpoena). The Wiswells and Murphy have asserted various objections to this discovery. To resolve the dispute, the parties and Donald Wiswell, by and through their counsel, have stipulated to the use of the following protocol to govern discovery of those hard drives.

Accordingly, it is therefore ORDERED:

1.     Morgan's computer expert will be allowed to inspect and make an electronic copy of the personal computer hard drives of Angela Murphy, Susan Wiswell, and Donald Wiswell. Defendants, Donald Wiswell, their counsel, and/or experts retained by them, and Morgan's counsel, may be present for such inspection and copying.

2.     Before being allowed to inspect and copy the hard drives at issue, Morgan's expert must agree in writing to be bound by this Order.

3.     Morgan's expert will maintain custody of the electronic copies of those hard drives in a secure fashion, and will not disclose their contents except as provided by this Order, or as otherwise ordered by the Court. Nothing in this Order restricts Morgan's expert from

disclosing or giving testimony on any document, data, information, or thing obtained from an independent source merely because such document, data, information, or thing is also contained in the electronic copies of those hard drives.

4.    Morgan's expert will search the contents of the electronic copies of those hard drives for any documents, data, information, or things that are relevant to the claims or defenses of any party, as set forth in Morgan's Verified Complaint, Murphy's Answer and Counterclaim, and Susan Wiswell's Amended Answer and Counterclaim (the "Collected Materials").

5.    Morgan's expert will provide printouts of the Collected Materials obtained from the search of the electronic copy of each computer hard drive to counsel for the owners of the respective hard drives.  Morgan's expert will also provide an explanation of why the documents, data, information, or things in the Collected Materials are believed to be relevant to the claims or defenses of any party.

6.    Within 10 days of receiving the Collected Materials from the copy of their client's hard drive, counsel for the owners of each hard drive will designate any document, data, information, or thing that it claims is confidential, privileged, or irrelevant, and will produce to Morgan's counsel copies of all relevant non-privileged documents (the "Produced Materials"). Confidential documents, data, information, or things will be produced subject to the stipulated protective order between the parties, and on an "attorneys' eyes only" basis until such order is entered by the Court.

7.    Within 10 days of receiving the Collected Materials from the copy of their client's hard drive, counsel for the owners of each hard drive will provide *in camera* to the Court all documents, data, information, or things in the Collected Materials that it has withheld from production on the basis of privilege or irrelevance (the "In Camera Materials").  Confidential and

privileged documents, data, information, or things in the In Camera Materials will be properly

identified in accordance with the stipulated protective order between the parties. Counsel shall

also provide the Court with the explanation of Morgan's expert as to why those documents, data,

information, or things are believed to be relevant, and will provide its own explanation as to why

those documents, data, information, or things are believed to be irrelevant or privileged.

8.    The parties and Donald Wiswell agree that the Court may, in its discretion, order

that documents, data, information, or things in the In Camera Materials be produced to Morgan's

counsel based on the Court's finding that such documents are relevant to the claims or defenses

of a party and/or are not privileged.

9.    Upon the termination of this litigation and all appeals, Morgan's expert will return

and/or destroy all copies of each hard drive to the counsel for the owners of those hard drives.

NOW THEREFORE, the parties hereby stipulate, agree, and request that this Court enter

an Order requiring that the procedures set forth above shall be adopted.

IT IS SO ORDERED.


Date: _____        _____
                                      UNITED STATES DISTRICT COURT JUDGE


3

STIPULATED TO AND SUBMITTED BY:

Date: October ____, 2005                    Date: October ____, 2005


_____            _____
Janice B. Rockwell, Esq.                    Roger C. Simmons, Esq.
JANICE B. ROCKWELL, LLC                     Victor E. Cretella, III, Esq.
121-A North Court Street                    GORDON & SIMMONS, LLC
Frederick, Maryland 21701-5415              603-B West Patrick Street
                                            Frederick, Maryland  21705-0430
*Attorney for Defendant*
*Angela Murphy*                             *Attorneys for Defendant*
                                            *Susan Wiswell*



Date: October ____, 2005                    Date: October ____, 2005


_____            _____
John F. Hornick, Esq.                       John E. Holtzinger, Jr., Esq.
Stacy H. King, Esq.                         HOLTZINGER, CONNER &
Timothy A. Lemper, Esq. (admission pending)    HOLTZINGER, LLC
FINNEGAN, HENDERSON, FARABOW,               6720 Carpenter Road
  GARRETT & DUNNER, L.L.P.                  Frederick, Maryland 21703
901 New York Ave., N.W.
Washington, D.C.  20001-4413                *Attorneys for Non-Party*
                                            *Donald Wiswell*
*Attorneys for Plaintiff*
*William A. Morgan, Jr., P.C.*

4