IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM A. MORGAN, JR., P.C., )<br>         Plaintiff, )<br>                           )<br>v.                                 )<br>SUSAN WISWELL, *et al.*, )<br>         Defendants. ) | CIVIL ACTION NO. 1:05CV01561<br><br>JUDGE ROBERTSON |

### [PROPOSED] ORDER GRANTING MOTION TO COMPEL DISCOVERY AND AWARDING SANCTIONS

Plaintiff William A. Morgan, Jr., P.C. ("Morgan") has moved for an order compelling the inspection and imaging of the computer hard drives of defendants Susan Wiswell ("Wiswell") and Angela Murphy ("Murphy") and awarding sanctions for defendants' failure to provide such discovery voluntarily.

Upon consideration of the parties' pleadings, and after a hearing conducted in open court, the Court finds that Morgan has shown that it is entitled to an order compelling defendants to provide the requested discovery and ordering them to pay Morgan's reasonable expenses and attorneys fees in connection with this Motion.

Accordingly, it is therefore ORDERED:

1.    Morgan's computer expert will be allowed to inspect and make an electronic copy of the personal computer hard drives of Murphy and Wiswell. Defendants, their counsel, and/or experts retained by them, and Morgan's counsel, may be present for such inspection and copying.

2.    Before being allowed to inspect and copy the hard drives at issue, Morgan's expert must agree in writing to be bound by this Order.

3.    Morgan's expert will maintain custody of the electronic copies of those hard drives in a secure fashion, and will not disclose their contents except as provided by this Order,

or as otherwise ordered by the Court. Nothing in this Order restricts Morgan's expert from disclosing or giving testimony on any document, data, information, or thing obtained from an independent source merely because such document, data, information, or thing is also contained in the electronic copies of those hard drives.

4. Morgan's expert will search the contents of the electronic copies of those hard drives for any documents, data, information, or things that are relevant to the claims or defenses of any party, as set forth in Morgan's Verified Complaint, Murphy's Answer and Counterclaim, and Wiswell's Amended Answer and Counterclaim.

5. Morgan's expert will provide printouts of the documents, data, information, and things obtained from its search of each computer hard drive to counsel for the owner of the hard drive. Morgan's expert will also provide an explanation of why the documents, data, information, or things are believed to be relevant to the claims or defenses of any party.

6. Within ten (10) days of receiving the search results from Morgan's expert, counsel for the owner of the hard drive will designate any document, data, information, or thing that it claims is confidential, privileged, or irrelevant, and will produce to Morgan's counsel copies of all relevant non-privileged documents. Confidential documents, data, information, or things will be produced on an "attorneys' eyes only" basis until a protective order is entered.

7. Within ten (10) days of receiving the search results from Morgan's expert, counsel for the owner of each hard drive will provide *in camera* to the Court all documents, data, information, or things withheld from production on the basis of privilege or irrelevance, the explanation of Morgan's expert why such materials are believed to be relevant, and its own explanation why those materials are believed to be irrelevant or privileged.

8.  Upon the termination of this litigation and all appeals, Morgan's expert will return and/or destroy all copies of each hard drive to the counsel for the owner of each hard drive.

It is further ORDERED that Murphy and Wiswell reimburse Morgan for its reasonable attorneys' fees and expenses incurred in bringing this motion, in an amount to be determined by the Court and to be borne equally by the defendants. Morgan is ordered to submit an account of its expenses and fees to the Court within fourteen (14) days of this Order.

SO ORDERED.


Date: _____   _____
James Robertson
United States District Judge

SUBMITTED BY:

/s/                                               Date: October 28, 2005
John F. Hornick, Esq. (D.C. Bar No. 384701)
Stacey H. King, Esq. (D.C. Bar No. 473007)
Timothy A. Lemper, Esq. (admission pending)
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
901 New York Ave., N.W.
Washington, D.C. 20001-4413

*Attorneys for Plaintiff*
*William A. Morgan, Jr., P.C.*

4

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing [PROPOSED] ORDER GRANTING MOTION TO COMPEL DISCOVERY AND AWARDING SANCTIONS was sent this 28th day of October 2005, by first class U.S. mail in envelopes addressed to the following persons:

>Janice B. Rockwell, Esq.
>JANICE B. ROCKWELL, LLC
>121-A North Court Street
>Frederick, Maryland 21701-5415
>
>*Attorney for Defendant Angela Murphy*
>
>Roger C. Simmons, Esq.
>Victor E. Cretella, III, Esq.
>GORDON & SIMMONS, LLC
>603-B West Patrick Street
>Frederick, Maryland  21705-0430
>
>*Attorneys for Defendant Susan Wiswell*

_____
Martha A. Parker