IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WILLIAM A. MORGAN, JR., P.C., | ) | CIVIL ACTION NO. 1:05CV01561 |
| Plaintiff, | ) ) | |
| | ) | JUDGE ROBERTSON |
| v. | ) ) | |
| SUSAN WISWELL, et al., | ) ) | **PLAINTIFF'S MOTION TO FILE EXHIBITS UNDER SEAL** |
| Defendants. | ) ) ) | |

# EXHIBIT A

Case 1:05-cv-01561-JR    Document 27-3    Filed 10/28/2005    Page 2 of 4

William A. Morgan, Jr. vs.                         CA 05-1561                                August 17, 2005
Susan Wiswell, et al.

Page 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WILLIAM A. MORGAN, JR.,           :    Civil Action No. 05-1561
                                  :
         Plaintiff                :    August 17, 2005
                                  :
                                  :
v.                                :
                                  :
SUSAN WISWELL, ANGELA MURPHY,     :    4:30 p.m.
JOHN DOES (1 - 10)                :
         Defendants               :
                                  :
. . . . . . . . . . . . . . . . . :    . . . . . . . . . . . . .


TRANSCRIPT OF STATUS CONFERENCE
BEFORE THE HONORABLE JAMES ROBERTSON
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Plaintiff:         JOHN F. HORNICK, ESQUIRE
                           FINNEGAN, HENDERSON, FARABOW, GARRETT &
                               DUNNER, LLP
                           901 New York Avenue, NW
                           Washington, D.C.  20001-4413
                           (202) 408-4000

For the Defendant          JANICE B. ROCKWELL, ESQUIRE
Angela Murphy:             ATTORNEY AT LAW
                           121-A North Court Street
                           Frederick, Maryland  21701
                           (301) 631-0900

For the Defendant          ROGER SIMMONS, ESQUIRE
Susan Wiswell:             KIM LEMPER, ESQUIRE

Court Reporter:            REBECCA KING, RPR, CRR
                           Official Court Reporter
                           Room 4802-B, U.S. Courthouse
                           Washington, D.C. 20001
                           (202) 898-9398

Proceedings reported by machine shorthand, transcript produced
by computer-aided transcription.

Case 1:05-cv-01561-JR   Document 27-3   Filed 10/28/2005   Page 3 of 4

William A. Morgan, Jr. vs.                  CA 05-1561                     August 17, 2005
Susan Wiswell, et al.

Page 15

to produce, it's just that we proposed a stipulated protective order that would protect those documents.

Mr. Simmons said that he didn't have time to review that adequately, so I said, until we have a protective order in place, will you agree to hold the documents on an attorneys-eyes-only-basis.

He refused to do that, because he said at some point or another he has to have the ability to show our confidential documents to his client. And Mr. Simmons may have been practicing law longer than me, but in every case that I have ever seen, there's been a protective order, and the protective orders are specifically to prevent one client's confidential information from being shown to the defendant.

And think about it this way: In a trade secret case, we're accusing the defendants of improperly taking information, doing it the wrong way. What Mr. Simmons is asking us to do is to provide information to them the right way; in other words, the information they couldn't get the wrong way, he wants to be able to just show to them. That we say we can't do.

We have to have a protective order in place to protect confidential information, and I simply propose that until we have one, he accept the documents on an attorneys-eyes-only-basis, in which case he could have had the documents on the 12th. They're ready to go, they're sitting there ready to be produced.

Case 1:05-cv-01561-JR    Document 27-3    Filed 10/28/2005    Page 4 of 4

William A. Morgan, Jr. vs.                CA 05-1561                        August 17, 2005
Susan Wiswell, et al.

Page 19

required to write it 100 times on the blackboard.

Which is another way of saying, work it out. Discovery orders are common. It's also not uncommon, Mr. Simmons, if you have to have the paper before you have the discovery order, to enter into an attorneys eyes only until you do get the --

MR. SIMMONS: That's what I was going to say.

THE COURT: -- protective order.

MR. SIMMONS: Your Honor, I did offer that, and I told him that he had to understand that if I agreed to that, then I reserved the right to come back and get that lifted. And that's where we hung up and stopped negotiating.

THE COURT: Now, what's going to be turned over under the protective order is another question entirely. I do not expect Morgan to be turning over its business secrets in discovery, even under a protective order.

MR. SIMMONS: I don't want those. But I do want anything that refers to my client and stuff they say that she impacted or touched or anything else.

THE COURT: Well, that's something you can work out.

Now, here are my rulings, which I want you to -- you can present me with a revised temporary restraining order, revised as we have worked out here in court, and an order that releases the bond.

You can -- Mr. Simmons, you may take the motion for expedited discovery to be granted in part; that is, that the