IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM A. MORGAN, JR., P.C. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 05-cv-1561 |
| ) | |
| SUSAN WISWELL, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

### PARTIES' LOCAL RULE 16.3 REPORT

Pursuant to Local Rule 16.3(d), the parties hereby submit this Report to the Court. The text of the rule describing those matters appears in italics, followed by the Parties' comments. A proposed Scheduling Order is attached.

(1)   *The case tracking category in which the case should be placed; whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.*

The Parties believe that this case should be placed on the "standard track."

**Plaintiff/Counterclaim Defendant's Position**: To date, Plaintiff has filed two dispositive motions, namely, a motion to dismiss Wiswell's counterclaims (filed September 21, 2005) and a motion to dismiss Murphy's counterclaims (filed September 26, 2005). It is Plaintiff's view that such motions may dispose of Defendants' counterclaims. To avoid unnecessary effort, Plaintiff recommends that all discovery relating to Defendants' Counterclaims await the Court's ruling on Plaintiff's dispositive motions. Defendants suffer no prejudice by holding discovery in abeyance while the motions are pending. Plaintiff also anticipates filing summary judgment motions on some or all of its affirmative claims, which

1

motions are likely to result in liability judgments for Plaintiff. Such motions are also likely to result in monetary judgments for Plaintiff, in the form of statutory damages and/or attorneys' fees. Depending on the scope and result of such motions, the issue of actual damages may be left for trial after such motions are decided.

**Defendants/Counterclaim Plaintiffs' Position**: Defendants disagree that Plaintiff's motion to dismiss is likely to dispose of the Defendants' counterclaim in whole or in part. Accordingly, Defendants posit that counterclaim discovery should not be stayed during the pendency of Plaintiff's motions to dismiss. In fact, Defendants will be prejudiced if discovery is stayed during the pendency of the motions; as proposed by Plaintiff, discovery shall be completed 150 days from the date of the Court's scheduling order. However, Defendants will not get the benefit of investigating their counterclaim for 150 days if counterclaim discovery is stayed during the discovery period. Plaintiff on the other hand will not only get the full 150 days to investigate its claims, but will also get an addition 90+ days because the Court has already opened discovery on its claims. It is unfair to give Plaintiff 240+ days to take discovery on its claims but afford Defendants less than 150 days.

Accordingly, Defendants do not recommend that discovery or other matters await a decision on the Motions to Dismiss. In the alternative, if the Court decides to stay counterclaim discovery, the Court should bifurcate the discovery deadlines. The discovery period would expire 150 days from the date of the Scheduling Order for discovery tied to Morgan's claims but 150 days from the date of the Court's order denying the motions to dismiss for counterclaim discovery.

It is also unclear to Defendants whether motions for summary judgment will be granted in

2

this case. If they are, it is more likely that this Court will grant motions for summary judgment in favor of Defendants than Plaintiff, especially on Defendants' wage and hour claims.

(2) *The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.*

The parties propose that any motion to join additional parties or to amend the pleadings shall be filed within 60 days from the date of the scheduling order.

**Plaintiff/Counterclaim Defendant's Position**: At this time, Plaintiff anticipates the joinder of Defendant Susan Wiswell's husband, Donald Wiswell. Some factual issues have been narrowed by Defendants' admissions in their Answers. Plaintiff anticipates that additional factual issues can be narrowed with Requests for Admissions. Plaintiff also expects that its two pending motions to dismiss will narrow factual issues by resulting in the dismissal of Defendants' counterclaims. Plaintiff also anticipates that legal issues will be narrowed by its planned motions for summary judgment discussed *supra*.

**Defendants/Counterclaim Plaintiffs' Position**: Defendants do not anticipate the joinder of any additional parties and believe that Plaintiff's threat to add Donald Wiswell to the case is made in bad faith. Defendants believe that the parties can stipulate to certain facts either by agreement or through discovery; however, it does not appear that any legal issues can be narrowed by motion to dismiss; also, it is unclear now whether summary judgment will be a viable way to narrow any legal or factual issues as both parties anticipate filing such motions on most, if not all, issues.

(3) *Whether the case should be assigned to a magistrate judge for all purposes, including trial.*

The Parties do not request assignment to a magistrate judge.

(4) *Whether there is a realistic possibility of settling the case.*

The possibility of settlement does not appear to exist.

