IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM A. MORGAN, JR., P.C., )<br>          Plaintiff,          )<br>                                           )<br>v.                                       )<br>                                           )<br>SUSAN WISWELL,               )<br>ANGELA MURPHY,             )<br>JOHN DOES(S) 1-10,             )<br>                                           )<br>          Defendants.          ) | CIVIL ACTION NO. 1:05CV01561<br><br>JUDGE ROBERTSON |

## STIPULATED PROTECTIVE ORDER

The parties, by and through their counsel, have stipulated that certain discovery material be treated as confidential;

Accordingly, it is therefore ORDERED:

1. Designation of Discovery Materials as Confidential. All documents (as defined by Fed. R. Civ. P. 34(a)) produced in the course of discovery, all answers to interrogatories, all answers to requests for admission, all responses to requests for production of documents, and all deposition testimony and deposition exhibits shall be subject to this Order concerning confidential information, as set forth below:

    (a) The designation of confidential information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL." One who provides material may designate it as confidential only when such person in good faith believes it contains sensitive personal information, trade secrets or other confidential research, development, or commercial information. Except for documents produced for inspection at the party's facilities or as provided in Paragraph 1(b), the designation of confidential information shall be made prior to, or contemporaneously with, the production or

disclosure of that information. In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked confidential. Once specific documents have been designated for copying, any documents containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.

(b) Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives shall be deemed confidential only if they are designated as such when the deposition is taken or within thirty (30) days after receipt of the transcript. Any testimony which describes a document which has been designated as "CONFIDENTIAL," as described above, shall also be deemed to be designated as "CONFIDENTIAL."

(c) Information or documents designated as "CONFIDENTIAL" under this Order shall not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraph (d) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals), or as required by subparagraph (d)(iv).

(d) Counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as confidential under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

(i) Disclosure may be made to counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any

such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

    (ii)   Disclosure may be made to a party or employee of a party who authored or has prior knowledge of the confidential information.

    (iii)   Disclosure may be made to court reporters engaged for depositions and those persons, if any, engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this Order.

    (iv)   Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree in writing to be subject to the provisions of this Order requiring that the documents and information be held in confidence.

    (v)   Disclosure may be made to governmental authorities in connection with any criminal investigation.

    (vi)   Disclosure may be made to any person(s) designated jointly by the parties.

    (vii)   Disclosure may be made to any other person(s) designated by Order of the Court, after notice to all parties herein.

    (e)   Except as provided in subparagraph (d) above, counsel for the parties shall keep all documents designated as confidential which are received under this Order secure within their exclusive possession.

    (f)   All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred

to collectively as "copies") of documents or information designated as confidential under this Order or any portion thereof, shall be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear.

2. Confidential Information Filed With Court. To the extent that any materials subject to this Order (or any pleading, motion or memorandum referring to them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses confidential information, shall be filed under seal (by the filing party) or provided *in camera* to the Court in accordance with Local Civil Rule 5.1(j). Even if the filing party believes that the materials subject to this Order are not properly classified as confidential, the filing party shall file those materials under seal; provided, however, that the filing of a motion to seal or the submission of materials *in camera* to the Court shall be without prejudice to the filing party's rights under Paragraph 3 of this Order.

3. Challenging Designation of Confidentiality. In the event of any dispute with respect to the propriety or correctness of the designation of "CONFIDENTIAL" information, the parties shall attempt to resolve the dispute by negotiation. If such negotiations fail, a designation of confidentiality may be challenged upon motion. The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality. The information shall be treated as "CONFIDENTIAL" until the dispute is resolved, either by express written agreement between the parties or by Court Order.

4. If a party produces any document or provides any deposition testimony containing information that it deems "CONFIDENTIAL" information without marking such information as "CONFIDENTIAL," the producing or providing party shall promptly upon discovery of such disclosure inform the receiving party in writing. Upon receiving such notice, the receiving party

4

shall treat the information as "CONFIDENTIAL" until the parties either agree that such information need not be treated as "CONFIDENTIAL" information, or until the Court rules that such information is not "CONFIDENTIAL" information. To the extent that such document or deposition transcript (or portions thereof) were disclosed to persons other than persons described in paragraph 1(d) above, the receiving party shall make reasonable efforts to retrieve the information promptly from such persons and to avoid any further disclosure to such persons.

5. If a party unintentionally discloses to an opposing party information that the producing party believes to be privileged or otherwise immune from discovery, the producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the information be returned. The receiving party shall return such information and all copies thereof within ten (10) calendar days after the earliest time of (a) discovery by the receiving party of the disclosure, or (b) receiving a written request from the producing party. By returning such information to the producing party, the receiving party shall not waive its right to challenge, by motion to the Court, the producing party's assertion of such privilege or immunity.

6. Return of Confidential Material at Conclusion of Litigation. Within thirty (30) calendar days after the completion of the litigation and all appeals, the parties shall return to the originating party all material treated as confidential under this Order and not received in evidence. If the parties so stipulate, the material may be destroyed instead of being returned. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

7. Nothing in this Order shall preclude any party from seeking and obtaining, by motion to the Court, additional protection with respect to the confidentiality or non-confidentiality of documents or deposition transcripts (or portions thereof), or relief from this Order with respect to

particular documents or deposition transcripts (or portions thereof) designated as "CONFIDENTIAL" information hereunder.

8.  Nothing in this Order, and no "CONFIDENTIAL" information designation, shall prevent counsel from advising their respective clients in any way relating to this Action.

NOW THEREFORE, the parties hereby stipulate, agree, and request that this Court enter an Order requiring that the procedures set forth above shall be adopted for the protection of the parties' respective confidential information.

IT IS SO ORDERED.

Date: _____          _____
                                          UNITED STATES DISTRICT COURT JUDGE

AGREED TO AND SUBMITTED BY:

Date: November 7, 2005                                                          Date: November 7, 2005


/s/ Janice B. Rockwell                                                              /s/ Victor E. Cretella, III
Janice B. Rockwell, Esq.                                                        Roger C. Simmons, Esq.
JANICE B. ROCKWELL, LLC                                                 Victor E. Cretella, III, Esq.
121-A North Court Street                                                        GORDON & SIMMONS, LLC
Frederick, Maryland 21701-5415                                           603-B West Patrick Street
Attorney for Defendant                                                            Frederick, Maryland 21705-0430
Angela Murphy                                                                         Attorneys for Defendant
                                                                                                  Susan Wiswell


Date: November 7, 2005                                                          Date: November ____, 2005


/s/ John F. Hornick
John F. Hornick, Esq. (D.C. Bar No. 384701)                      John E. Holtzinger, Jr., Esq.
Stacy H. King, Esq. (D.C. Bar No. 473007)                         HOLTZINGER, CONNER &
Timothy A. Lemper, Esq. (admission pending)                      HOLTZINGER, LLC
FINNEGAN, HENDERSON, FARABOW,                              6720 Carpenter Road
  GARRETT & DUNNER, L.L.P.                                             Frederick, Maryland 21703
901 New York Ave., N.W.                                                      Attorneys for Non-Party
Washington, D.C. 20001-4413                                               Donald Wiswell
Attorneys for Plaintiff
William A. Morgan, Jr., P.C.