IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM A. MORGAN, JR., P.C., ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. 1:05CV01561 |
| v. ) | |
| ) | JUDGE ROBERTSON |
| SUSAN WISWELL, ) | |
| ANGELA MURPHY, ) | |
| JOHN DOES(S) 1-10, ) | |
| ) | |
| Defendants. ) | |

**STIPULATED ORDER FOR DISCOVERY OF COMPUTER HARD DRIVES**

Plaintiff William A. Morgan, Jr., P.C. ("Morgan") seeks discovery of the personal computer hard drives of Defendant Angela Murphy, Defendant Susan Wiswell, and non-party Donald Wiswell (the latter by subpoena). The Wiswells and Murphy have asserted various objections to this discovery. To resolve the dispute, the parties and Donald Wiswell, by and through their counsel, have stipulated to the use of the following protocol to govern discovery of those hard drives.

Accordingly, it is therefore ORDERED:

1. The Court hereby appoints Morgan's computer specialist, Jeff Parmet & Associates LLC, who specializes in the field of electronic discovery, to create a "mirror image" of Defendants' and Donald Wiswell's computer hard drives.

2. While acting in the role described in this Order, the Court appointed computer specialist will serve as an Officer of the Court. To the extent the computer specialist has direct or indirect access to information protected by the attorney-client or any other privilege (hereafter "privilege"), such access or disclosure will not result in a waiver of the privilege. Plaintiff, by requesting this discovery, is barred from asserting in this litigation that any such access or disclosure to the Court designated computer specialist constitutes any waiver by Defendants or

Donald Wiswell of any privilege. The computer specialist will sign the protective order in effect for this case and this Order, thereby agreeing to be bound by both orders. Plaintiff shall pay all fees and costs for the Court appointed computer specialist. Any communications between Plaintiff and/or Plaintiff's counsel and the Court appointed computer specialist as to any matters governed by this Order, including the payment of fees and costs pursuant to this Order, will be copied to Defendants' counsel and Donald Wiswell's counsel.

3. By no later than November 15, 2005, the Court appointed computer specialist will be allowed to inspect and make two electronic copies of the personal computer hard drives of Angela Murphy, Susan Wiswell, and Donald Wiswell. One of the electronic copies of Angela Murphy's computer will be kept by Angela Murphy or her counsel, and the other electronic copy will be kept in a secure location by the Court appointed computer specialist. One of the electronic copies of Donald Wiswell's computer will be kept by Susan Wiswell or her counsel, and the other electronic copy will be kept in a secure location by the Court appointed computer specialist. Defendants, Donald Wiswell, their counsel, and/or experts retained by them, and Morgan's counsel, may be present during the making of the electronic copies provided no information on any personal computer is displayed to Morgan's counsel.

4. The Court appointed computer specialist will maintain custody of the electronic copies of the hard drives in a secure fashion and will not disclose their contents, to anyone, including Morgan and its counsel, either verbally or by providing written documentation or copies of information obtained from the hard drives, except as provided by this Order, or as otherwise ordered by the Court. After this Order has been signed and until the document production is complete pursuant to this Order, all communications between the Court appointed computer specialist and Plaintiff's counsel shall take place either in the presence of Defendants'

counsel and/or Donald Wiswell's counsel, or through written or electronic communications with a copy to Defendants' counsel and Donald Wiswell's counsel. After the Court appointed computer specialist completes his work under paragraphs 3, 5, 6, and 8, such specialist no longer need copy to Defendants' counsel or Donald Wiswell's counsel his communications with Plaintiff and/or Plaintiff's counsel, and such specialist shall be free to serve as Plaintiff's testifying expert witness on all issues related to this action without involvement or interference by Defendants or Donald Wiswell, or their counsel, provided that nothing herein shall restrict or limit any defendant's ability to obtain information through discovery.

5.  The Court appointed computer specialist will search the contents of the electronic copies of the hard drives for any documents, data, information, or things that are relevant to the claims or defenses of any party, as set forth in Morgan's Verified Complaint, Murphy's Answer and Counterclaim, and Susan Wiswell's Amended Answer and Counterclaim (the "Collected Materials"). The Court appointed computer specialist shall outline the anticipated parameters of his search, such as any software or search words it intends to use, files it intends to search, and other guidelines it plans to use based upon past experience or custom in computer forensics, and shall submit same to Defendants' counsel and Donald Wiswell's counsel. The Court appointed computer specialist may then conduct his search and analysis, during which the Defendants and Donald Wiswell, and their counsel, have the right to be present. However, neither Defendants' counsel nor Donald Wiswell's counsel shall have the right to determine or affect where, when, or how long the computer specialist performs his search and analysis on a daily basis. Morgan and its counsel do not have the right to be present during such search and analysis. Should Defendants' counsel or Donald Wiswell's counsel object to the parameters, Defendants' counsel

or Donald Wiswell's counsel, as the case may be, may, within three days of receiving the parameters, seek emergency relief from the Court.

