## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WILLIAM A. MORGAN, JR., P.C., | ) | |
| | ) | CIVIL ACTION NO. 05-1561 |
| Plaintiff, | ) | |
| | ) | JUDGE JAMES ROBERTSON |
| v. | ) | |
| | ) | |
| SUSAN WISWELL, | ) | |
| ANGELA MURPHY, | ) | |
| JOHN DOE(S) 1-10, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
## FOR LEAVE TO AMEND COMPLAINT AND JOIN DEFENDANT

Morgan files this motion to amend its Complaint and add Donald Wiswell as a defendant based on facts learned during discovery and the representations of the attorneys for Mr. Wiswell and his wife, Defendant Susan Wiswell. A copy of the proposed First Amended Complaint is attached as Exhibit 1. Because leave to amend is "freely given" under Rule 15, and in the absence of a compelling reason to deny such leave in this case, justice requires that Morgan's motion be granted.

## I. STATEMENT OF FACTS

### A. The Parties Are Still in the Initial Stages of Litigation

Plaintiff William A. Morgan, Jr., P.C. ("Morgan") filed its Complaint against Defendants Angela Murphy ("Murphy"), Susan Wiswell, and unknown John Doe Defendants on August 2, 2005. Susan Wiswell filed an Answer to the Complaint on August 29, 2005, and filed an Amended Answer on September 8, 2005. Murphy filed her Answer to the Complaint on September 15, 2005. Both Defendants asserted counterclaims against Morgan.

Defendants responded to Morgan's expedited discovery requests in September 2005, but refused to make their computer hard drives available for inspection and imaging. Susan Wiswell claimed that she did not have possession, custody, or control of the computer at her home because it belonged to her husband, Donald Wiswell. Morgan served a subpoena on Donald Wiswell on September 16, 2005 to inspect and image the computer hard drive, but counsel for Donald Wiswell objected to the subpoena on September 22, 2005.

In response, Morgan's counsel sent a letter to Donald Wiswell's attorney on September 27, 2005, indicating that if Donald Wiswell had possession, custody, and control of the computer located in the Wiswells' home, he must have engaged in the unlawful acts that Morgan had traced (by Internet Protocol address) back to Wiswells' home computer. Morgan's counsel thus asked for consent to amend its Complaint to name Donald Wiswell as one of the John Doe defendants. A copy of that letter is attached as Exhibit 2.

Apart from this limited discovery, the parties are still in the initial stages of litigation. The Court has not yet entered a scheduling order. Although the parties engaged in early discovery prompted by Morgan's motion for a preliminary injunction, discovery has not progressed further because Morgan filed motions to dismiss Defendants' counterclaims[1] and Defendants and Donald Wiswell continued to resist discovery of their computer hard drives, prompting Morgan to file a motion to compel. No depositions have taken place, and further discovery was suspended pending the parties' participation in mediation on December 22, 2005 and January 3, 2006, which ultimately proved unsuccessful.

---

[1]  Morgan's motions to dismiss Defendants' counterclaims are fully briefed and ready for disposition.

**B.    The Evidence Suggests Donald Wiswell Was Part of the Conspiracy**

The information that Defendants have provided in discovery suggests that Donald Wiswell had knowledge of and participated in the conspiracy alleged in the Complaint.  Susan Wiswell produced documents evidencing the Defendants' unlawful acts, including copies of intercepted emails, resumes and emails from fictitious job applicants, and correspondence between Defendants regarding the "surveillance" of Morgan's email correspondence.  (See Plaintiff's Motion for Order Compelling Discovery and Awarding Sanctions, pp. 8-9 & Exhibit 5.)  Those documents were produced from a computer owned by Donald Wiswell and in his possession, custody, and control.[2]  (See Exhibit 2.)  He authorized his wife's use of that computer.  (See Exhibit 3, Transcript of November 3, 2005 Hearing, 21:2-6.)  Morgan has previously presented this Court with evidence linking Donald Wiswell's computer located in the Wiswells' home to several attempts to hack into Morgan's email system and to several emails Morgan received from fictitious job candidates, which impeded Morgan's hiring efforts.  (See Memorandum in Support of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, pp. 10-11 & Exhibit A, ¶¶ 14-20.)

The documents also show that Donald Wiswell had knowledge of his wife's unlawful activities and participated in them.  For example, the documents produced by Susan Wiswell include an email from Donald Wiswell to the notmuchman_01@yahoo.com email account sent just before Defendants unlawfully accessed Morgan's email accounts remotely through the Internet.  The email contained instructions on how to access Morgan's email accounts remotely through the Internet.  (See Plaintiff's Motion for Order Compelling Discovery and Awarding Sanctions, Exhibit 5, Bates No. 0000015.)  The documents produced by both Defendants also

3

contain emails from Donald Wiswell's email account suggesting that he was involved in Defendants' conspiracy. (See, e.g., Plaintiff's Motion for Order Compelling Discovery and Awarding Sanctions, Exhibit 5, Bates No. 000148, 150-152, 157-58, 162 and Exhibit 8.)

## II.    ARGUMENT

### A.    Leave to Amend Pleadings is "Freely Given"

Under Federal Rule of Civil Procedure 15(a), leave to amend pleadings "shall be freely given when justice so requires."[3] Fed.R.Civ.P. 15(a); see Foman v. Davis, 371 U.S. 178 (1962). The D.C. Circuit has held that it is an abuse of discretion for a trial court to deny leave to amend unless there is a sufficiently compelling reason, such as undue delay, bad faith, dilatory motive, or futility of amendment. See Childers v. Mineta, 205 F.R.D. 29, 31 (D.D.C. 2001) (quoting Foman, 371 U.S. at 182; Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). The party opposing the amendment carries the burden of persuading the court to deny leave to amend. See Nwachukwu v. Karl, 222 F.R.D. 208, 211 (D.D.C. 2004); Dove v. Wash. Metro. Area Transit Auth., 221 F.R.D. 246, 247 (D.D.C. 2004).

