IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM A. MORGAN, JR., P.C., ) | |
|     Plaintiff, ) | CIVIL ACTION NO. 05-1561 |
| v. ) | |
| SUSAN WISWELL, ) ANGELA MURPHY, ) JOHN DOE(S) 1-10, ) | |
|     Defendants. ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE
TO AMEND COMPLAINT AND JOIN DEFENDANT**

# EXHIBIT 2



FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

901 New York Avenue, NW ▪ Washington, DC 20001-4413 ▪ 202.408.4000 ▪ Fax 202.408.4400
www.finnegan.com

Timothy A. Lemper
202-408-4419
timothy.lemper@finnegan.com

September 27, 2005

John E. Holtzinger, Jr., Esq.
HOLTZINGER, CONNER & HOLTZINGER, LLC
6720 Carpenter Road
Frederick, Maryland 21703

**VIA E-MAIL AND
FACSIMILE (301-371-3516)**

Re:   William A. Morgan, Jr., P.C. v. Wiswell and Murphy, et al.

Dear John:

This letter responds to your September 22 letter objecting to the subpoena personally served on Donald Wiswell.

As you are no doubt aware, Mr. Wiswell's wife, Susan, is accused of using her home and work computers to access and attempt to access the email and computer system of William A. Morgan, Jr., P.C. ("Morgan"), to obtain Morgan's proprietary client information, to forward and read Morgan's email messages, and to send resumes and emails to Morgan under false pretenses. On August 3, Morgan moved for expedited discovery of Ms. Wiswell's home computer hard drive, among other things. She did not oppose that motion and did not respond to those discovery requests, even when ordered to do so by the Court.

Instead, Ms. Wiswell claimed that she did not have possession, custody, or control of the Wiswells' home computer, even though it is kept in the Wiswells' home. She clearly had access to and permission to use it (and frequently did so), and she had sufficient possession, custody, or control to be able to "produce[] all of the documents relevant to this case which were on the computer," as you state in your letter. Those documents contain Morgan's proprietary information (e.g., its client list and client materials). They also contain some, but not all, of the emails forwarded from Morgan's email accounts, the emails sent to Morgan under false pretenses, and the emails exchanged with Angela Murphy (Ms. Wiswell's alleged conspirator).

If, on the other hand, Susan Wiswell does not have possession, custody, or control of the computer in her home as she alleges, then Donald Wiswell must have sent some or all of the emails, and engaged in the other unlawful acts, that originated from such computer. Thus, we ask for your consent to an amendment of the Complaint to add Mr. Wiswell as one of the John Doe defendants. Absent such consent, we will be forced to file a motion to amend.

These facts suggest that there is additional evidence on the Wiswells' home computer that has been deleted (intentionally or unintentionally) or is no longer accessible through traditional email or word processing programs, but that still exists on the computer's hard drive. Such evidence can only be accessed by imaging and inspecting the hard drive.

John E. Holtzinger, Jr.
Page 2

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

  We are not required to identify what kind of inspection will be made of the Wiswells' home computer, or how long it will take. However, if your client had made a good faith effort to comply with the subpoena rather than objecting to it at the eleventh hour, you would have learned that the imaging consists of merely making a copy of the hard drive, and can be completed in less than two hours. The imaging can take place at the Wiswells' home or at another convenient location. It can be performed at night, on the weekends, or while the Wiswells are at work.

  The inspection of the imaged copy would take place later and would not require the Wiswells' to be present or participate. The inspection consists of using a computer program to search all of the space on the hard rive (including unassigned space where deleted or displaced information is still retained) for information relevant to Morgan's claims. Obviously, because the computer is in your client's custody we have no way of knowing or identifying the precise nature of the information or its location on the hard drive, but the evidence strongly suggests that the hard drive is likely to contain evidence of deleted e-mail correspondence and other documents, attempts to access Morgan's e-mail system, and attempts to destroy evidence after the Wiswells received notice of this lawsuit.

  With respect to your objection that the hard drive may contain privileged or confidential information, our computer expert is willing to undertake in writing (or as an expert appointed by the Court) an obligation to search the image of the hard drive for relevant evidence without our involvement or access, and to provide all relevant evidence to you for identification of privileged or confidential information. You would then produce all relevant non-privileged evidence to us[1] and provide the Court in camera with a report of any relevant evidence that has been withheld. Such procedure is an established protocol for such electronic discovery in the federal courts, and addresses any legitimate concerns you may have about the disclosure of privileged or confidential information.

  We do not understand your assertion that the request for documents after May 1, 2005 that relate to Morgan is somehow overbroad or unduly burdensome. The scope of the request is narrowly restricted to the relevant time period when Ms. Wiswell was preparing to terminate her employment with Morgan, corresponding with her new employer, and accessing and attempting to access Morgan's email and computer system, reading its emails, and corresponding with its employees under false pretenses. Since Mr. Wiswell's only connection to Morgan was through his wife's employment by Morgan, any documents he has from this time period that are in any way related to Morgan are likely to be relevant or reasonably calculated to lead to the discovery of admissible evidence.

