IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WILLIAM A. MORGAN, JR., P.C.,   )
            Plaintiff,   )
                         )   CIVIL ACTION NO. 05-1561
   v.   )
SUSAN WISWELL,   )
ANGELA MURPHY,   )
JOHN DOE(S) 1-10,   )
           Defendants.   )

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE
TO AMEND COMPLAINT AND JOIN DEFENDANT**

# EXHIBIT 3

Case 1:05-cv-01561-JR   Document 37-4   Filed 02/02/2006   Page 2 of 5

William A. Morgan, Jr., P.C. vs.                    CA 05-1561
Susan Wiswell, et al.                        November 3, 2005

Page 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WILLIAM A. MORGAN, JR.,          :    Civil Action No. 05-1561
                                 :
          Plaintiff              :    November 3, 2005
                                 :
v.                               :
                                 :
SUSAN WISWELL, ANGELA MURPHY,    :
JOHN DOES (1 - 10)               :
          Defendants             :    4:30 p.m.
                                 :
. . . . . . . . . . . . . . . . .:    . . . . . . . . . . .


              TRANSCRIPT OF STATUS CONFERENCE
          BEFORE THE HONORABLE JAMES ROBERTSON
                UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Plaintiff:          JOHN F. HORNICK, ESQUIRE
                            TIMOTHY LEMPER, ESQUIRE
                            FINNEGAN, HENDERSON, FARABOW, GARRETT &
                                DUNNER, LLP
                            901 New York Avenue, NW
                            Washington, D.C.  20001-4413
                            (202) 408-4000

For the Plaintiff           MANESH K. RATH, ESQUIRE
as Counter-Defendant:       GEORGE BRENT MICKUM, IV, ESQUIRE
                            KELLER & HECKMAN, LLP
                            1001 G Street, NW
                            Washington, D.c.  20001
                            (202) 434-4182

For the Defendant           JANICE B. ROCKWELL, ESQUIRE
Angela Murphy:              ATTORNEY AT LAW
                            121-A North Court Street
                            Frederick, Maryland  21701
                            (301) 631-0900

For the Defendant           VICTOR E. CRETELLA, III, ESQUIRE
Susan Wiswell:              GORDON & SIMMONS, LLC
                            603-B West Patrick Street
                            Frederick, Maryland  21701

                            (301) 662-9122

William A. Morgan, Jr., P.C. vs.  CA 05-1561
Susan Wiswell, et al.  November 3, 2005

Page 21

1   the case, from what I understand.
2           THE COURT:  But you can say that Mrs. Wiswell denies
3   that she has control of the computer?
4           MR. CRETELLA:  She does not have -- she had a license
5   to use it at times, but not control to open it up for
6   investigation.
7           THE COURT:  Okay.  But you now say that you're going to
8   sweep all that aside, you are going to make the hard drive
9   available for imaging?
10          MR. CRETELLA:  I need to clear it with his counsel, but
11  as far as I understand, he's willing to do that and we've always
12  been open to that.
13          THE COURT:  And you're going to get that resolved by
14  the close of business on Monday?
15          MR. CRETELLA:  Yes.  Our goal is, as you said, whether
16  it's one protective order or two, come to agreement with
17  opposing counsel or be subject to the magistrate.
18          THE COURT:  And your client's hard drive?  What's the
19  story with your client's hard drive?
20          MS. ROCKWELL:  I have no problem making my client's
21  hard drive available.  As I stated, we're willing to do so.  We
22  were negotiating some of the details of the protocol, and
23  plaintiff said take it or leave it; you didn't take it in a day,
24  so we're not talking anymore.
25          THE COURT:  But you're going to talk now?

United States District Court 202-898-9398          Rebecca King, RPR, CRR
For the District of Columbia                       Official Court Reporter

2a3cd981-a86b-431c-bb8f-a0d2aea59619

Page 9

```
 1            THE COURT:  Remind me who represents whom.
 2            MS. ROCKWELL:  Yes, Your Honor.  Janice Rockwell
 3   representing defendant Angela Murphy.
 4            MR. CRETELLA:  And Victor Cretella representing Susan
 5   Wiswell.  I was not previous counsel.
 6            THE COURT:  Let's start with the Wiswell hard drive.
 7   What's the story on that, Mr. Cretella?
 8            MR. CRETELLA:  The hard drive is owned by a company
 9   that her husband works for.  And I can't speak exactly for what
10   Mr. Wiswell is willing to do there, but I know that we were
11   discussing a protocol that would allow plaintiffs to take that
12   image.  They gave us basically one day to agree to a protocol,
13   and said, this is the only offer we're going to put on the
14   table.  We're going to meet and confer, you have to accept what
15   we're putting on the table right this minute, or we'll give you
16   a day to think about it; otherwise, we're going the file our
17   motion to compel.
18            So in my opinion, they could have had the hard drive
19   three weeks ago if they didn't play hard ball like that.  In
20   fact, it's my opinion that they were intentionally trying to
21   drive this to a head by putting this in front of the Court as
22   some sort of motion to compel, and they try to present the fact
23   that we have been dragging our feet, when really, in my opinion,
24   it's the other way around.
25            THE COURT:  You know, this is addressed not only to you
```

Case 1:05-cv-01561-JR   Document 37-4   Filed 02/02/2006   Page 5 of 5

William A. Morgan, Jr., P.C. vs.                    CA 05-1561
Susan Wiswell, et al.                         November 3, 2005

Page 20

1        MS. ROCKWELL:  The plaintiffs?
2        THE COURT:  Yeah.
3        MS. ROCKWELL:  I can't recall how many counts they
4   have, but they have numerous counts in their complaint.
5        THE COURT:  Look, I know the federal rules puts an
6   arbitrary seven hours presumptive limit on depositions.  All I'm
7   saying to both sides is take seven hours and let's see what
8   happens.
9            Now let's see if I can recap where we are here.
10  Mr. Wiswell has a computer in his house which doesn't belong to
11  him.  Right?
12       MR. CRETELLA:  Mr. Wiswell?
13       THE COURT:  Didn't you say that?
14       MR. CRETELLA:  Yes.  Mr. Wiswell, I wouldn't say --
15  well, it belongs to his company, I guess.
16       THE COURT:  Is it Mr. Wiswell's company?
17       MR. CRETELLA:  Yes.
18       THE COURT:  He owns the company?
19       MR. CRETELLA:  Yes.
20       THE COURT:  Oh, well, then, what is it we're
21  negotiating with here?  Mr. Wiswell owns the company that owns
22  his computer, so it's Mr. Wiswell's computer.  So he has custody
23  and control of the computer, does he not?
24       MR. CRETELLA:  Mr. Wiswell I believe would.  I can't
25  speak for him.  His attorney is not here, but I believe that's