**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| WILLIAM A. MORGAN, JR., P.C., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SUSAN WISWELL, )<br>ANGELA MURPHY, )<br>JOHN DOE(S) 1-10, )<br>)<br>Defendants. )<br>_____) | Case No.: 1:05cv-1561 |

**ANSWER AND AFFIRMATIVE DEFENSES TO
DEFENDANT SUSAN WISWELL'S AMENDED COUNTERCLAIMS**

Plaintiff and Counterclaim Defendant William A. Morgan, P.C. ("Morgan, PC"), by and through their attorneys, hereby submits its Answer and Affirmative Defenses to the Defendant and Counterclaimant Susan Wiswell ("Counterclaimant Wiswell") Amended Answer, Counterclaim and Jury Demand ("Amended Counterclaims")(Document No. 10), as follows:

**COUNTERCLAIMS**

1. Morgan, PC admits the allegations in paragraph 114 of the Amended Counterclaims.

2. Morgan, PC lacks sufficient knowledge to admit or deny the allegations in paragraph 115 of the Amended Counterclaims, and on that basis denies the allegations as stated.

3. To the extent that the allegations in paragraph 116 of the Amended Counterclaims call for a legal conclusion, no response is required. Morgan, PC denies the remaining allegations in paragraph 116 of the Amended Counterclaims.

4.      To the extent that the allegations in paragraph 117 of the Amended Counterclaims call for a legal conclusion, no response is required. Morgan, PC denies the allegations in paragraph 117 of the Amended Counterclaims.

5.      Morgan, PC admits that Morgan, PC is a CPA firm providing accounting and tax services to individuals and businesses in the metropolitan DC Area. Morgan, PC denies the remaining allegations in paragraph 118 of the Amended Counterclaims.

6.      Morgan, PC lacks sufficient knowledge to admit or deny the allegations in paragraph 119 of the Amended Counterclaims, and on that basis denies the allegations as stated.

7.      Morgan, PC lacks sufficient knowledge to admit or deny the allegations in paragraph 120 of the Amended Counterclaims, and on that basis denies the allegations as stated.

8.      Morgan, PC lacks sufficient knowledge to admit or deny the allegations in paragraph 121 of the Amended Counterclaims, and on that basis denies the allegations as stated.

9.      Morgan, PC denies the allegations in paragraph 122 of the Amended Counterclaims.

10.     To the extent that the allegations in paragraph 123 of the Amended Counterclaims call for a legal conclusion, no response is required. Morgan, PC denies the allegations in paragraph 123 of the Amended Counterclaims.

11.     Morgan, PC denies the allegations in paragraph 124 of the Amended Counterclaims.

12.     Morgan, PC denies the allegations in paragraph 125 of the Amended Counterclaims.

13.     To the extent that the allegations in paragraph 126 of the Amended Counterclaims call for a legal conclusion, no response is required. Morgan, PC lacks sufficient knowledge to

admit or deny the allegations in paragraph 126 of the Amended Counterclaims, and on that basis denies the allegations as stated.

14.     Morgan, PC lacks sufficient knowledge to admit or deny the allegations in paragraph 127 of the Amended Counterclaims, and on that basis denies the allegations as stated.

15.     Morgan, PC lacks sufficient knowledge to admit or deny the allegations in paragraph 128 of the Amended Counterclaims, and on that basis denies the allegations as stated.

16.     Morgan, PC denies the allegations in paragraph 129 of the Amended Counterclaims.

## COUNT I

17.     Per the ORDER issued by this Court, Robertson, J., on February 10, 2006, (Document No. 38) this Count has been dismissed, and is therefore moot. Morgan, PC denies all of the allegations contained in paragraphs 130 – 134 of the Amended Counterclaims.

## COUNT II

18.     Per the ORDER issued by this Court, Robertson, J. on February 10, 2006, (Document No. 38) this Count has been dismissed, and is therefore moot. Morgan, PC denies all of the allegations contained in paragraphs 135 – 147 of the Amended Counterclaims.

## COUNT III

19.     Morgan, PC denies the allegations in paragraph 148 of the Amended Counterclaims.

20.     Morgan, PC denies the allegations in paragraph 149 of the Amended Counterclaims.

21.     To the extent that the allegations in paragraph 150 of the Amended Counterclaims call for a legal conclusion, no response is required. Morgan, PC denies the remaining allegations

in paragraph 150 of the Amended Counterclaims, and specifically avers that it has not violated 29 U.S.C. § 206(d) or any other provisions of the Equal Pay Act.

22. Paragraph 151 contains a prayer for relief for which no response is required. However, to the extent that a response is required, Morgan, PC denies the allegations in paragraph 151 of the Amended Counterclaims.

## COUNT IV

23. Morgan, PC denies the allegations in paragraph 152 of the Amended Counterclaims.

24. To the extent that the allegations in paragraph 153 of the Amended Counterclaims call for a legal conclusion, no response is required. Morgan, PC denies the remaining allegations in paragraph 153 of the Amended Counterclaims, and specifically avers that it has not violated 29 U.S.C. § 207, or any provisions of the Fair Labor Standards Act.

25. Morgan, PC denies the allegations in paragraph 154 of the Amended Counterclaims.

26. Morgan, PC denies the allegations in paragraph 155 of the Amended Counterclaims, and specifically avers that Counterclaimant Wiswell is not entitled to liquidated damages and attorneys fees pursuant to 29 U.S.C. § 216(b).

