IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM A. MORGAN, JR., P.C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 1:05cv-1561 |
| ) | |
| SUSAN WISWELL, ) | |
| ANGELA MURPHY, ) | |
| JOHN DOE(S) 1-10, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**ANSWER AND AFFIRMATIVE DEFENSES TO
DEFENDANT ANGELA MURPHY'S COUNTERCLAIMS**

Plaintiff and Counterclaim Defendant William A. Morgan, P.C. ("Morgan, PC"), by and through their attorneys, hereby submits its Answer and Affirmative Defenses to the Defendant and Counterclaimant Angela Murphy ("Counterclaimant Murphy") Answer and Counterclaim ("Counterclaims")(Document No. 11), as follows:

**COUNTERCLAIMS**

1.   Morgan, PC admits the allegations in paragraph 114 of the Counterclaims.

2.   Morgan, PC lacks sufficient knowledge to admit or deny the allegations in paragraph 115 of the Counterclaims, and on that basis denies the allegations as stated.

3.   To the extent that the allegations in paragraph 116 of the Counterclaims call for a legal conclusion, no response is required. Morgan, PC denies the allegations in paragraph 116 of the Counterclaims.

4.      To the extent that the allegations in paragraph 117 of the Counterclaims call for a legal conclusion, no response is required.  Morgan, PC denies the allegations in paragraph 117 of the Counterclaims.

5.      Morgan, PC admits that Morgan, PC is a CPA firm providing accounting and tax services to individuals and businesses in the metropolitan DC Area.  Morgan, PC denies the remaining allegations in paragraph 118 of the Counterclaims.

6.      Morgan, PC lacks sufficient knowledge to admit or deny the allegations in paragraph 119 of the Counterclaims, and on that basis denies the allegations as stated.

7.      Morgan, PC lacks sufficient knowledge to admit or deny the allegations in paragraph 120 of the Counterclaims, and on that basis denies the allegations as stated.

8.      Morgan, PC lacks sufficient knowledge to admit or deny the allegations in paragraph 121 of the Counterclaims, and on that basis denies the allegations as stated.

9.      Morgan, PC lacks sufficient knowledge to admit or deny the allegations in paragraph 122 of the Counterclaims, and on that basis denies the allegations as stated.

10.     Morgan, PC denies the allegations in paragraph 123 of the Counterclaims.

11.     Morgan, PC denies the allegations in paragraph 124 of the Counterclaims.

12.     Morgan, PC denies the allegations in paragraph 125 of the Counterclaims.

13.     Morgan, PC denies the allegations in paragraph 126 of the Counterclaims.

14.     Morgan, PC denies the allegations in paragraph 127 of the Counterclaims.

15.     Morgan, PC denies the allegations in paragraph 128 of the Counterclaims.

16.     Morgan, PC denies the allegations in paragraph 129 of the Counterclaims.

17.     Morgan, PC denies the allegations in paragraph 130 of the Counterclaims.

18.     Morgan, PC denies the allegations in paragraph 131 of the Counterclaims.

19.     To the extent that the allegations in paragraph 132 of the Counterclaims call for a legal conclusion, no response is required.  Morgan, PC denies the allegations in paragraph 132 of the Counterclaims.

20.     Morgan, PC denies the allegations in paragraph 133 of the Counterclaims.

21.     Morgan, PC denies the allegations in paragraph 134 of the Counterclaims.

22.     Morgan, PC denies the allegations in paragraph 135 of the Counterclaims.

23.     Morgan, PC denies the allegations in paragraph 136 of the Counterclaims.

24.     Morgan, PC denies the allegations in paragraph 137 of the Counterclaims.

25.     Morgan, PC denies the allegations in paragraph 138 of the Counterclaims.

26.     Morgan, PC denies the allegations in paragraph 139 of the Counterclaims.

27.     Morgan, PC denies the allegations in paragraph 140 of the Counterclaims.

28.     Morgan, PC denies the allegations in paragraph 141 of the Counterclaims.

29.     Morgan, PC denies the allegations in paragraph 142 of the Counterclaims.

30.     Morgan, PC denies the allegations in paragraph 143 of the Counterclaims.

31.     Morgan, PC denies the allegations in paragraph 144 of the Counterclaims.

32.     Morgan, PC denies the allegations in paragraph 145 of the Counterclaims.

33.     Morgan, PC denies the allegations in paragraph 146 of the Counterclaims.

34.     Morgan, PC denies the allegations in paragraph 147 of the Counterclaims.

**COUNT I**

35.     Per the ORDER issued by this Court, Robertson, J., on February 10, 2006, (Document No. 38) this Count has been dismissed, and is therefore moot.  Morgan, PC denies all of the allegations contained in paragraphs 148 – 152 of the Counterclaims.

**COUNT II**

36.     Per the ORDER issued by this Court, Robertson, J. on February 10, 2006, (Document No. 38) this Count has been dismissed, and is therefore moot. Morgan, PC denies all of the allegations contained in paragraphs 153 – 159 of the Counterclaims.

