**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| WILLIAM A. MORGAN, JR., P.C. )<br>)<br>      Plaintiff, )<br>)<br>v. )<br>)<br>SUSAN WISWELL, et al., )<br>)<br>      Defendants. )<br>_____)| Case No.: 05-cv-1561 |

### COUNTERCLAIM PLAINTIFF ANGELA MURPHY'S MOTION FOR LEAVE TO AMEND COUNTERCLAIM TO INCREASE AD DAMNUM CLAUSE

Pursuant to Fed. R. Civ. P. 15(a), Counterclaim Plaintiff Angela Murphy ("Murphy") hereby moves for leave to amend its counterclaim to increase the amount claimed in the *ad damnum* clause. A copy of Murphy's proposed First Amended Counterclaim is attached as Exhibit 1 to this Motion. In support of this Motion, Murphy states as follows:

1. Murphy filed a counterclaim in this action on September 15, 2005 alleging, in part, that Counterclaim Defendant, William A. Morgan, Jr., P.C. ("Morgan") failed to pay Murphy payments, including overtime payments, to which she was entitled under the Fair Labor Standards Act and District of Columbia statutory law.

2. At the time the Counterclaim was drafted, Murphy estimated that the damages on these claims were approximately $50,000.00, plus interest, attorney's fees and costs and thus requested relief in this amount in the *ad damnum* clauses of Counts III and IV of the counterclaim.

3. Based on information now known and expected discovery, Murphy estimates that damages on these claims could be as high as $100,000.00, plus interest, attorney's fees and costs and seeks this Court's permission to amend the *ad damnum* clause of the Counterclaim accordingly.

4.  Pursuant to Fed. R. Civ. P. 15(b), this amendment would fall under the definition of an amendment necessary to cause the pleadings to conform to the evidence. Such amendments "may be made upon motion of any party at any time, even after judgment . . .." Fed. R. Civ .P. 15(b). The rule further provides: "If evidence is objected to at the trial on the grounds that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice the party in maintaining the party's action or defense upon the merits." Fed. R. Civ. P. 15.

5.  Accordingly, an amendment of an *ad damnum* clause simply to increase the amount of damages claimed would seem to be the type of amendment that could be made at trial to conform to the evidence presented. In an abundance of caution, Murphy desires to amend her counterclaim at this time so Morgan will have plenty of notice of the possible extent of the damages claimed.

6.  Pursuant to Local Rule 7(m), Murphy's undersigned counsel discussed the anticipated motion with the attorney for Defendant, Susan Wiswell ("Wiswell") and attorneys for Plaintiff/Counterclaim Defendant, William A. Morgan, Jr., P.C. in a good faith effort to determine whether there is any opposition to Murphy's motion. On February 24, 2006, Victor Cretella, attorney for Wiswell advised that he consented to the motion. On February 24, 2006, undersigned counsel left a telephone message with Morgan's attorney, Manesh Rath, requesting a return call about a proposed amendment. On February 28, 2006, undersigned counsel left a telephone message with Morgan's attorney, Timothy Lemper, requesting a return call about consenting to a proposed amendment - the amendment had been discussed generally during a February 14, 2006 telephone

conversation between undersigned counsel and Mr. Lemper. On March 1, 2006, undersigned counsel spoke to Mr. Lemper about this motion and stated she desired to file it that day or the next day. Timothy Lemper advised that he would get back to undersigned counsel on whether they objected to the motion. On March 2, 2006, undersigned counsel placed a call to Timothy Lemper and left a message that she was going to file the motion today and wanted to include Morgan's response in the motion. Mr. Lemper informed undersigned counsel that they had not reached a decision as to whether they would oppose the motion. As of the filing of this motion, undersigned counsel had not received a response from Mr. Rath.

7. Murphy's motion is timely filed and will not unduly prejudice Morgan or Wiswell. No compelling reason exists to deny the motion. Fed. R. Civ. P. 15 provides that leave to amend a pleading shall be freely given when justice so requires. Given the nature of the amendment sought, leave to amend Murphy's Counterclaim to increase the *ad damnum* clause should be freely given.

For the foregoing reasons, Counterclaim Plaintiff, Angela Murphy requests this Court to grant her Motion for Leave to Amend Counterclaim.

Respectfully Submitted

/s/
Janice B. Rockwell, Esquire
U.S. District Court for the District of Columbia
Bar No. MD04814
121-A North Court Street
Frederick, MD 21705
(301) 631-0900

Attorney for Defendant/Counterclaim Plaintiff,
Angela Murphy

**CERTIFICATE OF SERVICE**

I HEREBY certify that on March 2, 2006, the following persons were served by the CM/ECF software: John F. Hornick, Esquire and Timothy A. Lemper, Esquire, Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P., 901 New York Avenue, N.W., Washington D.C. 20001-4413, attorneys for Plaintiff; Manesh K. Rath, Esquire, Keller and Heckman, LLP, 1001 G Street, N.W., Suite 500 West, Washington, D.C. 20001, attorney for Plaintiff; and Roger C. Simmons, Esquire and Victor E. Cretella, III, Esquire, 603B West Patrick Street, Frederick, MD 21705, attorneys for Defendant/Counterclaim Plaintiff, Susan Wiswell.

/s/
Janice B. Rockwell, Esquire

F:\Documents\word perfect\Server\WPDOCS\CLIENTS\MURPHY\DC District Court\Motion for Leave to Amend Counterclaim 3-2-06.wpd