IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM A. MORGAN, JR., P.C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 1:05cv-1561 |
| ) | |
| SUSAN WISWELL, ) | |
| ANGELA MURPHY, ) | |
| JOHN DOE(S) 1-10, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**PLAINTIFF WILLIAM A. MORGAN, JR., P.C.'S
MEMORANDUM IN SUPPORT OF MOTION TO RECONSIDER ORDER
AND REDUCE AD DAMNUM CLAUSE**

Plaintiff, William A. Morgan, Jr., P.C. ("Morgan PC"), by and through undersigned counsel, submits the following Memorandum in Support of Morgan PC's Motion to Reconsider the minute order issued on March 3, 2006 and reduce the *ad damnum* clauses in the counts to Defendant Angela Murphy's ("Murphy") counterclaim.

**PROCEDURAL HISTORY**

On August 3, 2005, Plaintiff Morgan PC filed a Motion for Temporary Restraining Order and Preliminary Injunction in this Court. That same day, Morgan PC also filed a Verified Complaint in this Court, alleging nine original causes of action against Murphy, Wiswell, and John Doe(s) 1–10.

On September 15, 2005, Murphy filed her Answer and Counterclaim in this court. (Document No. 11). In addition to responding to the Verified Complaint and raising affirmative defenses, Murphy also filed a Counterclaim alleging four separate causes of action: Defamation

(Count I); Intentional Infliction of Emotional Distress (Count II); Fair Labor Standards Act Claim (Count III); and Violation of D.C. Code Ann. § 32-108 (Count IV).

Pursuant to Fed. R. Civ. P. 12(b)(6), Morgan PC filed a Motion to Dismiss all four counts of Murphy's counterclaim. (Document No. 14). On February 2, 2006, Morgan PC also filed a Motion for Leave to Amend Complaint and Join Defendant. (Document No. 36). On February 10, 2006, this Court entered an Order dismissing Counts I and II of Murphy's counterclaim. (Document No. 38). In the same Order issued on February 10, 2006, this Court denied Morgan PC's Motion for Leave to Amend Complaint and Join Defendant. (Document No. 38). On February 24, 2006, Morgan PC filed a timely Answer and Affirmative Defenses to the remaining counts in Murphy's counterclaim. (Document No. 40).

Murphy filed a Motion for Leave to File First Amended Counterclaim on March 2, 2006. (Document No. 41). On March 3, 2006, this Court entered a Minute Order granting Murphy's Motion for Leave to file the First Amended Counterclaim, which significantly amended the *ad damnum* clauses in both of Murphy's remaining counts.

## ARGUMENT

**I.   Morgan PC was not provided an opportunity to oppose Murphy's Motion for Leave to Amend.**

Under Local Civil Rule 7(b), parties may serve and file a memorandum of points and authorities in opposition of a Motion within eleven days. Murphy filed her Motion for Leave to Amend on March 2, 2006. (Document No. 41). Thus, under the local rules, Morgan PC had until March 13, 2006 to file a memorandum in opposition to Murphy's Motion. However, the Court entered a minute order granting the Motion on March 3, 2006, ten days before an opposition memorandum was due under the local rules.

For the reasons set forth below, Morgan PC believes that the Motion should not have been granted because it is prejudicial to Morgan PC, and that the Court should reconsider its minute order granting the Motion for Leave to Amend.

## II.     Murphy's Motion for Leave to Amend is prejudicial to Morgan PC and should not have been granted.

Murphy's Motion to Amend the Answer should be denied because at this late hour it would be prejudicial to the Morgan PC.  Under Federal Rule of Civil Procedure 15(a), it is well-settled that Motions for Leave to Amend shall not be granted where it would cause undue prejudice or delay to the nonmoving party.  *See Foman v. Davis*, 371 U.S. 178, 182-83 (1962) ("In the absence of any apparent or declared reason--such as *undue delay*, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, *undue prejudice to the opposing party by virtue of allowance of the amendment*, futility of amendment, etc.--the leave sought should, as the rules require, be 'freely given.'") (emphasis added); *see also Mississippi Ass'n of Cooperatives v. Farmers Home Admin.*, 139 F.R.D. 542, 543 (D.D.C. 1991) ("Consequently, leave to amend is to be granted absent bad faith, dilatory motive, undue delay, … *or prejudice on the non-moving party*.") (emphasis added) (citations omitted).  The grant or denial of an opportunity to amend is within the district court's discretion.  *Foman v. Davis*, 371 U.S. at 182.

Granting Murphy's motion is prejudicial to Morgan PC.  Six months have passed since the original counterclaims were filed, and the parties are less than two months away from trial.  The final pretrial conference is April 20, 2006 and the jury trial is May 1, 2006.  Murphy's attempt to amend her damage claims, originally filed in September, 2005, creates a "moving target" for Morgan PC in mounting a defense to Murphy's remaining claims.  The parties have already engaged in an extensive amount of discovery.  Indeed, Morgan PC has already issued

Admissions, Interrogatories, and four sets of Document Requests to Murphy based on her previous claims.

Furthermore, the parties have already participated in extensive settlement discussions and mediation based of Murphy's previous *ad damnum* clauses in counterclaim. Allowing Murphy to amend her damage claims would be a waste of judicial resources after the parties have already participated in mediation based on the original damages.

Murphy did not offer any facts to support her Motion for Leave to Amend. Given the prejudice that her proposed amendment would cause, Murphy must make some showing that she could not have filed these new allegations earlier. Murphy alleged that she sought to amend based on "information now known and expected discovery." (Motion at ¶ 3) Being that Murphy filed her Motion for Leave to Amend before any discovery responses were served by Morgan PC, it is unclear how Murphy based her Motion on "information now known" that was not available to her in September, 2005. Because at the time she filed her Motion to Amend she had not received any discovery, any "information now known" should have been known to her in September, 2005.

Finally, it would be prejudicial to allow Murphy to amend her complaint after this Honorable Court has already issued an Order denying Plaintiff's Motion for Leave to Amend (Document No. 38) While we have not received a transcript from the hearing, it is Morgan PC's recollection that the Court denied Morgan PC's Motion for Leave to Amend because it would have been prejudicial at such a late date. Now that the parties are three weeks closer to trial, it stands to reason that granting a Motion for Leave to Amend would be just as prejudicial to the parties, if not more.

## CONCLUSION

For the foregoing reasons, Plaintiff Morgan PC respectfully requests that the Court reconsider its minute order granting Murphy leave to file an Amended Complaint, and deny Murphy's Motion to Amend because it would be prejudicial at this late stage in the litigation.

Respectfully submitted,


\_\_/s/_____
Manesh K. Rath
D.C. Bar No. 457835
George Brent Mickum, IV
D.C. Bar No. 396142
Keller and Heckman LLP
1001 G Street, N.W., Suite 500 West
Washington, D.C. 20001
Tel: (202) 434-4182
Fax: (202) 434-4646
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY certify that on March 8, 2006 a copy of the foregoing was served by CM/ECF software to:

Janice Rockwell, Esq.
121-A North Court Street
Frederick, MD 21701-5415

Counsel for Defendant
Angela Murphy

Roger C. Simmons, Esq.
Victor E. Cretella, III, Esq.
Gordon and Simmons, LLC
603-B West Patrick Street
Frederick, MD 21705-0430

Counsel for Defendant
Susan Wiswell

John F. Hornick, Esq.
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, N.W.
Washington, D.C. 20001-4413

Counsel for Plaintiff
William A. Morgan, Jr., P.C.

                                                                                                     _____/s/_____
                                                                                                       Manesh K. Rath, Esq.