**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| WILLIAM A. MORGAN, JR., P.C. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 05-CV-1561 |
| ) | |
| SUSAN WISWELL, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**COUNTERCLAIM PLAINTIFF MURPHY'S OPPOSITION
TO COUNTERCLAIM DEFENDANT MORGAN'S MOTION
TO RECONSIDER ORDER AND REDUCE AD DAMNUM CLAUSE**

Pursuant to Local Rule 7(b), Defendant/Counterclaim Plaintiff Angela Murphy ("Murphy" or "Counterclaim Plaintiff") opposes the motion to reconsider filed by Plaintiff/ Counterclaim Defendant William A. Morgan, Jr., P.C. ("Morgan" or "Counterclaim Defendant"). For the reasons more fully explained below, Morgan's motion should be denied.

1. On March 2, 2006, Murphy filed a motion for leave to amend her counterclaim to increase the *ad damnum* clause based on her expectation that the documents would support damages in a higher amount than that originally claimed in her counterclaim. Murphy incorporates by reference herein her motion, entitled Counterclaim Plaintiff Angela Murphy's Motion for Leave to Amend Counterclaim to Increase *Ad Damnum* Clause.

2. Counterclaim Plaintiff, Susan Wiswell's attorney advised that Wiswell consented to the motion. Despite undersigned counsel's telephone calls to Counterclaim Defendant Morgan's

counsel, and several conversations with Counterclaim Defendant's counsel, Timothy Lemper, Mr. Lemper neither consented to nor opposed the motion to amend. On March 3, 2006, this Court entered a minute order granting Murphy's motion to amend the *ad damnum* clause. On March 8, 2006, Morgan filed its motion to reconsider the Court's order alleging that Morgan will be prejudiced by an increase in the *ad damnum* clause.

3. In support of its claim of prejudice, Morgan states that the parties have already engaged in an extensive amount of discovery and that the parties have participated in mediation based on the original damages. Both statements are misleading at best. While the parties had engaged in an extensive amount of discovery, most of the discovery had been propounded by Morgan and pertained to its claims against the Defendants. Indeed, the Court recently ruled on Morgan's motion to dismiss the counterclaims on February 10, 2006. Prior to this ruling, Morgan had successfully argued to this Court that Defendants' attempts to engage in discovery related to the counterclaims were premature.

4. Murphy served document requests on Morgan, the response to which, including the actual production of documents, was due on March 3, 2006. These document requests included requests for timesheets which will enable Murphy to better calculate her damages on her wage and hour claims. Morgan objected to this request, and it was not until March 17, 2006, after engaging in telephone conference calls between counsel and with Judge Robertson, that undersigned counsel received what appear to be the timesheets from Morgan (and some are still missing) that will allow a proper calculation of damages. Thus, the party who has been prejudiced by recent litigation events is Murphy; Morgan has had the timesheets from which Murphy's damages could be calculated all

along. As Murphy's employer, it is natural that Morgan would have this information, and in fact Morgan has a legal obligation to retain this information.

5. As to Morgan's statement that the parties have already participated in mediation based on the original damages, the parties had not engaged in discovery on the counterclaims at the time of the mediation; however, the damages addressed in mediation were based on Murphy's estimates of the damages now being claimed in the amended *ad damnum* clause. Murphy even presented a breakdown of the estimated sum she was claiming, including an explanation of the calculations used at arriving at that estimate. Thus, in addition to always having the documents from which its exposure could be calculated, Morgan was told by Murphy the damages she was claiming in December, 2005. The actual damages cannot be calculated until the timesheets are examined. Morgan likely has already completed this analysis.

6. Morgan has not been prejudiced by an increase in the *ad damnum* clause of Murphy's counterclaim. There is no information that Morgan is unable to obtain due to the increase in the *ad damnum* clause. As noted above, it is Morgan, not Murphy, who has always possessed the information needed to calculate Morgan's exposure. The exercise that Morgan must go through to calculate its damage exposure is the same as it has always been. Murphy's depositions are scheduled to take place this week and early April; thus, Morgan has lost no opportunity to question Murphy about her claims. If anything, Murphy has been prejudiced by Morgan's failure to produce the documents in a timely manner, thereby hampering Murphy's ability to analyze the documents prior to her deposition of Morgan next week.

For the foregoing reasons, Counterclaim Plaintiff, Angela Murphy requests that this Court

deny Counterclaim Defendant, William A. Morgan, Jr., P.C.'s Motion to Reconsider Order and Reduce *Ad Damnum* Clause.

        Respectfully Submitted,

/s/
Janice B. Rockwell, Esquire
U.S. District Court for the District of Columbia
Bar No. MD04814
121-A North Court Street
Frederick, MD 21705
Phone: (301) 631-0900
Fax: (301) 631-0997

Attorney for Defendant/Counterclaim Plaintiff,
Angela Murphy

## CERTIFICATE OF SERVICE

I HEREBY certify that on March 20, 2006, the following persons were served by the CM/ECF software: John F. Hornick, Esquire and Timothy A. Lemper, Esquire, Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P., 901 New York Avenue, N.W., Washington D.C. 20001-4413, attorneys for Plaintiff/Counterclaim Defendant; Manesh K. Rath, Esquire, Keller and Heckman, LLP, 1001 G Street, N.W., Suite 500 West, Washington, D.C. 20001, attorney for Plaintiff/Counterclaim Defendant; and Roger C. Simmons, Esquire and Victor E. Cretella, III, Esquire, 603B West Patrick Street, Frederick, MD 21705, attorneys for Defendant/Counterclaim Plaintiff, Susan Wiswell.

/s/
Janice B. Rockwell, Esquire

C:\Documents\word perfect\Server\WPDOCS\CLIENTS\MURPHY\DC District Court\Opposition to Motion to Reconsider 3-20-06.wpd