**Defendant Murphy's Position**: Plaintiff and Defendant Angela Murphy were on the verge of settlement during the last status conference in open court on August 17, 2005. While the settlement appeared promising, it did not materialize. Additionally, Plaintiff has filed another lawsuit against Defendant Murphy in the District Court of Maryland for Frederick County seeking repayment of wages it allegedly overpaid to Defendant Murphy.

(5) *Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.*

**Plaintiff/Counterclaim Defendant's Position**: Morgan believes early mediation would be helpful with respect to resolving this case.

**Defendants/Counterclaim Plaintiffs' Position**: Since Wiswell and Morgan believe that Morgan's settlement posture thus far has been in bad faith, it does not appear to them that mediation would be fruitful.

(6) *Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.*

The parties propose that the Court hold a hearing on summary judgment motions and decide the motions as the Court's schedule allows.

**Plaintiff/Counterclaim Defendant's Position**: As discussed in No. 1 above, Plaintiff believes that liability and possibly also damages issues can be resolved on summary judgment with respect to Plaintiff's affirmative claims, and that Defendants' counterclaims may be resolved by Plaintiff's currently pending motions to dismiss. It proposes that any summary

4

judgment motions be filed no later than 90 days after the fact discovery cutoff and 20 days after the expert discovery cut off, that the opposing party's response thereto will be due 20 days after service of the motion, and that any reply will be due 14 days after service of the response.

**Defendants/Counterclaim Plaintiffs' Position**: Wiswell and Morgan propose that any summary judgment motions be filed within 30 days after the close of discovery, that the opposing party's response thereto will be due 30 days after service of the motion, and that any reply will be due 14 days after service of the response. Since both parties apparently plan to file summary judgment motions, Defendants believe it is premature to predict who might win except Defendants will note that their wage/hour claims are particularly amenable to an award of summary judgment in their favor.

(7) *Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), Fed. R. Civ. P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.*

**Plaintiff/Counterclaim Defendant's Position:** Plaintiff seeks initial disclosures as required under Rule 26 with respect to Defendants' Counterclaims. These disclosures should be made within 14 days of the Scheduling Order being entered by this Court.

**Defendants/Counterclaim Plaintiffs' Positions**: Defendants request that the Court dispense with the initial disclosures required by Rule 26(a)(1), Fed. R. Civ. P. Contrary to Morgan's request, initial disclosures relating to its counterclaim does not appear necessary as Morgan has been fully put on notice of its claims through a counterclaim alleged with exquisite detail and extremely detailed oppositions to Morgan's motions to dismiss. If the Court orders initial disclosures, it should order that initial disclosures be made for all parties' claims. Morgan should be ordered to disclose all of his attorney and expert fees immediately as well as all of its

personnel files, payroll records and expert's work papers and correspondence. Additionally, if the Court orders that initial disclosures be made, the deadline for making counterclaim initial disclosures should expire 30 days from the date that the counterclaim discovery stay is lifted rather than the date that the Scheduling Order is entered in the event that a counterclaim discovery stay is imposed.

(8) *The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery (e.g., number of interrogatories, number of depositions, duration of depositions); whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions and depositions.*

The Parties propose that fact discovery shall be completed within 150 days after entry of the scheduling order. All discovery requests shall be served so that responses are due and depositions are scheduled on or before the discovery cutoff date. The Parties propose no departure from the presumptive limits on interrogatories and depositions in Local Rule 26.2(b), i.e., 25 interrogatories and 10 depositions per side. The parties also propose no departures from the scope of discovery permitted by the Federal Rules of Civil Procedure and the Local Rules of this Court. It is anticipated that a protective order will be needed for discovery in this matter and the Parties agree to cooperate in the drafting of a stipulated protective order.

**Plaintiff/Counterclaim Defendant's Position**: Independent of discovery being conducted in connection with the Plaintiff's Complaint, Plaintiff seeks full discovery relating to the Counterclaims filed by Defendant Wiswell and Defendant Murphy, including, but not limited to, 25 interrogatories, requests for production of documents, and admissions, for each Counterclaim. In addition, Plaintiff wants to separately depose both Defendants for no more than seven hours under Rule 30, Fed. R. Civ. P., in connection with their Counterclaims. These

depositions shall be scheduled on dates different from the deposition dates related to Plaintiff's Complaint.

**Defendants/Counterclaim Plaintiffs' Position**: Wiswell and Murphy do not object to counterclaim discovery. However, Defendants disagree that Morgan should be allowed to take two times the presumptive limits for interrogatories or depositions as requested by it. (It seeks 50 total interrogatories and 14 hours of deposition.) Defendants note that all claims arise out of the employment relationship with Morgan and that much discovery will overlap.