6. The Court appointed computer specialist will provide printouts/copies of the Collected Materials obtained from the search of the electronic copy of each computer hard drive to counsel for the owners of the respective hard drives, and no other persons. The Court appointed computer expert will also provide an explanation of why the documents, data, information, or things in the Collected Materials are believed to be relevant to the claims or defenses of any party.

7. Within 15 days of receiving the Collected Materials, counsel for the owners of each hard drive will designate any document, data, information, or thing that it claims is confidential, privileged, or irrelevant, and will produce to Morgan's counsel copies of all relevant, non-privileged documents (the "Produced Materials"). Confidential documents, data, information, or things within the Produced Materials will be produced subject to the stipulated protective order between the parties. A log of privileged documents that are withheld from the Produced Materials will be provided in accordance with the protective order entered in this case.

8. Within 15 days of receiving the Collected Materials from the copy of their client's hard drive, counsel for the owners of each hard drive will provide to the Court appointed computer specialist documents, data, information or things in the Collected Materials that counsel has withheld from production on the basis of irrelevance ("Irrelevant Materials"), along with an explanation of why they believe such documents, data, information or things in the Collected Materials are irrelevant, along with a request that the specialist reconsider his position. If the Court appointed computer specialist agrees that the Irrelevant Materials are irrelevant (e.g., materials that the specialist included inadvertently), such Irrelevant Materials shall not be

included in the *In Camera* Materials to be provided to the Court, and no further disclosure of Irrelevant Materials may be made. If the Court appointed computer specialist fails to agree the Irrelevant Materials are irrelevant within 5 days after receiving notice of objection, counsel for the owner of the hard drive will then provide such Irrelevant Materials to the Court, *in camera* (the "*In Camera* Materials") within 10 days after first notifying the specialist of the objection. Confidential data, information, or things in the *In Camera* Materials will be properly identified in accordance with the stipulated protective order between the parties. Counsel shall also provide the Court with the explanation of the Court appointed computer specialist as to why those documents, data, information, or things are believed to be relevant, and will provide its own explanation as to why those documents, data, information, or things are believed to be irrelevant.

9. The parties and Donald Wiswell agree that the Court may, in its discretion, order that documents, data, information, or things in the *In Camera* Materials be produced to Morgan's counsel based on the Court's finding that such documents are relevant to the claims or defenses of a party and/or are not privileged.

10. Upon termination of this litigation and all appeals, the Court appointed computer specialist will return all copies of each hard drive to the counsel for the owners of those hard drives and will delete and destroy all work materials associated with the hard drives, including all information downloaded to any computer in connection with its searches of the hard drives.

NOW THEREFORE, the parties hereby stipulate, agree, and request that this Court enter an Order requiring that the procedures set forth above shall be adopted.

IT IS SO ORDERED.

Date: _____              _____
                                          UNITED STATES DISTRICT COURT JUDGE

STIPULATED TO AND SUBMITTED BY:

Date: November 7, 2005

/s/ Janice B. Rockwell
Janice B. Rockwell, Esq.
JANICE B. ROCKWELL, LLC
121-A North Court Street
Frederick, Maryland 21701-5415

*Attorney for Defendant*
*Angela Murphy*

Date: November 7, 2005

/s/ John F. Hornick
John F. Hornick, Esq.
Stacy H. King, Esq.
Timothy A. Lemper, Esq. (admission pending)
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Ave., N.W.
Washington, D.C. 20001-4413

*Attorneys for Plaintiff*
*William A. Morgan, Jr., P.C.*

Date: November 8, 2005

/s/ Victor E. Cretella
Roger C. Simmons, Esq.
Victor E. Cretella, III, Esq.
GORDON & SIMMONS, LLC
603-B West Patrick Street
Frederick, Maryland  21705-0430

*Attorneys for Defendant*
*Susan Wiswell*

Date: November 8, 2005

/s/ John Holtzinger
John E. Holtzinger, Jr., Esq.
HOLTZINGER, CONNER &
   HOLTZINGER, LLC
6720 Carpenter Road
Frederick, Maryland 21703

*Attorneys for Non-Party*
*Donald Wiswell*

READ AND AGREED TO BY:

Date: November ___, 2005

Jeff Parmet & Associates LLC
9920 Potomac Manors Drive
Potomac, MD 20854

*Court Appointed Computer Specialist*