There is no compelling reason in this case to deny Morgan's motion, which is timely filed and will cause no undue prejudice to Defendants. Morgan's motion should therefore be granted.

### B.    Morgan's Amendment to the Complaint and Joinder of Donald Wiswell Is Not Futile

Morgan's request to amend its Complaint and add Donald Wiswell as a defendant is not futile. Under Rule 15(a), a party may amend its pleading to add a party. See Liberty Mut. Ins. Co. v. Hurricane Logistics Co., 216 F.R.D. 14, 16 (D.D.C. 2003). While a motion to amend a

---

[2]  During the November 3, 2005 status conference, Susan Wiswell's attorney told the Court that the computer at issue "is owned by a company that her husband works for." (Ex. 3, Transcript of November 3, 2005 Hearing, 9:6-9.) He was later forced to admit, however, that Mr. Wiswell owns the company. (Id., 20:10-22.)

Complaint to add a party may also implicate Rules 20 and 21, the standards for amending the Complaint and adding a defendant are the same after a responsive pleading has been served: leave to amend lies within the discretion of the court and should be "freely given." Id. at 16 n.5.

Morgan's request to join Donald Wiswell as a defendant is clearly permissible based on the law and the facts. The joinder rules allow for a party to be added as a defendant where, as here, the same claims are asserted against all defendants based on the same series of acts and events. Rule 20 states:

> All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20. Moreover, Rule 21 provides that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Fed. R. Civ. P. 21.

As detailed above, there is an ample evidentiary basis for Morgan's assertion of the same claims against Donald Wiswell that it has already asserted against his wife and Angela Murphy, based on a series of the same or related acts and events. Donald Wiswell owned the computer used in furtherance of the conspiracy, and he gave his wife permission to use the computer with apparent knowledge of her unlawful activities. Indeed, Susan Wiswell appears to have communicated with her conspirators using an email account and/or password that Donald Wiswell either controlled or shared with his wife. He also appears to have authored some of the email communications exchanged in furtherance of Defendants' conspiracy, and to have been involved in the effort to access Morgan's computers remotely through the Internet. Given the

---

[3] "Rule 15 embodies a generally favorable policy toward amendments. . . . If the underlying facts or circumstances relied upon by the plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his

evidence, Morgan is entitled to the opportunity to conduct discovery to prove that Donald Wiswell is also liable for the claims asserted against the existing Defendants in Morgan's original Complaint. Since Morgan seeks to assert the same claims against Donald Wiswell that it asserts against the other Defendants, based on the same or related acts and events, Morgan's proposed amendment to join Donald Wiswell as a defendant is clearly permissible.

### C.    Morgan's Motion to Amend its Complaint is Timely

The Court has not yet entered a scheduling order in this case. As such, the deadlines to add parties, amend the Complaint, and conduct discovery have not been set, let alone passed. Morgan's request for leave to amend its Complaint and add a defendant is thus clearly timely.

### D.    There is No Prejudice to Defendants

"Although any amendment designed to strengthen the other side's case will in some way harm the opponent, it does not necessarily follow that such an amendment must be unduly prejudicial. To deny leave to amend, prejudice must in fact be undue." Nwachukwu, 222 F.R.D. at 212 (citations omitted).

Defendants will not be unduly prejudiced by Morgan's proposed amendment and joinder. Discovery is at an early stage. No depositions have been taken and the parties have engaged in only limited document production. Moreover, the facts upon which Morgan's amendment and joinder are based are already within Defendants' possession. Furthermore, Defendants have been on notice of Morgan's intent to add Donald Wiswell as a defendant since Defendants provided the information evidencing Donald Wiswell's involvement. Given the circumstances, Morgan's amendment to the Complaint and its joinder of Donald Wiswell as a defendant will not result in any prejudice to Defendants.

---

claim on the merits." Davis v. Liberty Mut. Ins. Co., 871 F.2d 1134, 136-37 (D.C. Cir. 1989).

## III.    CONCLUSION

Given the facts of this case and the liberal test set forth in Fed. R Civ. P. 15(a), Morgan respectfully requests that its motion be granted and that its First Amended Complaint be entered into the docket.

Respectfully submitted,

Date: February 2, 2006

_John Hornick /TAL_
John F. Hornick (D.C. Bar No. 384701)
Stacy H. King (D.C. Bar No. 473007)
Timothy A. Lemper (D.C. Bar No. 494538)
FINNEGAN, HENDERSON, FARABOW,
    GARRETT & DUNNER, L.L.P.
901 New York Ave., NW
Washington, D.C. 20001-4413
(202) 408-4000

Attorneys for Plaintiff
William A. Morgan, Jr., P.C.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that true and correct copies of the foregoing

PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND JOIN DEFENDANT

and MEMORANDUM IN SUPPORT (including the PROPOSED FIRST AMENDED

COMPLAINT) were served this *2nd* day of February, 2006, by First Class U.S. Mail on the

following:

Janice B. Rockwell, Esq.
JANICE B. ROCKWELL LLC
121-A North Court Street
Frederick, MD 21705
*Attorney for Defendant*
*Angela Murphy*

Victor E. Cretella, III, Esq.
GORDON & SIMMONS, LLC
603B West Patrick Street
Frederick, MD 21705
*Attorney for Defendant*
*Susan Wiswell*

John E. Holtzinger, Jr., Esq.
HOLTZINGER, CONNER &
   HOLTZINGER, LLC
6720 Carpenter Road
Frederick, Maryland 21703
*Attorneys for Non-Party*
*Donald Wiswell*