  We also do not understand your objection to producing documents from May 1, 2005 because Morgan has objected to producing documents prior to June 3, 2005 in response to other discovery requests. The parties are not alleged to have engaged in the same acts. Unlike

---

[1] Confidential relevant information would be produced and held on an attorneys-eyes-only basis until the Court enters a protective order.

John E. Holtzinger, Jr.
Page 3

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

Morgan, Susan Wiswell in May 2005 was corresponding with her new employer and making preparations to terminate her employment with Morgan, which may have included accessing or planning to access Morgan's email system and client files to obtain information to take with her before leaving Morgan's employ, agreeing with Ms. Murphy to engage in unlawful acts or seeking her assistance in accomplishing such acts after Ms. Wiswell terminated her employment, or engaging in acts that harmed or were intended to harm Morgan. Donald Wiswell likely knew of his wife's activities in May 2005, and may have participated in or assisted his wife in performing those acts. Documents from May 2005 that are related in any way to Morgan are thus relevant or reasonably calculated to lead to the discovery of admissible evidence.

This letter is our attempt to resolve this dispute without the Court's involvement. If Mr. Wiswell does not immediately comply with the subpoena, we will seek an Order from the Court compelling such discovery and imposing sanctions. If Mr. Wiswell fails to comply, we must assume that he is withholding relevant and potentially incriminating documents.

Sincerely,

FINNEGAN, HENDERSON, FARABOW
GARRETT & DUNNER, LLP

By: /s/ Tim Lemper
Timothy A. Lemper

cc:   John F. Hornick, Esq.

## HOLTZINGER, CONNER & HOLTZINGER, LLC
### ATTORNEYS-AT-LAW
*6720 Carpenter Road*
*Frederick, MD  21703*
301-371-3514           *Fax: 301-371-3516*

---

September 22, 2005

**VIA FACSIMILE AND FIRST CLASS MAIL**

John F. Hornick, Esquire
Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P.
901 New York Avenue, NW
Washington, DC  20001

    Re:    Morgan, P.C. v. Wiswell et al., OBJECTION TO SUBPOENA

Dear Mr. Hornick:

    I have been retained by Donald Wiswell in order to object to the subpoena which was purportedly served on it. Thus, for the reasons set forth below, except as otherwise indicated, Mr. Wiswell shall not permit inspection and copying of the requested documents.

    Request No. 1. Computer hard drive(s) or other computer memory devices that have been accessed or used by Susan Wiswell, or that have been kept in your residence(s) also occupied by Susan Wiswell from May 1, 2005, to the present.

    Response to Request No. 1. Mr. Wiswell objects to this request for a number of reasons. First, you failed to identify what kind of inspection would be made of the computer hard drives, or how long the inspection would last. By failing to do so, this request is fatally flawed, overbroad, and manifestly unreasonable.

    Second, assuming that you want to inspect the hard drives in order to copy files, Mr. Wiswell further objects because this request seeks privileged information and trade secrets. For example, most of the documents found on the requested hard drive(s) include confidential information about Mr. Wiswell's business. Not only is the vast majority of the information privileged, confidential and secret, but this information is not even relevant to the dispute.

    Request No. 2. The computer servers, access logs and any other transaction histories for the computers or devices identified in Paragraph 1 above from May 1, 2005, to the present.

    Response to Request No. 2. Mr. Morgan objects to this request because it is hopelessly vague. It is entirely unclear what type of access logs and transaction histories Morgan is referring to or whether Mr. Wiswell's computers record such data. Furthermore, it is unclear whether you are asking Mr. Morgan to produce the server itself or documentation printed from any server. (Since no server exists, nothing can be produced regardless of which interpretation you meant.)

2

Request No. 3. Copies of any documents, including e-mails, after May 1, 2005, related to William A. Morgan, Jr., P.C.

Response to Request No. 3. Morgan objects to this request as overbroad and unduly burdensome; by asking for all documents "related to Morgan", Plaintiff's request is impossible to answer. Furthermore, it has come to my attention that you have objected to the production of documents before June 3, 2005 (the date Ms. Wiswell was constructively fired). I do not understand how you can have it both ways.

Despite this objection, to the best of my knowledge, Ms. Wiswell has already produced all of the documents relevant to this case which were on the computer.

Although we have objected to production of documents for these requests, we stand ready to discuss a mutually agreeable way to resolve this discovery dispute. I look forward to hearing from you.

Sincerely,

John E. Holtzinger, Jr.
Attorney for Donald Wiswell

ssc