27. Paragraph 156 contains a prayer for relief for which no response is required. However, to the extent that a response is required, Morgan, PC denies the allegations in paragraph 156 of the Amended Counterclaims.

## COUNT V

28. Morgan, PC denies the allegations in paragraph 157 of the Amended Counterclaims.

29.     To the extent that the allegations in paragraph 158 of the Amended Counterclaims call for a legal conclusion, no response is required.  Morgan, PC denies the remaining allegations in paragraph 158 of the Amended Counterclaims.

30.     Morgan, PC denies the allegations in paragraph 159 of the Amended Counterclaims.

31.     To the extent that the allegations in paragraph 160 of the Amended Counterclaims call for a legal conclusion, no response is required.  Morgan, PC denies the remaining allegations in paragraph 160 of the Amended Counterclaims.

32.     Paragraph 161 contains a prayer for relief for which no response is required. However, to the extent that a response is required, Morgan, PC denies the allegations in paragraph 161 of the Amended Counterclaims.

## AFFIRMATIVE AND OTHER DEFENSES

Morgan, PC asserts the following affirmative and other defenses without assuming any burden of production or proof that they would not otherwise have.

## FIRST DEFENSE

Counterclaimant Wiswell's claims are barred, in whole or in part, by the applicable limitations periods.

## SECOND DEFENSE

Subject to proof through discovery, Counterclaimant Wiswell's claims are barred, in whole or in part, by the doctrines of laches, estoppel and waiver.

## THIRD DEFENSE

Subject to proof through discovery, Counterclaimant Wiswell's claims are barred, in whole or in part, by the doctrine of unclean hands.

**FOURTH DEFENSE**

Subject to proof through discovery, Counterclaimant Wiswell's claims are barred by her own fraud and/or illegality.

**FIFTH DEFENSE**

Some or all of Counterclaimant Wiswell's claims are barred, in whole or in part, because any alleged wage disparity was justified by a seniority system under the Equal Pay Act, 29 U.S.C. § 206(d).

**SIXTH DEFENSE**

Some or all of Counterclaimant Wiswell's claims are barred, in whole or in part, because any alleged wage disparity was justified by a merit system under the Equal Pay Act, 29 U.S.C. § 206(d).

**SEVENTH DEFENSE**

Some or all of Counterclaimant Wiswell's claims are barred, in whole or in part, because any alleged wage disparity was justified by a system which measures earnings by quantity or quality of production under the Equal Pay Act, 29 U.S.C. § 206(d).

**EIGHTH DEFENSE**

Some or all of Counterclaimant Wiswell's claims are barred, in whole or in part, because any alleged wage disparity was justified by a differential based on any other factor other than sex/gender under the Equal Pay Act, 29 U.S.C. § 206(d).

**NINTH DEFENSE**

Some or all of Counterclaimant Wiswell's claims are barred, in whole or in part, because Counterclaimant's primary job duties were not substantially related and substantially similar in skill, effort, responsibility and working conditions of male employees.

### TENTH DEFENSE

Some or all of Counterclaimant Wiswell's claims are barred, in whole or in part, because she is exempt under the Fair Labor Standards Act, 29 U.S.C. § 213(a)(1).

### ELEVENTH DEFENSE

Some or all of Counterclaimant Wiswell's claims are barred, in whole or in part, because she fits within established exceptions to the Fair Labor Standards Act, 29 U.S.C. § 213(a)(1).

### TWELFTH DEFENSE

Counterclaimant Wiswell failed to mitigate her damages.

### THIRTEENTH DEFENSE

Counterclaimant Wiswell's claims are barred by the doctrine of accord and satisfaction.

### FOURTEENTH DEFENSE

Counterclaimant Wiswell's claims are barred by contributory negligence.

### FIFTEENTH DEFENSE

Counterclaimant Wiswell's claims are barred by recoupment.

### SIXTEENTH DEFENSE

Morgan, PC repeats its preceding defenses as if fully rewritten herein and gives notice that it intends to rely upon and utilize such other defenses as they become available or apparent during the course of discovery and hereby reserve the right to amend its Answer and supplement its defenses.

WHEREFORE, having fully answered the Amended Counterclaims and shown cause why the relief should be denied, Morgan, PC prays that the Court enter a judgment:

1. dismissing the Amended Counterclaims with prejudice;

2. granting to Morgan, PC its costs, including attorneys' fees, incurred in this action; and

3. granting to Morgan, PC such other and further relief as the Court may deem just and proper.

Respectfully submitted,

\_\_\_/s/_____
Manesh K. Rath
D.C. Bar No. 457835
George Brent Mickum, IV
D.C. Bar No. 396142
Keller and Heckman LLP
1001 G Street, N.W., Suite 500 West
Washington, D.C. 20001
Tel: (202) 434-4182
Fax: (202) 434-4646
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I HEREBY certify that on February _____, 2006 a copy of the foregoing was served by CM/ECF software to:

Janice Rockwell, Esq.
121-A North Court Street
Frederick, MD 21701-5415

Counsel for Defendant
Angela Murphy

Roger C. Simmons, Esq.
Victor E. Cretella, III, Esq.
Gordon and Simmons, LLC
603-B West Patrick Street
Frederick, MD 21705-0430

Counsel for Defendant
Susan Wiswell

John F. Hornick, Esq.
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, N.W.
Washington, D.C. 20001-4413

Counsel for Plaintiff
William A. Morgan, Jr., P.C.

_____/s/_____
Manesh K. Rath, Esq.