### COUNT III

37.     Morgan, PC denies the allegations in paragraph 160 of the Counterclaims.

38.     To the extent that the allegations in paragraph 161 of the Counterclaims call for a legal conclusion, no response is required. Morgan, PC denies the allegations in paragraph 161 of the Counterclaims, and specifically avers that it has not violated 29 U.S.C. § 207, or any provisions of the Fair Labor Standards Act.

39.     Morgan, PC denies the allegations in paragraph 162 of the Counterclaims.

40.     Morgan, PC denies the allegations in paragraph 163 of the Counterclaims, and specifically avers that Counterclaimant Murphy is not entitled to liquidated damages and attorneys fees pursuant to 29 U.S.C. § 216(b).

41.     Morgan, PC denies the allegations in paragraph 164 of the Counterclaims, and specifically avers that Counterclaimant Murphy is not entitled to liquidated damages and attorneys fees pursuant to 29 U.S.C. § 216(b).

42.     Paragraph 165 contains a prayer for relief for which no response is required. However, to the extent that a response is required, Morgan, PC denies the allegations in paragraph 165 of the Counterclaims.

### COUNT IV

43.     Morgan, PC denies the allegations in paragraph 166 of the Counterclaims.

44.     To the extent that the allegations in paragraph 167 of the Counterclaims call for a legal conclusion, no response is required.  Morgan, PC denies the allegations in paragraph 167 of the Counterclaims.

45.     Morgan, PC denies the allegations in paragraph 168 of the Counterclaims.

46.     To the extent that the allegations in paragraph 169 of the Counterclaims call for a legal conclusion, no response is required.  Morgan, PC denies the allegations in paragraph 169 of the Counterclaims.

47.     To the extent that the allegations in paragraph 170 of the Counterclaims call for a legal conclusion, no response is required.  Morgan, PC denies the allegations in paragraph 170 of the Counterclaims.

48.     Paragraph 171 contains a prayer for relief for which no response is required. However, to the extent that a response is required, Morgan, PC denies the allegations in paragraph 171 of the Counterclaims.

## AFFIRMATIVE AND OTHER DEFENSES

Morgan, PC asserts the following affirmative and other defenses without assuming any burden of production or proof that they would not otherwise have.

## FIRST DEFENSE

Counterclaimant Murphy's claims are barred, in whole or in part, by the applicable limitations periods.

## SECOND DEFENSE

Subject to proof through discovery, Counterclaimant Murphy's claims are barred, in whole or in part, by the doctrines of laches, estoppel and waiver.

## THIRD DEFENSE

Subject to proof through discovery, Counterclaimant Murphy's claims are barred, in whole or in part, by the doctrine of unclean hands.

### FOURTH DEFENSE

Subject to proof through discovery, Counterclaimant Murphy's claims are barred by her own fraud and/or illegality.

### FIFTH DEFENSE

Some or all of Counterclaimant Murphy's claims are barred, in whole or in part, because she is exempt under the Fair Labor Standards Act, 29 U.S.C. § 213(a)(1).

### SIXTH DEFENSE

Some or all of Counterclaimant Murphy's claims are barred, in whole or in part, because she fits within established exceptions to the Fair Labor Standards Act, 29 U.S.C. § 213(a)(1).

### SEVENTH DEFENSE

Counterclaimant Murphy failed to mitigate her damages.

### EIGHTH DEFENSE

Counterclaimant Murphy's claims are barred by the doctrine of accord and satisfaction.

### NINTH DEFENSE

Counterclaimant Murphy's claims are barred by contributory negligence.

### TENTH DEFENSE

Counterclaimant Murphy's claims are barred by recoupment.

### ELEVENTH DEFENSE

Morgan, PC repeats its preceding defenses as if fully rewritten herein and gives notice that it intends to rely upon and utilize such other defenses as they become available or apparent

during the course of discovery and hereby reserve the right to amend its Answer and supplement its defenses.

WHEREFORE, having fully answered the Counterclaims and shown cause why the relief should be denied, Morgan, PC prays that the Court enter a judgment:

1. dismissing the Counterclaims with prejudice;

2. granting to Morgan, PC its costs, including attorneys' fees, incurred in this action; and

3. granting to Morgan, PC such other and further relief as the Court may deem just and proper.

Respectfully submitted,

\_\_\_/s/_____
Manesh K. Rath
D.C. Bar No. 457835
George Brent Mickum, IV
D.C. Bar No. 396142
Keller and Heckman LLP
1001 G Street, N.W., Suite 500 West
Washington, D.C. 20001
Tel: (202) 434-4182
Fax: (202) 434-4646
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

  I HEREBY certify that on February \_\_\_\_\_, 2006 a copy of the foregoing was served by CM/ECF software to:

Janice Rockwell, Esq.
121-A North Court Street
Frederick, MD 21701-5415

Counsel for Defendant
Angela Murphy

Roger C. Simmons, Esq.
Victor E. Cretella, III, Esq.
Gordon and Simmons, LLC
603-B West Patrick Street
Frederick, MD 21705-0430

Counsel for Defendant
Susan Wiswell

John F. Hornick, Esq.
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, N.W.
Washington, D.C. 20001-4413

Counsel for Plaintiff
William A. Morgan, Jr., P.C.

            _____/s/_____
            Manesh K. Rath, Esq.