Wiswell and Murphy also believe that Morgan has been negotiating the protective order in bad faith. Although the Court advised them that it would not enter an "attorneys' eyes only" protective order and Defendants have continuously objected to such a provision, Morgan has nevertheless attempted to sneak such clauses into proposed protective orders during negotiations. When they were unable to trick Defendants into agreeing to an attorneys' eyes only provision they stopped negotiating entirely. It appears that they have no incentive to negotiate at all because the Court entered an interim attorneys' eyes only protective order during the August 17, 2005 hearing. Morgan apparently intends to keep this interim order in place throughout discovery by refusing to agree to any protective order which does not contain an "attorneys' eyes only provision."

(9)  *Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P. should be modified, and whether and when depositions of experts should occur.*

**Plaintiff/Counterclaim Defendant's Position**: Plaintiff proposes that parties with the burden of proof on an issue should be required to identify their experts and serve expert reports no later than 30 days after the discovery cutoff date. Parties shall be required to identify their

rebuttal experts and serve rebuttal reports no later than 50 days after the discovery cutoff date. Expert depositions may begin when rebuttal reports are served and shall be completed no later than 70 days after the discovery cutoff date.

**Defendants/Counterclaim Plaintiff's Position**: Defendants propose that parties with the burden of proof on an issue should be required to identify their experts within 45 days after the entry of the Scheduling Order. Opposition experts should be identified within 90 days after entry of the scheduling order. Rebuttal experts should be identified within 120 days after entry of the scheduling order.

If the Court bifurcates fact discovery and expert discovery as proposed by Morgan, then it should not accept the time frames identified by Morgan above; Defendants would probably only get 20 days to review expert reports and documentation relating to the experts' opinions. Since this case is very technical in nature, it would be a miscarriage of justice to give Defendants only 20 days to review Morgan's expert reports before its expert filing deadline.

(10) *In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.*

This is not a class action, and, therefore, this provision is not applicable.

(11) *Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.*

**Plaintiff/Counterclaim Defendant's Positon**: Morgan sees no need to bifurcate the trial and/or discovery.

**Defendants/Counterclaim Plaintiffs' Position**: Contrary to its statements otherwise, Defendants believe that Morgan has proposed the bifurcation of discovery. *See supra.* If the

Court stays counterclaim discovery as proposed by Morgan, the time frame for taking counterclaim discovery (expert and fact) should not coincide with the deadlines for taking discovery on Morgan's case. If the Court bifurcates expert discovery from fact discovery, Defendants should get at least 90 days to propose rebuttal reports.

(12)   *The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).*

The Parties propose that the Court order that the pretrial conference take place 60 days after the Court rules on any summary judgment motion(s) or other dispositive motion(s), or, if no summary judgment or dispositive motion(s) are filed, 75 days after the close of discovery.

(13)   *Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.*

The Parties propose that the Court set a trial date at the Pretrial conference.

[ELECTRONIC SIGNATURES ON FOLLOWING PAGE]

9


Respectfully submitted

_____/s/_____  
Janice B. Rockwell, Esq.  
D.C. Bar No. MD04814  
121-A North Court Street  
Frederick, MD 21705  
Phone: (301) 631-0900  
Fax: (301) 631-0997  
Attorneys for Defendant Murphy

_____/s/_____  
Roger C. Simmons, Esq.  
D.C. Bar No. 12915  
Victor E. Cretella, III. Esq.  
D.C. Bar No. MD13459  
Gordon & Simmons, LLC  
603-B W. Patrick Street  
Frederick, MD 21705  
Phone: (301) 662-9122  
Fax: (301) 698-0392  
Attorney for Defendant Wiswell

_____/s/_____  
Manesh K. Rath  
D.C. Bar No. 457835  
George Brent Mickum, IV  
D.C. Bar No. 396142  
Keller and Heckman LLP  
1001 G Street, N.W., Suite 500 West  
Washington, D.C. 20001  
Tel: (202) 434-4182  
Fax: (202) 434-4646  
Attorneys for Plaintiff

_____/s/_____  
John H. Hornick, Esq.  
D.C. Bar No. 384701  
Stacey H. King, Esq.  
D.C. Bar 473007  
Finnegan, Henderson, Farabow  
Garrett & Dunner, L.L.P.  
901 New York Avenue, N.W.  
Washington D.C. 20001-4413  
Attorneys for Plaintiff